IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Criminal No. 4:18CR00011-01 |
| | ) | |
| MARCUS JAY DAVIS, | ) | |
|     Defendant. | ) | |

## **MOTION FOR INIDIVIDUAL AND SEQUESTERED VOIR DIRE**

      NOW COMES the Defendant, Marcus Jay Davis, by and through counsel, and hereby respectfully requests this Court to allow counsel to voir dire the prospective jurors individually, separate and apart each from the other, and to sequester the jurors from the courtroom during the voir dire. Such a procedure is necessary in order to prevent the jury panel from hearing questions being asked individual jurors with regard to sensitive areas, such as pre-trial publicity, experience with violent crimes, and impermissible biases regarding street gangs, drug-trafficking, and race.

    The United States Supreme Court has held that the trial court is afforded great latitude and discretion in structuring the method in which voir dire will be

conducted. *Mu'Min v. Virginia*, 500 U.S. 415, 422 (1991). However, the purpose of voir dire is to select a fair and impartial jury for the Defendant. Although the Defendant does not have a constitutional right to individual voir dire, such a procedure is best designed to achieve the objective of eliminating biased jurors and ensuring that the Defendant's Sixth Amendment right to an impartial jury will be honored.

Collective voir dire of jurors in panels as to their familiarity with the crime, the victims, or the prior legal proceedings in this case, will educate all jurors to prejudicial and incompetent material, thereby rendering it impossible to select a fair and impartial jury.

The issues in the case require that the voir dire include sensitive and potentially embarrassing questions exploring the prospective jurors' experience, knowledge, biases or prejudices in reference to pre-trial publicity, street gangs, drug trafficking, prior experience with violent crime, and race. Having collective voir dire on these selected subjects runs the risk of tainting jurors who might hear prejudicial comments from other jurors. Unless individual voir dire is allowed, the answers of some jurors might be tainted by being exposed to their fellow venireperson's answers and by seeing which answers result in persons being

2

dismissed from jury service. Collective voir dire of jurors concerning every subject will preclude the candor and honesty on the part of jurors which is necessary in order for counsel to exercise intelligently their peremptory challenges, as well as challenges for cause.

The United States Supreme Court has held that a juror with a preconceived opinion about a criminal case is entitled to sit on a jury only if this opinion can be set aside. *Irvin v. Dowd*, 366 U.S. 717, 722-23 (1961). Thus, a potential juror who has formed an opinion about Defendant's case and who is unable to set that opinion aside should be excluded. During questioning, large group voir dire increases the opportunity for a prospective juror's potential bias to render the jury unfair by inhibiting honest responses. Individual or small group voir dire would provide a more reliable setting to question jurors about possible biases and ensure the Defendant's right to a fair and impartial jury.

In order to achieve the objective of an impartial jury, potential jurors must be able to answer the court's and counsel's inquiries honestly and truthfully. Psychological research on juror questioning and responses has found that when questioned in a large group, jurors quickly learn which responses will disqualify them and which responses will allow them to serve. Neal Bush, <u>The Case For</u>

Expansive *Voir Dire*, 2 Law and Psychol. Rev. 9, 20 (1976). After jurors learn which responses disqualify, they are more likely to withhold the disqualifying information. Based on this concern, and the serious nature of the charges against the Defendant, the procedure of individual and sequestered voir dire is essential to obtaining honest responses from jurors.

Collective voir dire of jurors could expose all jurors to prejudicial and incompetent material from such publicity, thereby rendering it impossible to select a fair and impartial jury in violation of the 6th Amendment to the Constitution of the United States.

Wherefore, the Defendant respectfully moves the Court to grant this motion and permit individual and sequestered voir dire. This will prevent one venireperson's answer(s) to taint the entire venire.

Respectfully submitted,

Marcus Jay Davis

By: s/*Anthony F. Anderson*
      Counsel for Defendant

By: *s/Beverly M. Davis*
      Counsel for Defendant

4

Anthony F. Anderson, VSB #21345          Beverly M. Davis, VSB # 33784
Melissa W. Friedman, VSB #27277          Davis, Davis & Davis, Attorneys
Anderson & Friedman                      519 Second Street
P. O. Box 1525                           Radford, Virginia 24141
Roanoke, Virginia  24007                 (540) 639-9095
(540) 982-1525                           540-639-9095 (fax)
(540) 982-1539 (fax)                     bevdavis@davisattys.com
afa@afalaw.com

## CERTIFICATE OF SERVICE

        I hereby certify that this 1st day of April, 2019, I electronically filed the foregoing Motion for Individual and Sequestered with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record including the following:

Heather L. Carlton, Esquire, AUSA
Ronald Mitchell Huber, Esquire, AUSA
United States Attorney's Office
Charlottesville
255 West Main Street, Room 130
Charlottesville, Virginia 22901
434-293-4283
heather.carlton@usdoj.gov
ron.huber@usdoj.gov

                                                 s/*Anthony F. Anderson*
                                                 Anthony F. Anderson
                                                 Anderson & Friedman
                                                 1102 Second Street, S. W.
                                                 P. O. Box 1525
                                                 Roanoke, Virginia  24007
                                                 (540) 982-1525
                                                 (540) 982-1539 (fax)
                                                 afa@afalaw.com

5

6