IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 4:18-cr-00011 |
| ) | |
| MARCUS JAY DAVIS ) | |
| *Et al.* ) | |

## UNITED STATES' OMNIBUS OPPOSITION TO SEVERANCE MOTIONS

The United States respectfully opposes defendants Marcus Davis's ("Davis") and Ashley Ross's ("Ross") Motions to Sever. ECF Nos. 387, 389. Both defendants seek severance from their co-conspirators, arguing generally that joinder with the remaining defendants at trial would be prejudicial to them. Neither defendant meets the high burden for severance, especially in a case encompassing a racketeering conspiracy, and thus their motions should be denied. As grounds for this opposition, the United States asserts the following legal arguments:

### Factual and Procedural Background

As the Court has read in various Statements of Fact, Davis was the leader of the Rollin 60s Crips street gang ("Rollin 60s") in Danville, Virginia. In fact, as the "Big Homie," Davis formed the Rollin 60s in 2015 and recruited his charged co-conspirators to join the gang. Davis called meetings, gave orders, sold drugs, and directly participated in at least one attempted murder, all to further the gang.

Ross is alleged to be a member or associate of the Rollin 60s. As the Court has read in other pleadings and various Statements of Facts, and will hear at trial, Ross assisted gang members

1

in various ways, such as driving members to and from the locations of attempted murder, storing firearms, and facilitating drug sales.

The United States further alleges that, in the summer of 2016, members of the Milla Bloods street gang and the Rollin 60s "tied the flag" in order to facilitate their criminal activities in the Danville, Virginia area.[1] Such concerted action included the attempted murders of the "Philly Boys" at North Hills Court on June 15, 2016 outside Ross's apartment,[2] and the later attempted murder of Justion Wilson and murder of Christopher Motley at North Hills Court on August 20, 2016, again outside of Ross's apartment. The planning for the murder occurred inside Ross's North Hills apartment, and at least two shooters fired from her living room window. After the murder, Ross helped clean up the crime scene so that she and others could avoid detection by law enforcement. Ross is also alleged to have lied to a federal grand jury as part of the investigation into this case.

The "tying of the flags" was also discussed at a meeting on the day of or in the days immediately before the Motley murder, at Davis's mother's residence. Importantly, at that meeting, Davis ordered the "greenlight" to kill opposing gang members, an order which directly led to the Motley murder later that day.

On June 11, 2018, a federal Grand Jury indicted members of the Rollin 60s Crips street gang, the Milla Bloods street gang, and gang associates on violations of Title 18, United States Code, Section 1962 (Racketeer Influenced and Corrupt Organizations Act); Title 18, United States Code, Section 1959 (Violent Crimes in Aid of Racketeering), and a variety of other charges,

---

[1] "Tied the flag" is a gang expression for uniting or conspiring together.

[2] Ross allowed one individual to fire from her living room window.

2

Case 4:18-cr-00011-MFU-RSB   Document 400   Filed 04/11/19   Page 2 of 7   Pageid#: 1444

including obstruction-related offenses. These cases are captioned *United States v. Davis*, 4:18-cr-11, and *United States v. Anthony et al.*, 4:18-cr-12. The Grand Jury issued a First Superseding Indictment in *United States v. Davis et al*, 4:18-cr-11, on November 6, 2018. Both Davis and Ross are charged in Count 1 of that indictment.

## Legal Argument

The defendants have not met, nor can they, the burden of proving improper joinder or that their joinder to their co-conspirators has caused "actual prejudice" to them. In their motions, the defendants simply contend that their joinder would unfairly prejudice them. Because the defendants do not meet the very high severance standard their motions must be denied.[3]

Rule 8(b) of the Federal Rules of Criminal Procedure provides that

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P 8(b). Rule 14 permits severance where the joinder of offenses or defendants would prejudice a defendant. Fed. R. Crim. P. 14(a). However, the Fourth Circuit "adhere[s] to the general principle that when defendants are indicted together, they should be tried together." *United States v. Singh*, 518 F.3d 236, 255 (4th Cir.2008) (*citing United States v. Strickland*, 245 F.3d 368, 384 (4th Cir.2001)). "Joint trials are more efficient, and 'generally serve the interests of justice by avoiding the ... inequity of inconsistent verdicts.'" *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Therefore, when an indictment properly has joined two or more defendants

---

[3] Both defendants filed their motions three days past the filing deadline set by the Court in its Third Amended Scheduling Order, which requires the filing of motions twenty-days before a set status hearing. ECF No. 364, ¶¶ 7b, 8. As such, their motions should be stricken.

under the provisions of Rule 8(b), severance pursuant to Rule 14 is rarely granted. *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012).

