IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-cr-00011-01 |
| | ) | |
| MARCUS JAY DAVIS | ) | |
| | ) | |

**UNITED STATES' REPLY TO DEFENDANT MARCUS DAVIS' OBJECTION TO THE UNITED STATES' SECOND DEMAND FOR NOTICE OF ALIBI AND DEFENDANT'S MOTION FOR AN ORDER THAT HE IS NOT REQUIRED TO RESPOND TO SUCH NOTICE**

On June 28, 2019, the United States filed a Second Demand for Notice of Alibi in the above-styled matter. (ECF No. 524). This Demand for Notice of Alibi was limited to offenses alleged in counts Ten (VICAR murder of Christopher Motley) and Twelve (VICAR attempted murder of Justion Wilson) both of which occurred on August 20, 2016. Specifically, the Demand was limited to a two-hour period (from 12 p.m. to 2 p.m.) on August 20, 2016, during which a meeting took place at 124 Forest Lawn Drive, Danville, Virginia, which is the home of Davis's mother. At this meeting, Davis – who was the head of the Rollin 60s Crips in Danville -- directly authorized and encouraged the killing of rival gang members and its leadership. Davis filed an objection to the United States' alibi demand. (ECF No. 546.) For the reasons set forth below, the United States requests that Defendant Davis's objection be overruled and he be required to furnish the United States with a written notice of his intention to offer an alibi defense, in compliance with Rule 12.1 of the Federal Rules of Criminal Procedure (FRCP), within fourteen (14) days of the Court's ordering him to do so.

1

Davis's objection centers around his argument that the United States' Notice of Demand fails to comply with FRCP Rule 12.1, and therefore he is not obligated to comply with the Demand. (ECF No. 547). Specifically, Davis argues that the United States' demand fails to comply with Rule 12.1.1(a)(1) insofar as it seeks an alibi for a time that is not the exact "time" of the alleged offense and for a location that was not the exact "place" of the murder. (Id.).[1]

FRCP 12.1 requires that a Notice of Demand for Alibi by the United States must state the time, date, and place of the alleged offense. (FRCP 12.1(a)(1)). The alleged offense, Davis argues, is the evening of August 20, 2016 at approximately 10:27 p.m. when Christopher Motley and Justion Wilson were ambushed and not during a planning meeting that took place in the afternoon prior to the shooting. (Id. at 1-2). Davis further argues that the location of the alleged offense was somewhere other than 124 Forest Lawn Drive in Danville, which is identified in the Notice of Demand. (ECF No. 547 at 2). Davis concludes that because the planning meeting was not part of the murder and the location of the murder was not the same as noted on the Notice for Demand, he cannot be required to furnish a notice of his intention to offer an alibi for that timeframe and location. Id. The United States disagrees.

Davis oversimplifies the charges against him.   As witness after witness has now informed this Court under oath, the offenses alleged in counts Ten and Twelve of the First Superseding Indictment began at the planning meeting at 124 Forest Lawn, in Danville, the home of Davis's mother. It was during this meeting that Davis – the alleged head of the Rollin 60s Crips -- gave the "greenlight" to kill rival gang members and its leadership. Davis's directive directly led to Motley's murder later that same day and is critical to establishing his criminal

---

[1]    The United States' alibi demand for Davis only asks for the two-hour window of time on August 20, 2016.

2

culpability (e.g., premedication, intent, and knowledge). The United States essentially charges the defendant with aiding and abetting premediated murder; by its nature, premeditation requires some form of planning – which the United States alleges occurred at Davis's mother's house sometime between 12 noon and 2 p.m. on August 20, 2016 (as well as later that evening at Defendant Ashley Ross's apartment).  That planning and premeditation is part of the charged offenses in Counts Ten and Twelve, but also part of the Count One RICO Conspiracy charge.  If Davis wants to assert that he was not present for part of the planning for this charged murder, FRCP 12.1 gives the United States the right to know that fact prior to trial.

Because what happened during the planning meeting was part of the alleged offense, the United States' Demand for Notice meets the requirements of FRCP 12.1. The Demand is limited to a two-hour window (i.e. 12 noon to 2:00 p.m.) as the exact time of the meeting is unclear. As noted in *United States v. Vela*, 673 F.2d 86 (5th Cir. 1982), and as the defendant himself acknowledges in his motion, many crimes are committed over a long period of time, and it is permissible for the prosecution to seek a notice of alibi with regard to the discrete temporal aspect of the crime charged. This is the case in the instant matter, where Davis has been charged as the head of a conspiracy, whose conspirators plotted and planned the murder contained in the First Superseding Indictment.   Accordingly, Davis's objection should be overruled.

WHEREFORE, the United States respectfully requests that defendant Marcus Jay Davis be required to respond to the Second Notice of Demand for Alibi filed by the United States within fourteen days of the Court's Order directing him to do so.

Respectfully submitted,

THOMAS T. CULLEN

3

        United States Attorney

        s/Ronald M. Huber
        Ronald M. Huber, VSB No. 31135
        Heather L. Carlton, VSB No. 84752
        Assistant United States Attorneys
        United States Attorney's Office
        255 West Main Street, Room 130
        Charlottesville, VA 22902
        Tel: 434.293.4283
        Heather.carlton@usdoj.gov
        Ron.huber@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing opposition has been electronically filed with the Clerk by CM/ECF system which will send notification of such filing to all counsel for defendant Marcus Jay Davis, on this 24th day of July.

        s/Ronald M. Huber
        Assistant United States Attorney