IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-CR-00011 |
| | ) | |
| MARCUS JAY DAVIS, et al. | ) | |

**GOVERNMENT'S RESPONSE TO THE**
**COURT'S PROPOSED FINAL DRAFT JUROR QUESTIONNAIRE**
**AND RESPONSE TO THE OBJECTIONS FILED BY DEFENDANTS**

The United States of America, by counsel, respectfully provides this response to the Court's Final Draft Juror Questionnaire. (ECF No. 557).

The United States has no *new* objections to the questions proposed by the Court on the Draft Juror Questionnaire. The United States preserves its objections as outlined in previous filing ECF No. 453 to the extent they have been overruled by the issuance of the Court's Final Draft Jury Questionnaire.

The United States does object to the removal of the aliases (or AKAs) of the defendants from the Final Jury Questionnaire as now proposed by Defendant Kevin Trent, Jr. and others. (ECF Nos. 560, 562, 565, 574 and 580).[1]

Trent argues that their AKAs "assigned by the government on the face of the indictment" were not names obtained by the defendants through a lawful "name change" procedure and that

---

[1] Prior to the response deadline established by the Court (i.e. July 31, 2019) other defendants may join in this request or may make similar motions. In the event other defendants raise a similar issue, the United States would request that this response be considered in opposition to those motions as well.

the AKAs do not appear on documentation such as credit cards, lease agreements, or statue issued identification. ECF Nos. 560. The defendant contends that the "assigned" AKAs will not be helpful in ascertaining whether a juror knows the defendants and that these nicknames may only serve to prejudice a juror against the defendants. *Id.* The United States disagrees and asserts that the AKAs must be included on the Jury Questionnaire.

To be clear, the United States did not "assign" AKAs to any of the defendant as alleged by Trent in his motion. The aliases for Trent and the other defendants are ones they themselves have adopted and employed in public and on social media. Whether these defendants have officially changed their names or have chosen not to use these AKAs on credit card applications, lease agreements or state issued identifications is of no merit, practically or legally.[2] The question is: how the defendants have identified themselves to others? The answer is, in many instances, by one of their aliases. In fact, many witness only know the defendants by these aliases and will refer to them by these aliases during trial.

Certainly the Court and the parties want to avoid a situation whereby a potential juror hears an alias/AKA for the first time during trial and only then realizes he/she knows one of defendants on trial. The same applies to Marcus Davis, Ashley Ross, and the other defendants. To avoid this potential problem, the AKAs must be identified for potential jurors in advance. The fact that the jurors are being impaneled from the Danville Division and may have some familiarity with Trent and his co-defendants only increases the potential for this problem to arise during trial.

Because the AKAs of these defendants and their co-conspirators will be critically important at trial for identification purposes, the defendants will be referenced by these names by

---

[2] It seems extraordinarily unlikely that Trent would have been issued a credit card, been able to rent an apartment, or been issued a State identification card had he used one of his aliases rather than his legal name.

witnesses – and also in the defendants' own words.[3] It is important, therefore, that potential jurors be aware of these names during the jury selection process to avoid problems during the trial that could result in the loss of one or more jurors.

Finally, the United States further objects to the inclusion of a question on the Final Jury Questionnaire which asks "if a mother has a child with a gang member increases the likelihood that she also is a member of a gang or engaged in gang-related criminal activity" as now proposed by Ashley Ross. (ECF No. 562.)  Given the limited applicability of this question (i.e. it applies *only* to Ashley Ross), it seems more appropriate that this question be asked during individual *voir dire* rather than on the more general Juror Questionnaire.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/Ronald M. Huber
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:  434.293.4283
Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov
newmamj@danvilleva.gov

---

[3] For example, the defendants often only identify themselves by these aliases in their Facebook accounts or in text messages, some of which is highly probative evidence that will be introduced at trial.

## CERTIFICATE OF SERIVCE

       I hereby certify that on July 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                              s/Ronald M. Huber
                                              Ronald M. Huber