IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-cr-00011 |
| | ) | |
| MARCUS JAY DAVIS | ) | |
| *Et al.* | ) | |

## **NOTICE OF APPEAL**

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, the United States of America hereby gives notice that it is appealing the Order (ECF No. 555) and Memorandum Opinion (ECF No. 554) entered by United States District Court on July 23, 2019 to the United States Court of Appeals for the Fourth Circuit.[1]

Respectfully submitted,

---

[1] The Department of Justice Criminal Division is awaiting a final decision from the Office of the Solicitor General ("OSG") on whether it will proceed with an appeal. If the OSG elects not to pursue the appeal, the United States will withdraw this Notice.

Moreover, despite any decision from OSG, the filing of this Notice does not divest the Court of jurisdiction over the entire case, only the dismissed counts being appealed to the Fourth Circuit. The United States believes the Court still has jurisdiction to proceed to trial on the remaining counts from the First Superseding Indictment, and the United States is preparing for that trial. Generally, the filing of a notice of appeal, including an interlocutory appeal under 18 United States Code, Section 3731, "transfers jurisdiction from the district court to the court of appeals, so that the two courts will not be stepping on each other's toes." *United States v. Ienco*, 126 F.3d 1016, 1018 (7th Cir. 1997) (citation omitted); *see also United States v. Modanlo*, 762 F.3d 403, 411 (4th Cir. 2014) ("[A] trial may not be conducted from the time that an interlocutory or collateral order appeal is properly taken until the court of appeals returns jurisdiction to the district court."). However, the transfer of jurisdiction is not absolute. The government's right to appeal under Section 3731 is "pinpointed on particular evidentiary rulings, [and] there will be many cases in which the taking of the appeal will not require the district court to relinquish jurisdiction." *United States v. Centracchio*, 236 F.3d 812, 813 (7th Cir. 2001) (internal citation omitted); *see also United States v. Brooks*, 145 F.3d 446, 457 (1st Cir. 1998). The district court generally retains jurisdiction to control those aspects of a case not involved in the pending appeal. *United States v. Tovar-Rico*, 61 F.3d 1529, 1536 (11th Cir. 1995) (holding that an appeal under Section 3731 does not divest a district court of jurisdiction to conduct a trial of co-defendants on charges unaffected by the pending appeal).

1

THOMAS T. CULLEN
United States Attorney

s/Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel: 434.293.4283
Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov
newmamj@danvilleva.org

**C E R T I F I C A T E**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 21st day of August, 2019.

s/Heather L. Carlton