IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-cr-00011 |
| | ) | |
| MARCUS JAY DAVIS | ) | |
| *Et al.* | ) | |

**UNITED STATES' MOTION *IN LIMINE*
REGARDING REFERENCES TO POTENTIAL SENTENCES**

The United States of America respectfully moves that the defendants be precluded at the trial of this matter from referring to, or offering any evidence about, the sentence, punishment, or other consequence they might receive if convicted of the charged offenses, pursuant to Federal Rule of Evidence ("FRE") 401, 402, and 403. In support of this motion, the United States asserts the following:

A defendant is not entitled to have the jury told about the sentence he faces if convicted. Sentencing is a matter exclusively with in the province of the Court. The jury should not consider what punishment or penalties a defendant may receive because those facts are not relevant to the issue of guilt or innocence under FRE 401 and 402. See *Untied States v. Lewis,* 110 F.3d 417, 422 (7th Cir. 1997) (nothing that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored" and concluding that "[t]he district court correctly refused to allow [the defendant] to argue about his potential punishment"); *United States v. Goodface,* 835 F.2d 1233, 1237 (8th Cir. 1987) (rejecting argument that the jury should have been informed of a mandatory prison term that would follow a guilty verdict); *United States v.*

1

*Meredith,* 824 F.2d 1418, 1429 (4th Cir. 1987) ("The jury must reach its verdict without considering possible sentences…."); *United States v. Warner,* 396 F. Supp. 2d 924, 939 (N.D.Ill. 2005) (granting motion to exclude evidence relating to the penalties faced by the defendants upon conviction); *United States v. Andreas,* 23 F. Supp. 2d 835, 852 (N.D.Ill. 1998) ("As a matter of law, potential penalties are irrelevant as to guilt and thus are inadmissible."). This prohibition should also extend to the questioning of cooperators, where defendants may seek to "back door" statements and comments regarding the significant punishments being faced by the defendants under the guise of cross-examination. Some questioning should be permitted as relevant bias testimony, but should be limited to generic phrases, such as "significant sentence," and not explicit references to the potential mandatory life sentence (or any mandatory sentence) that the Court may be required to impose by statute. Precise potential sentences are not relevant bias information and are more likely to distract the jury in violation of FRE 403.

Furthermore, any argument regarding penalties or consequences that might follow from conviction would serve only to confuse the jury and to distract it from the issues properly before it. *See Shannon v. United States,* 512 U.S. 573, 579 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion."). This is especially so in this case, where sentencing would be based on convictions for various racketeering acts and firearms possession conviction, which can be a complicated sentencing scheme. Jurors who may have served on state juries may also confuse their role in sentencing in that forum with their role in solely adjudicating guilt in federal court. Therefore, any such references should be excluded under FRE 403 as well.

WHEREFORE, the United States respectfully requests that the defendants be precluded from referring to, or offering any evidence about, the sentence, punishment, or other consequences they might receive if convicted of the charged offenses, and that the Court set such a hearing to resolve this matter as it may deem appropriate.

    Respectfully submitted,

    THOMAS T. CULLEN
    United States Attorney

    s/Heather L. Carlton
    Ronald M. Huber
    Heather L. Carlton
    Assistant United States Attorneys

    Michael J. Newman
    Special Assistant United States Attorney
    United States Attorney's Office
    255 West Main Street, Room 130
    Charlottesville, VA 22902
    Tel:   434.293.4283
    Ron.huber@usdoj.gov
    Heather.carlton@usdoj.gov
    newmamj@danvilleva.org

## C E R T I F I C A T E

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 23rd day of August, 2019.

    s/Heather L. Carlton