Under these circumstances, severance generally is granted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). For a court to sever a trial, the defendant bears the burden of "establish[ing] that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir.1995) (internal citation, quotation mark, and alteration omitted).

At the outset, neither Davis nor Ross contend that their joinder in the First Superseding Indictment is improper, only that they should not be tried with their co-defendants. The Supreme Court has held that, unless "a miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. *Richardson*, 481 U.S. at 206-11.

Moreover, the Fourth Circuit has repeatedly rejected the two bases Davis and Ross assert for severance. First, the defendants contend that they are only charged in some of the counts and not all of the indictment. However, Rule 8(b) specifically permits joinder of defendants under these circumstances, *see* Fed. R. Crim. P. 8(b), and the difference in charges from co-defendant to co-defendant can include a variety charges, including capital and non-capital offenses. *E.g.*, *United States v. Lighty*, 616 F.3d 321, 351 (4th Cir. 2010) (*discussing Buchanan v. Kentucky*, 483 U.S. 402, 415–20 (1987)). Neither defendant details any actual prejudice from this charging structure. *See also United States v. Becker*, 585 F.2d 703, 707 (4th Cir.1978) ("Speculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in

4

denying a motion for severance.").

Nor is severance appropriate because the evidence against one or more defendants is stronger, or more inflammatory, than the evidence against other defendants. *Dinkins*, 691 F.3d at 368-69 (permitting charges against head of gang and other gang members although not all defendants charged with murder). To the extent the defendants fear a "spillover effect," the issue can be cured by limiting instructions. *E.g., United States v. Najjar*, 300 F.3d 466, 475 (4th Cir. 2002).

Finally, "joinder is highly favored in conspiracy cases, over and above the general disposition [supporting] joinder for reasons of efficiency and judicial economy." *United States v. Tedder*, 801 F.2d 1437, 1450 (4th Cir.1986). *See also Dinkins*, 691 F.3d at 368; *United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999) (noting that courts generally "adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly"). This is especially true here, where the defendants are both charged with racketeering conspiracy. In a RICO conspiracy, the government must prove that there was an enterprise and that the defendant and her co-conspirators committed certain racketeering. *United States v. Cornell*, 780 F.3d 616, 621 (4th Cir. 2015). By the nature of the charge itself, there will be evidence against the various co-conspirators that does not involve the defendants and vice versa. Even if the defendants were severed from their fellow gang members and tried separately, there would still be evidence admitted to prove up the enterprise and the required RICO conspiracy elements that does not directly involve Davis and Ross. Severance does not cure that issue in a case such as this. The Fourth Circuit has repeatedly – and very recently – rejected severance motions in RICO cases involving arguments very similar to those asserted here by Davis and Ross. *See United States v.*

5

*Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018) (upholding denial of severance where murderers and non-murders indicted together in racketeering conspiracy); *United States v. Chavez*, 894 F.3d 593, 605 (4th Cir. 2018) (rejecting argument that severance necessary where trial included evidence of violent racketeering activity in which defendant was not directly involved). Recognizing the legal mountain they face, neither Davis nor Ross cite to any case law supporting their motions or their arguments.[4]

THEREFORE, the United States respectfully opposes the motions to sever by defendants Marcus Davis and Ashley Ross and asks this Court to DENY those motions.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel: 434.293.4283

---

[4] In fact, virtually none of Ross's motion addresses the issue of severance and instead simply serves as a vehicle to disparage the United States, including accusing the United States of indicting Ross and her co-defendants because of their race. Notably, the motion contains multiple, material misrepresentations and factual inaccuracies, which the United States assumes are inserted into the motion in order to rile the Court. For example, in paragraph 3, the defendant states that there was "considerable debate within DOJ regarding whether she should have been indicted at all." This is untrue. Not only was Ross indicted, but the Department of Justice approved that she be indicted with special sentencing factors that extend her potential sentence up to life in prison – a sentencing enhancement that it did not approve for two of her co-defendants. More importantly, in paragraph 7, the defendant substantially misrepresents the plea offer that has been extended to her by the United States. Because a miscommunication of a plea offer can jeopardize any conviction, the United States asks the Court for a separate hearing on April 19 with Ross and her counsel so that it can place the plea offer on the record to help eliminate any future litigation regarding this issue.

Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov
newmamj@danvilleva.gov

DATED: April 11, 2019

# **C E R T I F I C A T E**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 11th day of April 2019.

s/Heather L. Carlton
Assistant United States Attorney

7

Case 4:18-cr-00011-MFU-RSB   Document 400   Filed 04/11/19   Page 7 of 7   Pageid#: 1449