IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:18-CR-00011 |
| | ) | |
| MARCUS JAY DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED JURY INSTRUCTIONS

### Table of Contents

**Part I - General instructions** ............................................................................. **7**

**Instruction No. 1:   Introduction to the Final Charge – Province of the Court
and of the Jury** ........................................................................................................ **7**

Instruction No. 2: Judging the Evidence ....................................................................9

Instruction No. 3: Evidence Received in the Case – Stipulations, Judicial Notice,
and Inferences Permitted ..........................................................................................10

Instruction No. 4: Direct and Circumstantial Evidence ...........................................12

Instruction No. 5: Inferences from the evidence.......................................................13

Instruction No. 6: Jury's recollection controls.........................................................14

Instruction No. 7: The Question Is Not Evidence.....................................................15

Instruction No. 8: Objections and Rulings................................................................16

Instruction No. 9: Presumption of Innocence, Burden of Proof, and
Reasonable Doubt .....................................................................................................17

Instruction No. 10: Consider Each Count Separately ...............................................18

Instruction No. 11: Consider Each Defendant Separately ........................................19

Instruction No. 12: The Indictment Is Not Evidence................................................20

Instruction No. 13: "On or About" – Explained .......................................................21

Instruction No. 14: Proof May Be Disjunctive .........................................................22

Instruction No. 15: Opinion Evidence – The Expert Witness ......................................23

Instruction No. 16: Charts and Summaries – Admitted .................................................24

Instruction No. 17: Specific Investigation Techniques Not Required ..........................25

Instruction No. 18: False Exculpatory Statements........................................................26

Instruction No. 19: Coercion of Witness or Fabrication of Evidence ..........................27

Instruction No. 20: Immediate Flight of concealment...................................................28

Instruction No. 21: Video and Audio Recordings .........................................................29

Instruction No. 22: Number of Witnesses Called Is Not Controlling............................30

Instruction No. 23: Credibility of Witnesses – Generally ............................................31

Instruction No. 24: Law Enforcement Witnesses ..........................................................33

Instruction No. 25: Credibility of Witnesses – Inconsistent Statement ........................34

Instruction No. 26: Credibility of Witnesses – Conviction of Felony ..........................35

Instruction No. 27: Credibility of Witnesses – The Defendant as a Witness ...............36

Instruction No. 28: Effect of the Defendant's Decision Not to Testify ........................37

Instruction No. 29: Testimony – Accomplices, Informers, Immunity and
Plea Agreements ............................................................................................................38

Instruction No. 30: Proof of Knowledge or Intent........................................................39

Instruction No. 31: Motive – Explained .......................................................................40

Instruction No. 32: "Knowingly" and "Willfully" – Defined......................................41

Instruction No. 33: Deliberate Ignorance – Explained .................................................42

Instruction No. 34: Responsibility for Substantive Offenses ........................................43

Instruction No. 35: Unindicted or Absent Co-Conspirators .........................................46

Instruction No. 36: Success of Conspiracy Immaterial .................................................47

Instruction No. 37: Agent of a Defendant......................................................................48

**Part II - Racketeering Conspiracy (Count 1) .....................................................49**

**Instruction No. 38: The Nature of the Offense Charged — Count 1 ...........................49**

Instruction No. 39: The Statute Defining the Offense Charged — Count 1 .................51

Instruction No. 40: The Essential Elements of the Offense Charged — Count 1 .........52

Instruction No. 41: Conspiracy—Defined—Count 1 ....................................................53

2

Instruction No. 42: Enterprise—Defined—Count 1 ....................................................56

Instruction No. 43: "Engaged in or Affecting Interstate
Commerce" — Defined — Count 1 ...............................................................58

Instruction No. 44: "Employed by or Associated with the Enterprise" -- Defined .......60

Instruction No. 45: "Conduct or Participate in the Conduct of the Affairs of the
Enterprise" ........................................................................................62

Instruction No. 46: "Racketeering Activity" .................................................64

Instruction No. 47: RICO Conspiracy .........................................................74

**Part III - Violent Crimes in Aid of Racketeering............................................76**

**Instruction No. 48: The Nature of the Offense Charged—Counts 2, 6, 10, 12,
and 16................................................................................................76**

Count Two – VICAR Attempted Murder of Armonti Womack..................................76

Count Six – VICAR Attempted Murder of Dwight Harris.....................................76

Count Ten – VICAR Murder of Christopher Motley ..........................................77

Count Twelve – VICAR Attempted Murder of Justion Wilson ...............................77

Count Sixteen – VICAR Attempted Murder of Tyliek Conway ..............................78

Instruction No. 49: The Statute Defining the Offense Charged—Counts 2, 6, 10,
12, and 16............................................................................................79

Instruction No. 50: The Essential Elements of the Offense Charged—Counts 2,
6, 10, 12, and 16....................................................................................80

Instruction No. 51: First Element—Existence of an Enterprise ...........................84

Instruction No. 52: Second Element—The Enterprise Engaged in
Racketeering Activity ..............................................................................85

Instruction No. 53: Third Element – Position in or Associated with the Enterprise .....86

Instruction No. 54: Fourth Element—The Defendant Committed the Charged
Crime of Violence....................................................................................88

Instruction No. 55: Fifth Element—Purpose to Maintain or Increase Position in
the Enterprise or to Gain Entrance into the Enterprise .................................89

**Part IV - Use of Firearms in Relation to Murder ...........................................90**

Instruction No. 56: The Nature of the Offense Charged—Count 11............................90

I will now instruct you on the substantive charges of Using a Firearm in Relation

3

to a Crime of Violence. The crimes of violence in the First Superseding Indictment are VICAR Murder and VICAR Attempted Murder....................................90

Count Eleven – Use of a Firearm in Relation to Murder.................................90

Instruction No. 57: The Statutes Defining the Offenses Charged—Count 11..............91

Instruction No. 58: The Essential Elements of the Offense Charged—Count 11 .........92

**Part V - Use of Firearms in Relation to Crimes of Violence ..............................93**

Instruction No. 59: The Nature of the Offense Charged—Counts 3, 7, 13, and 17 ......93

Count Three ....................................................................................93

Count Seven ....................................................................................93

Count Thirteen ................................................................................94

Count Seventeen ..............................................................................94

Instruction No. 60: The Statute Defining the Offense Charged—Counts 3, 7, 13, and 17................................................................................................95

Instruction No. 61: The Essential Elements of the Offense Charged—Counts 3, 7, 13, and 17................................................................................96

Instruction No. 62: Firearm defined— Counts 3, 7, 13, and 17 ....................97

Instruction No. 63: "Uses or Carries a Firearm"—Defined...........................98

Instruction No. 64: "Brandishes a Firearm"—Defined .................................99

Instruction No. 65: "Possess"—Defined ...................................................100

Instruction No. 66: "During and in Relation" to a Crime of Violence—Defined .......101

Instruction No. 67: Aiding and Abetting — Using or Carrying a Firearm During and in Relation to a Crime of Violence ......................................................102

Instruction No. 68: Aiding and abetting — Brandishing a Firearm During and in Relation to a Crime of Violence ......................................................104

Instruction No. 69: Aiding and Abetting — Discharging a Firearm During and in Relation to a Crime of Violence ......................................................105

**Part VI - Accessory After the Fact (Counts 20 and 21)....................................106**

Instruction No. 70: The Nature of the Offense Charged—Counts 20 and 21 ............106

I will now explain and instruct you on the other substantive counts in the indictment. The first set of charges are for Accessory After the Fact. .....................106

Count Twenty ...................................................................................106

4

Count Twenty-One ........................................................106

Instruction No. 71: The Statute Defining the Offense Charged—Counts 20 and 21 ........................................................108

Instruction No. 72: The Essential Elements of the Offense Charged—Counts 20 and 21........................................................109

Instruction No. 73: Necessity of Conviction of Substantive Crime ............................110

**Part VII - Obstruction of Justice – Tamper with Proceedings (Count 22)....................111**

Instruction No. 74: The Nature of the Offense Charged—Count 22..........................111

Instruction No. 75: The Statute Defining the Offense Charged—Count 22...............112

Instruction No. 76: The Essential Elements of the Offense Charged—Count 22 .......113

Instruction No. 77: Definition of "Corruptly" ............................................114

**Part VIII - Obstruction of the Due Administration of Justice (Counts 23, 36, 38, and 39)........................................................115**

Instruction No. 78: The Nature of the Offense Charged—Counts 23, 36, 38 and 39 ........................................................115

The next set of substantive charges are for the crime of Obstruction of Justice. ........115

Count Twenty-Three........................................................115

Count Thirty-Six ........................................................115

Count Thirty-Eight........................................................115

Count Thirty-Nine........................................................116

Instruction No. 79: The Statute Defining the Offense Charged—Counts 23, 36, 38 and 39........................................................117

Instruction No. 80: The Essential Elements of the Offense Charged—Counts 23, 36, 38 and 39........................................................118

Instruction No. 81: The Nature of the Offense Charged—Counts 35, 37, and 40) .....120

Count Thirty-Five ........................................................120

Count Thirty-Seven........................................................120

Count Forty ........................................................121

Instruction No. 82: The Statute Defining the Offense Charged—Counts 35, 37 and 40........................................................122

Instruction No. 83: The Essential Elements of the Offense Charged—Counts 35,

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 5 of 138   Pageid#: 3159

37 and 40......................................................................................................123

Instruction No. 84: Definition of "Misleading Conduct" ............................124

Instruction No. 85: Definition of "Corrupt Persuason" ..............................125

Instruction No. 86: Definition of "With Intent to Influence" ......................126

Instruction No. 87: Definition of "Intimidation" .......................................127

**Part IX - False Declarations Before the Grand Jury (Counts 26-34).............................128**

Instruction No. 88: The Nature of the Offense Charged—Counts 26-34 ..................128

The final set of substantive charges are the counts for false declarations before a
grand jury.........................................................................................128

Count Twenty-Six ...............................................................................128

Count Twenty-Seven ............................................................................128

Count Twenty-Eight .............................................................................129

Count Twenty-Nine ..............................................................................130

Count Thirty........................................................................................130

Count Thirty-One .................................................................................131

Count Thirty-Two .................................................................................131

Count Thirty-Three ...............................................................................132

Count Thirty-Four ................................................................................133

Instruction No. 89: The Statute Defining the Offense Charged—Counts 26-34........134

Instruction No. 90: The Essential Elements of the Offense Charged—Counts 24-
34 ....................................................................................................135

Instruction No. 91: Definition of "Materiality" ........................................136

**Part XII - Concluding Instructions Verdict—Election of Foreperson—Duty
to Deliberate—Unanimity—Punishment—Form of Verdict—
Communication with the Court....................................................................137**

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 6 of 138   Pageid#: 3160

**Part I - General instructions**

**Instruction No. 1:   Introduction to the Final Charge – Province of the Court
and of the Jury**

Members of the jury:

Now that you have heard all of the evidence that is to be received in this trial and each of
the arguments of counsel it becomes my duty to give you the final instructions of the Court as to
the law that is applicable to this case.   You should use these instructions to guide you in your
decisions.

All of the instructions of law given to you by the Court – those given to you at the
beginning of the trial, those given to you during the trial, and these final instructions – must
guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court
and to apply these rules of law to the facts as you find them to be from the evidence received
during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their
closing arguments to you.   If, however, any difference appears to you between the law as stated
by counsel and that as stated by the Court in these instructions, you, of course, are to be
governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider
the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.
Regardless of any opinion you may have as to what the law ought to be, it would be a violation
of your sworn duty to base any part of your verdict upon any other view or opinion of the law
than that given in these instructions of the Court just as it would be a violation of your sworn

7

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the First Superseding Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the Courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.01 (6th ed. 2015).

## Instruction No. 2:  Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.   You are expected to use your good sense in considering and evaluating the evidence in the case.   Use the evidence only for those purposes for which it has been received and give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.   If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.02 (6th ed. 2015).

9

**Instruction No. 3:  Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, all facts which may have been agreed to or stipulated, and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

If the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the Courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.   In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.   In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.   You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

10

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.03 (6th ed. 2015) (modified); *see also* 1-5 L. Sand *et al.*, <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 5.02, Instruction 5-6 (2015).

**Instruction No. 4:  Direct and Circumstantial Evidence**

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.   Direct evidence is the testimony of a person who asserts or claims actual knowledge of a fact, such as an eyewitness.   Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.   The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.04 (6th ed. 2015).

12

**Instruction No. 5:  Inferences from the evidence**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.   As the finders of fact, you are permitted to make all reasonable inferences from the evidence.


AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed. 2015) (modified).

13

**Instruction No. 6: Jury's recollection controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2015).

**Instruction No. 7:  The Question Is Not Evidence**

The questions asked by a lawyer for either party to this case are not evidence.   If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.   Only the answers are evidence.

In addition, during the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate.   The Court may ask a question simply to clarify a matter - not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, §§ 11.05, 12.08 (6th ed. 2015).

**Instruction No. 8:  Objections and Rulings**

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards.   It is the sworn duty of the attorney on each side of the case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.   Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.   You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.   I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 11.03 (6th ed. 2015).

16

**Instruction No. 9: Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

The law presumes a defendant to be innocent of crime. Thus, the defendants, although accused of crimes in the First Superseding Indictment, begin the trial with a "clean slate" – with no evidence against them. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charges against the defendants. The presumption of innocence alone, therefore, is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of a defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of a charge, it must acquit on that charge.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (6th ed. 2015) (modified), amended to conform with present state of law that no specific definition of reasonable doubt be given. *See United States v. Walton*, 207 F.3d 694, 695 (4th Cir.), *cert. denied* 531 U.S. 865, 121 S.Ct. 158, 148 L.Ed.2d 106 (2000); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir.1994); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988); *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987); *United States v. Valezquez*, 847 F.2d 140, 142-43 (4th Cir. 1988); *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir. 1987); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir. 1985); *United States v. Moss*, 756 F.2d 329 (4th Cir. 1985).

**Instruction No. 10:  Consider Each Count Separately**

A separate crime is charged against one or more of the defendants in each count of the First Superseding Indictment.   Each charge, and the evidence pertaining to it, should be considered separately by the jury.   The fact that you may find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant or against any other defendant.   You must give separate and individual consideration to each charge against each defendant.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, §§ 12.12, 12.13 (6th ed. 2015).

**Instruction No. 11:  Consider Each Defendant Separately**

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that defendant, leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have his case determined from evidence as to his own acts, statements, and conduct and any other evidence in the case which may be applicable to him.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding any other defendant.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.14 (6th ed. 2015).

.

19

## Instruction No. 12:  The Indictment Is Not Evidence

In a moment, I will read to you portions of the First Superseding Indictment.   An indictment is only a formal method used by the government to accuse a defendant of a crime.   It is not evidence of any kind against the defendant.   A defendant is presumed to be innocent of the crimes charged.   Even though this First Superseding Indictment has been returned against a defendant, a defendant begins this trial with absolutely no evidence against him.

The defendants have plead "not guilty" to this First Superseding Indictment and, therefore, deny that they are guilty of the charges.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.04 (6th ed. 2015).

**Instruction No. 13: "On or About" – Explained**

The First Superseding Indictment charges that the offense alleged was committed "on or about" and "on or around" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed. 2015).

**Instruction No. 14:  Proof May Be Disjunctive**

I instruct you that although the First Superseding Indictment may charge a defendant with committing an offense in several ways, using conjunctive language (that is, "and"), it is sufficient if the government proves the offense in the disjunctive (that is, "or").   That is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.

Therefore, I instruct you that it is not necessary for the government to prove that the defendant did each of those things, named in that particular count of the First Superseding Indictment.   It is sufficient if the government proves beyond a reasonable doubt that a defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed by a defendant, and that every element of the offense has been proven beyond a reasonable doubt. I will explain this further when I instruct you on the substantive counts charged.

AUTHORITY: *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and the jury instruction may be properly framed in the disjunctive); *United States v. Rhynes*, 196 F.3d 207, 242, (4th Cir. 1999), *aff'd in part, reh'g en banc on other grounds*, 218 F.3d 310 (2000) (when a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive, but the district court can instruct the jury in the disjunctive).

**Instruction No. 15: Opinion Evidence – The Expert Witness**

As I explained during trial, the rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.01 (6th ed. 2015).

**Instruction No. 16: Charts and Summaries – Admitted**

Charts or summaries have been prepared by the government, have been admitted into evidence, and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 14.02 (6th ed. 2015).

## Instruction No. 17:  Specific Investigation Techniques Not Required

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.   For example, certain DNA swabs were not tested against the defendant's DNA.   You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.   There is no requirement to attempt to take fingerprints, or that the government offer fingerprint or DNA evidence in evidence.   Law enforcement techniques are not your concern.   In fact, some of this evidence may not have existed for the government to produce.

I am sure that at least one of you has seen the popular TV shows, such as CSI or Law & Order.   The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial.   Witness testimony may be sufficient to establish the charges in this case.   Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find the defendant guilty of the charges in this case. Please dismiss from your deliberations in consideration of the appropriate verdict in this case, any investigative techniques which you may have seen on TV or in the movies, as well as anything else about which there was no evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, a defendant's guilt has been proved beyond reasonable doubt.

25

**Instruction No. 18:  False Exculpatory Statements**

Statements knowingly and voluntarily made by a defendant upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons – fully consistent with innocence – that could cause a person to give a false statement showing that he did not commit a crime.   Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.06 (6th ed. 2015).

**Instruction No. 19:  Coercion of Witness or Fabrication of Evidence**

Evidence that a defendant coerced a witness, fabricated evidence, caused others to coerce a witness or fabricate evidence, or attempted to do so, is a circumstance that, if proven, may be considered by the jury as showing a consciousness of guilt on the part of that defendant.

Whether or not evidence of coercion or fabrication of evidence causes you to find a consciousness of guilt on the part of the defendant responsible for that coercion or fabrication—and the significance, if any, of that consciousness of guilt—is entirely up to you as the sole judges of the facts of this case.

Any testimony concerning the coercion of a witness or the fabrication of evidence by a defendant—to the extent you find that it shows a consciousness of guilt—is in no way attributable to any other defendant on trial and may not be considered by you in determining whether the government has proven the charges against any other defendant beyond a reasonable doubt.

AUTHORITY: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.07 (6th ed. 2015).

**Instruction No. 20:  Immediate Flight of concealment**

Evidence that a defendant immediately fled after having been accused of committing a crime is a circumstance that, if proven, can be considered by the jury as showing a consciousness of guilt on the part of that defendant .

In your evaluation of this evidence of flight you may consider that there may be reasons—fully consistent with innocence—that could cause a person to flee. Fear of law enforcement or a reluctance to become involved in an investigation or simple mistake may cause a person who has committed no crime to immediately flee.

Whether or not evidence of immediate flight on the part of a defendant causes you as members of the jury to find a consciousness of guilt on hir or her part and the significance, if any, of that consciousness of guilt is entirely up to you as the sole judges of the facts of this case.

Any testimony concerning immediate flight by a defendant is in no way attributable to any other defendants on trial and may not be considered by you in determining the guilt or innocence of those other defendants.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.08 (6th ed. 2015).

**Instruction No. 21:  Video and Audio Recordings**

Video and audio recordings have been received in evidence and have been played for you.   Subtitles were added to these recordings solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The video and audio recordings themselves, however, are evidence in the case and the subtitles are not evidence. What you hear on the recording is evidence. What you read on the subtitles is not. If you perceive any variation between the two, you will be guided solely by the recordings and not by the subtitles.

If you cannot, for example, determine from the recording that particular words were spoken or if you cannot determine from the recording who said a particular word or words, you must disregard the subtitles insofar as those words or that speaker are concerned.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.09 (6th ed. 2015).

**Instruction No. 22:  Number of Witnesses Called Is Not Controlling**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.   You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.   You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.16 (6th ed. 2015).

30

## Instruction No. 23: Credibility of Witnesses – Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

31

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2015).

**Instruction No. 24:  Law Enforcement Witnesses**

You have heard the testimony of law enforcement officers.   The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

AUTHORITY: 1 L. Sand et al., *Modern Federal Jury Instructions—Criminal*, Chapter 7, Instruction No. 7-16 (modified) (2001).    A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2015).

**Instruction No. 25:  Credibility of Witnesses – Inconsistent Statement**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.   The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.   It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.   You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed. 2015).

**Instruction No. 26:  Credibility of Witnesses – Conviction of Felony**

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.07 (6th ed. 2015).

.

**Instruction No. 27: Credibility of Witnesses – The Defendant as a Witness**

You should judge the testimony of a defendant in the same manner as you judge the testimony of any other witness in this case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 15.12 (6th ed. 2015).

36

**Instruction No. 28:  Effect of the Defendant's Decision Not to Testify**

The defendant in a criminal case has an absolute right under our constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.   No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. 2015).

**Instruction No. 29:  Testimony – Accomplices, Informers, Immunity and Plea Agreements**

In this case, the government called as witnesses alleged accomplices, with whom the government has entered into plea agreements providing for the dismissal of some charges.   Such plea bargaining, as it is called, is common and has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, does not thereby become incompetent as a witness.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.   However, the jury should keep in mind that such testimony is always received with caution and weighed with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt; and the fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person.

AUTHORITY: *United States v. Figurski*, 545 F.2d 389 (4th Cir. 1976); *United States v. Stulga*, 584 F.2d 1421 (6th Cir. 1978).   *See also*, Model Manual of Criminal Instructions for the Ninth Circuit, § 4.9 (2010).

**Instruction No. 30:   Proof of Knowledge or Intent**

In a moment, I will instruct you as to the substantive counts charged in the First Superseding Indictment.   For these charges, the government must prove the defenants' intent or knowledge.   The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.07 (6th ed. 2015).

**Instruction No. 31:  Motive – Explained**

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act.   Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.   These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime.   The motive of a defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of a defendant.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.06 (6th ed. 2015).

40

**Instruction No. 32: "Knowingly" and "Willfully" – Defined**

The term "knowingly," as used in these instructions to describe the alleged state of mind of a defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

The term "willfully," as used in these instructions to describe the alleged state of mind of a defendant, means that he or she knowingly performed an act or failed to act deliberately and intentionally as contrasted with accidentally, carelessly, or unintentionally.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, §§ 17.04, 17.05 (6th ed. 2015).

**Instruction No. 33:  Deliberate Ignorance – Explained**

The government may prove that a defendant acted "knowingly" by proving, beyond a reasonable doubt, that a defendant deliberately closed his eyes to what would otherwise have been obvious to him.   No one can avoid responsibility for a crime by deliberately ignoring what is obvious.   A finding beyond a reasonable doubt of an intent of a defendant to avoid knowledge or enlightenment would permit the jury to find knowledge.   Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence. You may not conclude that a defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.


AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.09 (6th ed. 2015).

.

42

**Instruction No. 34:  Responsibility for Substantive Offenses**

Before I instruct you on the substantive charges in this case and what the government must prove for each charge, I want to explain to you the legal concept of criminal responsibility.

There are three ways that the government can prove a particular defendant guilty of the substantive crimes charged in the First Superseding Indictment.   The first is by proving that a particular defendant personally committed or participated in the individual crime.

A defendant may also violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.   Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crimes charged and participated with the intent to commit the crimes.

In order to be found guilty of aiding and abetting the commission of a particular crime, the government must prove beyond a reasonable doubt that the defendant:

| | |
|---|---|
| One | Knew that the crime charged was to be committed or was being committed; |
| Two | Knowingly did some act for the purpose of aiding and encouraging the commission of that crime; and |
| Three | Acted with the intention of causing the crime charged to be committed. |

Before the defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the offenses charged as I have previously explained to you.

43

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that a defendant knowingly and deliberately associated himself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

The third way the government can prove a particular defendant guilty of the substantive crimes is based on the legal rule that all members of a conspiracy are responsible for the acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonable foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves. In other words, a member of a conspiracy who commits a crime during the existence or life of the conspiracy and commits the crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing the substantive crime may be attributed to other individuals who are, at the time, members of the conspiracy, so long as the commission of that substantive crime was reasonably foreseeable to those other individuals. Under certain conditions, therefore, a defendant may be found guilty of a substantive crime even though he did not participate directly in the acts constituting that offense.

44

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, §§ 18.01, 31.10 (6th ed. 2015)(modified).

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 45 of 138   Pageid#: 3199

**Instruction No. 35:  Unindicted or Absent Co-Conspirators**

Some of the people who may have been involved in these events are not on trial.   This does not matter.   There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other co-conspirators be known.   An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.   Whether they are named or not does not matter.

AUTHORITY: Pattern Crim. Jury Instr. 6th Cir. § 3.06 (2017 ed.).

**Instruction No. 36: Success of Conspiracy Immaterial**

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

AUTHORITY: 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.08 (6th ed. 2015).

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 47 of 138   Pageid#: 3201

**Instruction No. 37:  Agent of a Defendant**

As I have explained, it is not necessary for the government to prove that a defendant personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another, acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.


AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 18.03 (6th ed. 2015).

**Part II - Racketeering Conspiracy (Count 1)**

**Instruction No. 38:  The Nature of the Offense Charged — Count 1**

Now I will instruct you as to the substantive charges contained in the First Superseding Indictment.

<u>**Count I – RICO Conspiracy**</u>

From in or about sometime in 2015, the exact date being unknown, and continuing through the date of the First Superseding Indictment, in the Western District of Virginia and elsewhere, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, SHABBA LARUN CHANDLER, and ASHLEY TIANA ROSS, together with each other and other persons known and unknown, being persons employed by and associated with the Rollin 60s Crips, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally did combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Section 1961(1) and 1961(5), which consisted of multiple acts involving:

      A.      Murder, chargeable under Va. Code §§ 18.2-32, 18.2-22, 18.2-26, and 18.2-18, and the common law of Virginia;

multiple acts indictable under:

      B.      Title 18, United States Code, Section 1512 (tampering with a witness, victim or informant);

49

C.    Title 18, United States Code, Section 1503 (obstruction of justice);

multiple offenses involving:

D.    Trafficking in controlled substances in violation of Title 21, United States Code,

Sections 841 and 846.

All in violation of Title 18, U.S.C. Sections 1962(d) and 1963.

AUTHORITY: First Superseding Indictment.

**Instruction No. 39: The Statute Defining the Offense Charged — Count 1**

Section 1962(d) of Title 18 of the United States Code, commonly known as RICO conspiracy, provides that:

*It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.*

Section 1962(c) of Title 18 of the United States Code provides, in part, that:

*It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.*

AUTHORITY:   Title 18, United States Code, Section 1962(c), (d).

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 51 of 138   Pageid#: 3205

**Instruction No. 40:  The Essential Elements of the Offense Charged — Count 1**

In order to sustain its burden of proof for the crime of RICO conspiracy as charged in Count One of the First Superseding Indictment, the government must prove the following four elements beyond a reasonable doubt:

**One:**       The existence of an enterprise engaged in or affecting interstate commerce;

**Two:**      The defendant was "employed by" or "associated with" the enterprise;

**Three:**   The defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and

**Four:**     The defendant knowingly agreed that he/she or some other member of the conspiracy would commit at least two racketeering acts.

AUTHORITY: *United States v. Mathis*, No. 16-4633, 2019 WL 3437626, at *9 (4th Cir. July 31, 2019); *United States v. Zelaya*, 908 F.3d 920, 926 (4th Cir. 2018); *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012).

**Instruction No. 41:  Conspiracy—Defined—Count 1**

I will define each of these elements for you.   But first, let me instruct you on the definition of a "conspiracy."

A criminal conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.   A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would violate some laws by means of some common plan or course of action.   It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charged conspiracy.

To prove the existence of a conspiracy or illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling ut all of the details of the understanding.   To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the First Superseding Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named and charged, or that all of the people whom the evidence shows were actually members of the conspiracy agreed to all of the means or methods set out in the First Superseding Indictment.   Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives. Neither is it necessary for the government to prove any of the overt acts listed in the First Superseding Indictment.   One may become a member of a conspiracy without full knowledge of

53

all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.

So, if a defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joins in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and even though he played only a minor part in the conspiracy.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the First Superseding Indictment you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant willfully became a member of such conspiracy.

If and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant was a member, then the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by another proven member of the conspiracy, may be considered by the jury as evidence against the defendant under consideration even though he was not present to hear the statement made or see the act done.

This is true because, as stated earlier, a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by

or responsible for the acts and the statements of every other member made in pursuance of their

unlawful scheme.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 56.11 (6th ed. 2019) (modified); Modern Federal Jury Instructions, Supplement Pamphlet, Fifth Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 2.21 (1991) (modified); *United States v. Burgos*, 94 F.3d 849, 860-61 (4th Cir. 1996).

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 55 of 138   Pageid#: 3209

**Instruction No. 42: Enterprise—Defined—Count 1**

I will now instruct you on the law applicable to each of the four elements for a RICO conspiracy.

The first element requires the government to prove beyond a reasonable doubt that an enterprise affecting interstate commerce existed as alleged in the First Superseding Indictment. The First Superseding Indictment alleges that Rollin 60s Crips is an enterprise.

The term "enterprise" as used in these instructions may include a group of individuals associated in fact, even though this association is not recognized as a legal entity. Thus, an enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. A group or association of people can be an enterprise if these individuals have associated together for a common purpose of engaging in a course of conduct.

The government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose.

An enterprise need not have a hierarchical structure or a chain of command; decisions may be made on an ad hoc basis and by any number of methods, including a show of strength. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.

While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of

56

inactivity. Moreover, an enterprise is not required to be business-like in its form or function, and it may, but need not, have an economic or profit-seeking motive. Indeed, RICO is not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

An enterprise can exist even though its membership changes over time by adding or losing individuals during the course of its existence.

Although the existence of an enterprise is a distinct element that must be proved by the government, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. Therefore you may consider proof of racketeering acts to determine whether the evidence establishes the existence of the charged enterprise, and, further, you may infer the existence of the enterprise from evidence of the pattern of racketeering activity.

AUTHORITY: 2B O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 56.04 (6th ed. 2019) (modified). *Boyle v. United States*, 556 U.S. 938, 948 (2009); *Nat'l Org. For Women, Inc. v. Scheidler*, 510 U.S. 249, 259 (1994); *United States v. Turkette*, 452 U.S. 576, 583 (1981); *United States v. Palacios*, 677 F.3d 234, 248-49 (4th Cir. 2012).

## Instruction No. 43: "Engaged in or Affecting Interstate Commerce" — Defined — Count 1

The government must also prove beyond a reasonable doubt that the enterprise was engaged in, or its activities affected, interstate commerce.

The phrase engaged in, or the activities of which affect, interstate commerce, as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states. Therefore, interstate commerce may include the movement of money, goods, services, or persons from one state to another or the District of Columbia.

An enterprise is generally engaged in commerce when it is itself directly engaged in the production, distribution, or acquisition of goods or services in interstate commerce. If you find that the evidence is sufficient to prove that the enterprise was or would be "engaged in," interstate commerce, the required nexus to interstate commerce is established, and therefore the government is not required to prove the alternative that the activities of the enterprise affected or would affect interstate commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate commerce, the government is not required to prove a significant or substantial effect on interstate commerce. Rather, a minimal effect on interstate commerce is sufficient. It is not necessary for the government to show that the defendants actually intended or anticipated an effect on interstate commerce. It is not necessary for the government to prove that individual acts of racketeering themselves affected interstate commerce; rather, all that is necessary is that the enterprise and its activities affected interstate commerce, no matter how minimally. The effect must be considered in its entirety, but this effect on interstate commerce may be established through the effect caused by the individual racketeering acts.

58

The government contends that the enterprise in this case was or would be engaged in, or its activities affected or would affect, interstate commerce, in the following ways, among others:

- The distribution of drugs, including marijuana;

- The possession of firearms and ammunition, which traveled in interstate commerce;

- The use of interstate communications facilities, including the internet, social media such as Facebook, phone calls and text messages, and the U.S. Postal Service.

The government is not required to prove all the circumstances outlined above.   To satisfy this element, the government need only prove beyond a reasonable doubt that the activities of the enterprise considered in their entirety had or would have some minimal effect on interstate commerce, or that the enterprise was or would be "engaged in" interstate commerce.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 56.05 (6th ed. 2019) (modified); Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Offense Instruction No. 71.1 (2003); *United States v. Robertson*, 514 U.S. 669, 671-672 (1995); *United States v. Umana*, 750 F.3d 320, 337 (4th Cir. 2014); *United States v. Long*, 651 F.2d 239, 241-42 (4th Cir. 1981).

59

**Instruction No. 44: "Employed by or Associated with the Enterprise" -- Defined**

The second element the government must prove beyond a reasonable doubt is that the defendant was employed by or associated with the enterprise. The government need not prove both; the defendant can either be "employed by" or "associated with" the enterprise to establish this element.

The term "employed by" is not restricted to the traditional definition of employment or being paid wages. Under this statute, "employed by" also means use or engage or to make use of. A person "employed by" an enterprise is someone who has a position in or is a member of the enterprise.

"Associated with" also should be given its plain meaning. To "associate" means to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . To join or connect with one another. Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that each defendant agree that any particular conspirator was or would be "employed by" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that a defendant agree that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that at some time during the existence of the enterprise, a conspirator was or would be "employed by" or "associated with" the enterprise within the meaning of those terms as I have just explained and that he or she knew or would

60

know of the general nature of the enterprise, and knew or would know that the enterprise

extended beyond his own role in the enterprise.

<u>AUTHORITY</u>: *United States v. Brandao*, 539 F.3d 44, 51-52 (1st Cir. 2008); *United States v. Delgado*, 401 F.3d 290, 297 (5th Cir. 2005); *United States v. Marino*, 277 F.3d 11, 33 (1st Cir. 2002); *United States v. Zichetello*, 208 F.3d 72, 99 (2d Cir. 2000); *United States v. Tocco*, 200 F.3d 401, 425 (6th Cir. 2000); *United States v. Gabriele*, 63 F.3d 61, 98 (1st Cir, 1995); *United States v. Console*, 13 F.3d 641, 653 (3d Cir. 1993); *United States v. Mokol*, 957 F.2d 1410, 1417 (7th Cir. 1992); *United States v. Eufrasio*, 935 F.2d 553, 577 n.29 (3d Cir. 1991); *United States v. Rastelli*, 870 F.2d 827, 828 (2d Cir. 1989) (collecting cases); *United States v. Yonan*, 800 F.2d 164, 167 (7th Cir. 1986); *United States v. Tille*, 729 F.2d 615, 620 (9th Cir. 1984); *United States v. Bright*, 630 F.2d 804, 830 (5th Cir. 1980); *United States v. Herman*, 589 F.2d 1191, 1194, 1198 (3d Cir. 1978), cert. denied, 441 U.S. 913 (1979); *United States v. McMonagle*, 437 F. Supp. 721, 723 (E.D. PA. 1977).

**Instruction No. 45: "Conduct or Participate in the Conduct of the Affairs of the Enterprise"**

The third element the government must prove beyond a reasonable doubt is that each defendant must have agreed that a conspirator would conduct or participate in the conduct of the affairs of the enterprise. A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so.

Such proof of operation and management may include evidence that the defendant agreed that a conspirator would intentionally perform acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise, or that a conspirator had some part in directing the enterprise's affairs. However, the government need not prove that the conspirator would exercise significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs. Rather, an enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management or who are just carrying out upper management's orders.

AUTHORITY: Adapted from 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.08 (6th ed. 2013); *Reves v. Ernest & Young*, 507 U.S. 170, 179-86 (1993); United States v. Godwin, 765 F.3d 1306, 1320 (11th Cir. 2014); *United States v. Praddy*, 725 F.3d 147, 155-56 (2d Cir. 2013); *United States v. Shamah*, 624 F.3d 449, 454-56 (7th Cir. 2010); *In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 371 (3d Cir. 2010); *United States v. Burden*, 600 F.3d 204, 214 (2d Cir. 2010); *United States v. Hutchinson*, 573 F.3d 1011, 1034 (10th Cir. 2009); *United States v. Brandao*, 539 F.3d 44, 54 (1st Cir. 2008);*United States v. Lawson*, 535 F.3d 434, 443 (6th Cir. 2008); *United States v. Fowler*, 535 F.3d408, 418 (6th Cir. 2008); *United States v. Browne*, 505 F.3d 1229, 1277 (11th Cir. 2007);*Williams v. Mohawk

62

*Indus.*, 465 F.3d 1277, 1285 (11th Cir. 2006); *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) (contra holding); *United States v. Delgado*, 401 F.3d 290, 297-98 (5th Cir.2005); *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004); *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 176-78 (2d Cir. 2004); *United States v. Cianci*, 378 F.3d 71, 96 (1st Cir. 2004); *Baisch v. Gallina*, 346 F.3d 366, 376 (2d Cir. 2003); *United States v. Shryock*, 342 F.3d 948, 985-86 (9th Cir. 2003); *United States v. Warneke*, 310 F.3d 542, 548 (7th Cir. 2002); *United States v. Swan*, 250 F.3d 495, 499 (7th Cir. 2000), amended by 224 F.3d 632 (2001); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 598 (7th Cir. 2001); *BancOklahoma Mortg. Corp. v. Capital Tile Co*., 194 F.3d 1089, 1101-02 (10th Cir. 1999); *United States v. Diaz*, 176 F.3d 52, 92-93 (2d Cir. 1999); *United States v. Owens*, 167 F.3d 739, 753-54 (1st Cir. 1999); *United States v. Hurley*, 63 F.3d 1, 11 (1st Cir. 1995); *United States v. Thai*, 29 F.3d 785, 816 (2d Cir. 1994); *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994); *United States v. Viola*, 35 F.3d 37, 40-41 (2d Cir. 1994); *United States v. Oreto*, 37 F.3d 739, 750 (1st Cir. 1994); *United States v. Weiner*, 3 F.3d 17, 23-24 (1st Cir. 1993).

## Instruction No. 46: "Racketeering Activity"

The fourth element that the government must prove beyond a reasonable doubt that the defendant agreed that the defendant or a conspirator would engage in a pattern of racketeering activity. The term "pattern of racketeering activity" means at least two racketeering acts of the type or types alleged in the First Superseding Indictment. Your verdict must be unanimous as to which type or types of racketeering activity you find that the defendant agreed was committed. In a moment, I will instruct you on the type of racketeering acts charged in the First Superseding Indictment and the elements regarding each of those charged types of racketeering activity.

Racketeering acts must be related to each other and pose a threat of continued criminal activity. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

Acts of racketeering are related to each other if they have the same or similar purposes, results, participants, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are merely isolated events.

Finally, the racketeering acts must have extended over a substantial period of time or pose a threat of continued criminal activity.

AUTHORITY: Title 18, United States Code, Section 1961(5); *Sedima, S.P.R. v. Imres Co*., 473 U.S. 479, 496 n. 14, 105 S. Ct. 3275, 3285 n. 14, 87 LE2d 346 (1985).

64

For purposes of this count, the First Superseding Indictment alleges that the defendants committed the following types of racketeering activity:

**(1)     Acts involving murder, chargeable under Virginia Code Sections 18.2-32, 18.2-26, 18.2-22, and 18.2-18 and the common law of Virginia.   For these instructions, acts involving murder include the completed act of murder as well as conspiracy to commit murder and attempted murder.**

Under Virginia law, murder in the first degree is murder by poison, by lying in wait, imprisonment, starving, or any willful, deliberate, premeditated and malicious killing of a human being, or any murder done in the commission of, or attempt to commit, robbery or abduction.

Only the first type of murder is applicable to this case.   To find a person committed this type of first-degree murder under Virginia law, the government must prove beyond a reasonable doubt each of the following elements:

> ONE:          The defendant killed another person;
>
> TWO:          The killing was malicious; and
>
> THREE:       The killing was willful, deliberate, and premeditated.

"Willful" generally means an act done with a bad purpose, without justifiable excuse, or without ground for believing it is lawful.   The term denotes an act which is intentional, knowing, or voluntary, as distinguished from accidental.

The malice necessary to constitute a crime of murder may either be express or implied. The word "malice" in the foregoing definitions of murder is used in a technical sense, and includes not only anger, hatred, and revenge, but every unlawful and unjustifiable motive.   It is not confined to ill will to any one or more particular persons, but is intended to denote an action flowing from a wicked or corrupt motive, done with an evil mind and purpose and wrongful

65

intention, where the act has been attended with such circumstances as to carry in them the plain indication of a heart regardless of social duty and deliberately bent on mischief. Therefore, malice is implied by law from any willful, deliberate, and cruel act against another, however sudden.

Under Virginia law, attempted murder is when an individual intends to commit murder and takes a direct act towards the commission of that crime, but is not successful. In determining whether the intent has been proved you may consider the conduct of the person involved and all the circumstances revealed by the evidence. The direct act required to be proved in an attempted crime is an act which shows a present intention to commit the crime. The act need not be the last act prior to the actual commission of the crime, but it must be more than mere preparation. It is not a defense to attempted murder that a perpetrator voluntarily withdrew before actually committing the murder or that some other person or thing prevented the murder from being committed.

In addition, Virginia law defines conspiracy as one person conspiring, confederating, or combining with another to commit a felony. If you find that the government has established beyond a reasonable doubt that the defendant was a member of a conspiracy, he is responsible for the acts of other members of that conspiracy that are committed in furtherance of the conspiracy, even if those acts are committed without his direct knowledge.

A principal in the first degree is the person who actually commits the crime. A principal in the second degree is the person who is present, aiding and abetting, by helping in some way the commission of the crime. Presence and consent are not sufficient to constitute aiding and abetting. It must be shown that the defendant intended his words, gestures, signals, or actions to

66

in some way encourage, advise, or urge, or in some way help the person committing the crime to

commit it.

AUTHORITY: 3-52 Modern Federal Jury Instructions-Criminal § 52.07, Instruction 52-40; Va. Prac. Jury Instruction § 73:1, Elements; Va. Prac. Jury Instruction § 73:3, Liability of conspirators; Va. Prac. Jury Instruction § 80:8, First Degree Murder; Va. Prac. Jury Instruction § 80:18, Willful; Va. Prac. Jury Instruction § 80:14, Malice; Va. Prac. Jury Instruction § 80:32, Second Degree Murder; Va. Prac. Jury Instruction § 80:36, Second Degree Murder—Malice Necessary; Va. Prac. Jury Instruction § 60:5, Principles in the First and Second Degree; Va. Prac. Jury Instruction 67:1.

The First Superseding Indictment also alleges that the defendants agreed to commit the following types of racketeering activity as part of the RICO conspiracy:

(2)    **Acts indictable as witness tampering in violation of Title 18, United States Code, Section 1512**.   In order to sustain its burden of proof for the crime of witness tampering, the government must prove the following elements beyond a reasonable doubt:

One        The defendant used intimidation, threats, or corrupt persuasion, or attempted to use intimidation, threats, or corrupt persuasion, or engaged in misleading conduct toward, another person;

Two        The defendant did so with intent to influence, delay, or prevent the testimony of any person in an official proceeding; and

Three      The defendant did so knowingly, that is, that the defendant knew or had notice of the official proceeding, and that he intended or knew that his actions were likely to affect the official proceeding.

The official proceeding need not be pending or about to be instituted at the time of the offense.

In this case, certain defendants are also charged separately with the substantive crime of witness tampering.   When I discuss those counts, I will provide you with further instructions regarding witness tampering that are applicable to the racketeering act of witness tampering. Those instructions are also applicable here.

AUTHORITY:    Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina 18 U.S.C. § 1512(b)(1) (2018 Online Edition); 18 U.S.C. § 1512(f).

68

The First Superseding Indictment also alleges that the defendants agreed to commit the following types of racketeering activity as part of the RICO conspiracy:

(3)    **Acts indictable as obstruction of justice in violation of Title 18, United States Code, Section 1503.**   In order to sustain its burden of proof for the crime of obstruction of justice, the government must prove the following elements beyond a reasonable doubt:

| | |
|---|---|
| One | There was a pending official proceeding; |
| Two | The defendant had knowledge or notice of the pending proceeding; |
| Three | The defendant, influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due administration of justice; and |
| Four | That the defendant did so corruptly, that is with the intent to influence, obstruct, or impede that proceeding in its due administration of justice, or by threats or force, or by threatening letter or communication. |

An official proceeding means a proceeding before a judge or court of the United States, a United States magistrate judge, or a Federal grand jury.

In this case, certain defendants are also charged separately with the substantive crime of obstruction of justice.   When I discuss those counts, I will provide you with further instructions regarding obstruction of justice that are applicable to the racketeering act of obstruction of justice.   Those instructions are also applicable here.

AUTHORITY:   *Arthur Anderson LLP v. United States*, 544 U.S. 696, 706 (2005); *see United States v. Chujoy and Edlind*, Case No. 5:15-cr-29.

69

Finally, The First Superseding Indictment also alleges that the defendants agreed to commit the following types of racketeering activity as part of the RICO conspiracy:

**(4)     Multiple offenses involving the trafficking of controlled substances, in violation of Title 21, United States Code, Section 846 (which is conspiracy to distribute and possess with intent to distribute controlled substances) and Section 841 (which is the distribution and possession with intent to distribute controlled substances).**

In order to sustain its burden of proof that the defendant conspired to distribute and possess with intent to distribute controlled substances, the government must prove the following elements beyond a reasonable doubt:

One          There existed an agreement between two or more persons to knowingly and intentionally distribute controlled substances, and the defendant willfully joined that agreement; or

Two          There existed an agreement between two or more persons to knowingly and intentionally possess with intent to distribute controlled substances, and the defendant willfully joined that agreement.

I have already instructed your regarding the law of conspiracy.   Those same instructions apply here as well.

AUTHORITY: 1A O'Malley, Grenig and Lee (formerly Devitt, Blackmar, Wolff and O'Malley), Federal Jury Practice and Instructions, § 13.03 (5th ed. 2000); Modern Federal Jury Instructions, Supplement Pamphlet, Fifth Circuit Pattern Jury   Instructions, Criminal Cases, Instruction No. 2.21 (1991) (modified).

70

In order to sustain its burden of proof that the defendant distributed or possessed with intent to distribute a controlled substance, the government must prove the following essential elements beyond a reasonable doubt:

| | | |
|---|---|---|
| One | The defendant knowingly or intentionally distributed a controlled substance; and | |
| Two | The substance was in fact a controlled substance. | |

AUTHORITY: § 14.02 Pattern Crim. Jury Instr. (6th Cir. 2017 ed.)

The term "to distribute" means to deliver or to transfer possession or control of something from one person to another. "To distribute" includes, but is not limited to, the sale of controlled substances by one person to another.

The term "to possess" means to exercise control or authority over something at a given time. There are several types of possession—actual, constructive, sole, and joint. Possession is considered to be actual when a person knowingly has direct physical control or authority over something. Possession is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person. Possession may be knowingly exercised by one person exclusively which is called sole possession or possession may be knowingly exercised jointly when it is shared by two or more persons.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 64.08 (5th ed. 2009).

71

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine the intent of any person you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person. In determining a person's "intent to distribute" controlled substances, the jury may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 64.09 (5th ed. 2009).

The government is required to prove that the substance possessed or otherwise involved in this case was in fact a "controlled substance." In determining whether the government has satisfied its burden of proof on this element, you may consider lay testimony and any relevant circumstantial evidence. Such circumstantial proof may include evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the subject was called by the name of the illegal narcotic by the defendant or others in his presence.

72

I further instruct that neither expert chemical analysis nor expert testimony is necessary for you to conclude that the substance possessed or otherwise involved in this case was, in fact, a "controlled substance."

AUTHORITY: *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir. 1976); see also *United States v. Scott*, 725 F.2d 43 (4th Cir. 1984).

It is not necessary for the government to prove that the defendant knew the precise nature of the controlled substance or substances that were distributed or possessed with the intent to distribute. The government must prove beyond a reasonable doubt, however, that defendant did know that some type of controlled substance was distributed or possessed with the intent to distribute.

AUTHORITY: 2B O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 64.15 (5th ed. 2009).

You are instructed, as a matter of law, that marijuana is a controlled substance.

**Instruction No. 47: RICO Conspiracy**

To be clear, in order to convict a defendant of the RICO conspiracy offense charged in Count One, your verdict must be unanimous as to which type or types of racketeering activity were intended as part of the conspiracy that the defendant joined. For example, you must find that at least two acts of murder or attempted murder (under Virginia law), witness tampering (under federal law), obstruction of justice (under federal law), conspiracy to distribute controlled substances (under federal law), or distribution of a controlled substance (under federal law), or one of each, or any combination thereof, were intended as part of the conspiracy.

The two acts may be of the same type of offense, but need not be so. The two acts may be of a different type, but need not be so. Again, the government is not required to prove that any defendant personally committed any racketeering acts, or that any defendant agreed to personally commit two racketeering acts. Rather, it is sufficient if the government proves beyond a reasonable doubt that the defendant agreed to participate in the charged racketeering conspiracy with the knowledge and intent that at least one member of the conspiracy would commit at least two acts of racketeering, whether or not those acts were actually committed.

AUTHORITY: 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.11 (6th ed. 2013); Third Circuit Manual of Model Jury Instructions 6.18.1962D (West 2014 ed); Seventh Circuit Pattern Jury Instructions (1999 ed.); Eleventh Circuit Pattern Jury Instructions § 71.2 (2003 ed.); *Salinas v. United States*, 522 U.S. 52, 62-65 (1997); *United States v. Pratt*, 728 F.3d 463, 477 (5th Cir. 2013); *United States v. Cain*, 671 F.3d 271, 291 (2d Cir. 2012); *United States v. Mouzone*, 687 F.3d 207, 218 (4th Cir. 2012); *United States v. Tello*, 687 F.3d 785, 792 (7th Cir. 2012); *United States v. Applins*, 637 F.3d 59, 75 (2d Cir. 2011); *United States v. Yannotti*, 541 F.3d 112, 122 (2d Cir. 2008); *United States v. Lawson*, 535 F.3d 434, 445 (6th Cir. 2008); *United States v. Useni*, 516 F.3d 634, 646 (7th Cir. 2008); *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir. 2007); *United States v. Browne*, 505 F.3d 1229, 1265 (11th Cir. 2007); *United States v. Smith*, 413 F.3d 1253, 1272-73 (10th Cir. 2005); *United States v. Saadey*,

74

393 F.3d 669, 676 (6th Cir. 2005); *United States v. Pipkins*, 378 F.3d 1281, 1288 (11th Cir. 2004); *United States v. Lee*, 374 F.3d 637, 646-47 (8th Cir. 2004); *United States v. Harriston*, 329 F.3d 779, 785 (11th Cir. 2003); *United States v. Ciccone*, 312 F.3d 535, 542 (2d Cir. 2002); *United States v. Abbell*, 271 F.3d 1286, 1299 (11th Cir. 2001); *United States v. Nguyen*, 255 F.3d 1335, 1341 (11th Cir. 2001); *United States v. Zichettello*, 208 F.3d 72, 100 (2d Cir. 2000); *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998); *United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998); *United States v. Starrett*, 55 F.3d 1525, 1543-44 (11th Cir. 1995); *United States v. Quintanilla*, 2 F.3d 1469, 1484 (7th Cir. 1993); *United States v. Eufrasio*, 935 F.2d 553, 577 (3d Cir. 1991); *United States v. Rastelli*, 870 F.2d 822, 825 (2d Cir. 1989); *United States v. Neapolitan*, 791 F.2d 489, 498 (7th Cir. 1986); *United States v. Elliot*, 571 F.2d 880, 903-04 (5th Cir. 1978).

**Part III - Violent Crimes in Aid of Racketeering**

**Instruction No. 48: The Nature of the Offense Charged—Counts 2, 6, 10, 12, and 16**

Next, I will instruction you on the charges called Violent Crimes in Aid of Racketeering, often called "VICAR." The First Superseding Indictment charges specific defendants with two types of Violent Crimes in Aid of Racketeering: VICAR Murder and VICAR Attempted Murder. These two crimes have the same general elements, so I will instruct you as to VICAR Murder and VICAR Attempted Murder at the same time.

### Count Two – VICAR Attempted Murder of Armonti Womack

Count Two of the First Superseding Indictment charges that on or about June 15, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s Crips, an enterprise engaged in racketeering activity, the defendants, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, and PHILLIP DAEKWON MILES, did attempt to murder Armonti Devine Womack, in violation of Virginia Code Sections 18.2-32, 18.2-26, and 18.2-18.

All in violation of Title 18, United States Code, Sections 2 and 1959(a)(5).

### Count Six – VICAR Attempted Murder of Dwight Harris

Count Six of the First Superseding Indictment charges that, on or about June 15, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s Crips, an enterprise engaged in racketeering activity, the defendants, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, and

76

PHILLIP DAEKWON MILES, did attempt to murder Dwight Montel Harris in violation of the Virginia Code Sections 18.2-32, 18.2-26, and 18.2-18.

All in violation of Title 18, United States Code, Sections 2 and 1959(a)(5).


### Count Ten – VICAR Murder of Christopher Motley

Count Ten of the First Superseding Indictment charges that on or about August 20, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s Crips, an enterprise engaged in racketeering activity, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, did murder Christopher Lamont Motely, in violation of Virginia Code Sections18.2-32 and 18.2-18.

All in violation of Title 18, United States Code, Sections 2 and 1959(a)(1).


### Count Twelve – VICAR Attempted Murder of Justion Wilson

Count Twelve of the First Superseding Indictment charges that, on or about August 20, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s Crips, an enterprise engaged in racketeering activity, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, did attempt to murder Justion Wilson in violation of Virginia Code Sections 18.2-32, 18.2-26, and 18.2-18.

All in violation of Title 18, United States Code, Sections 2 and 1959(a)(5).

77

**Count Sixteen – VICAR Attempted Murder of Tyliek Conway**

Count Sixteen of the First Superseding Indictment charges that, on or about August 24, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s Crips, an enterprise engaged in racketeering activity, the defendants, KEVIN LAMONT TRENT JR., DESHAUN LAMAR TRENT, and PHILLIP DAEKWON MILES, did attempt to murder Tyliek Conway in violation of Virginia Code Sections 18.2-32, 18.2-26, and 18.2-18.

All in violation of Title 18, United States Code, Sections 2 and 1959(a)(5).

ATHORITY: First Superseding Indictment.

78

**Instruction No. 49:  The Statute Defining the Offense Charged—Counts 2, 6, 10, 12, and 16**

Section 1959 of Title 18, United States Code, provides in pertinent part:

*Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . any individual in violation of the laws of any State or the United States, or attempts or conspires to do so . . .*

Shall be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Sections 1959(a)(1) and (5).

**Instruction No. 50:  The Essential Elements of the Offense Charged—Counts 2, 6, 10, 12, and 16**

In order for you to find the defendants KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, and PHILLIP DAEKWON MILES, guilty of **Count Two – the VICAR Attempted Murder of Armonti Womack --** the government must prove beyond a reasonable doubt each of the following elements:

| | |
|---|---|
| **One** | On or about June 15, 2016, the Rollin 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce; |
| **Two** | The enterprise engaged in racketeering activity; |
| **Three** | The defendant had a position in or was associated with the enterprise; |
| **Four** | The defendant committed, or aided and abetted, the attempted murder of Armonti Devine Womack in violation of state law; and |
| **Five** | The defendant's purpose in committing the attempted murder, or aiding and abetting the attempted murder, was to maintain or increase position in the enterprise. |

I have already instructed you as to the elements of Virginia attempted murder.

In order for you to find the defendants KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, and PHILLIP DAEKWON MILES, guilty of **Count Six -- the VICAR Attempted Murder of Dwight Harris --** the government must prove beyond a reasonable doubt each of the following elements:

80

| | |
|---|---|
| **One** | On or about June 15, 2016, the Rollin 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce; |
| **Two** | The enterprise engaged in racketeering activity; |
| **Three** | The defendant had a position in or was associated with the enterprise; |
| **Four** | The defendant committed, or aided and abetted, the the attempted murder of Dwight Montel Harris in violation of state law; and |
| **Five** | The defendant's purpose in committing the attempted murder, or aiding and abetting the attempted murder, was to maintain or increase position in the enterprise. |

I have already instructed you as to the elements of Virginia attempted murder.

In order for you to find the defendants MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, guilty of **Count Ten -- the VICAR Murder of Christopher Motley --** the government must prove beyond a reasonable doubt each of the following elements:

| | |
|---|---|
| **One** | On or about June 15, 2016, the Rollin 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce; |
| **Two** | The enterprise engaged in racketeering activity; |
| **Three** | The defendant had a position in or was associated with the enterprise; |
| **Four** | The defendant committed, or aided and abetted, the murder of Christopher Lamont Motley, in violation of state law; and |
| **Five** | The defendant's purpose in committing the attempted murder, or aiding and abetting the attempted murder, was to maintain or increase position in the enterprise. |

I have already instructed you as to the elements of Virginia murder.

81

In order for you to find the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, guilty of **Count Twelve – the VICAR Attempted Murder of Justion Wilson --** the government must prove beyond a reasonable doubt each of the following elements:

| | | |
|---|---|---|
| **One** | On or about June 15, 2016, the Rollin 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce; | |
| **Two** | The enterprise engaged in racketeering activity; | |
| **Three** | The defendant had a position in or was associated with the enterprise; | |
| **Four** | The defendant committed, or aided and abetted, the attempted murder of Justion Wilson, in violation of state law; and | |
| **Five** | The defendant's purpose in committing the attempted murder, or aiding and abetting the attempted murder, was to maintain or increase position in the enterprise. | |

I have already instructed you as to the elements of Virginia attempted murder.

In order for you to find the defendants, KEVIN LAMONT TRENT JR., DESHAUN LAMAR TRENT, and PHILLIP DAEKWON MILES, guilty of **Count Sixteen – the VICAR Attempted Murder of Tyliek Conway --** the government must prove beyond a reasonable doubt each of the following elements:

| | | |
|---|---|---|
| **One** | On or about June 15, 2016, the Rollin 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce; | |
| **Two** | The enterprise engaged in racketeering activity; | |
| **Three** | The defendant had a position in or was associated with the enterprise; | |
| **Four** | The defendant committed, or aided and abetted, the attempted murder of Tyliek Conway, in violation of state law; and | |

**Five**        The defendant's purpose in committing the attempted murder, or aiding and abetting the attempted murder, was to maintain or increase position in the enterprise.

I have already instructed you as to the elements of Virginia attempted murder.

AUTHORITY: 18 U.S.C. § 1959(a)(1) and (5); *United States v. Zelaya*, 908 F.3d 920, 926-27 (4th Cir. 2018); *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994).

**Instruction No. 51:  First Element—Existence of an Enterprise**

For both VICAR Murder and VICAR Attempted Murder, the first element the government must prove beyond a reasonable doubt is that an "enterprise" existed as defined in the First Superseding Indictment and that enterprise engaged in, or its activities affected, interstate commerce.   The government has charged the same enterprise for these counts as in the racketeering conspiracy count, that is, the Rollin 60s Crips, including its leadership, members and associates.   I have already instructed you on what is necessary for the government to prove that the Rollin 60s Crips is an enterprise. Those same instructions apply these Counts.

AUTHORITY: 3 L. Sand, et al., Modern Federal Jury Instructions-Criminal, Instruction 52-37 (2007).

**Instruction No. 52:  Second Element—The Enterprise Engaged in Racketeering Activity**

For both VICAR Murder and VICAR Attempted Murder, the next element the government must prove beyond a reasonable doubt is that the enterprise engaged in racketeering activity.   As I have explained before, racketeering activity includes certain state and federal crimes.   Specifically, the Rollin 60s Crips are alleged to have engaged in the following types of racketeering activity: (1) acts involving murder in violation of Virginia state law, (2) witness tampering indictable under federal law, (3) obstruction of justice indictable under federal law, and (4) conspiring to distribute controlled substances, distributing controlled substances, or possessing with intent to distribute controlled substances in violation of federal law.    I have already instructed you regarding the elements of these racketeering acts.

For the Violent Crime in Aid of Racketeering charges contained in Counts 2, 6, 10, 12, and 16 of the First Superseding Indictment, the government is <u>not</u> required to prove that a defendant committed or agreed to commit a "pattern of racketeering activity."   For these Counts, the government must only prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes I discussed as racketeering activity.

It is for you to determine whether the enterprise "engaged in" these activities as charged. The element is satisfied by showing that members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise.

<u>AUTHORITY</u>: 3 L. Sand, et al., <u>Modern Federal Jury Instructions-Criminal</u>, Instruction 52-38 (2007).

**Instruction No. 53: Third Element – Position in or Associated with the Enterprise**

For both VICAR Murder and VICAR Attempted Murder, the third element the government must prove beyond a reasonable doubt is that the defendant had a position in or was associated with the enterprise. The government need not prove both; the defendant can either be "position in" or "associated with" the enterprise to establish this element.

The term "position in" is not restricted to the traditional employment definition. Under this statute, "position in" also means had a role in or was engaged by the enterprise. A person with a "position in" an enterprise is someone who was a member of or was employed by the enterprise.

"Associated with" also should be given its plain meaning. To "associate" means to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . To join or connect with one another. Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that each defendant agree that any particular conspirator had a "position in" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that a defendant agree that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that at some time during the existence of the enterprise, a conspirator was or had a "position in" or was "associated with" the enterprise within the meaning of those terms as I have just explained and that he or she knew or would know of the general nature of the

86

enterprise, and knew or would know that the enterprise extended beyond his own role in the enterprise.

**Instruction No. 54: Fourth Element—The Defendant Committed the Charged Crime of Violence**

For both VICAR Murder and VICAR Attempted Murder, the next element the government must establish beyond a reasonable doubt is that the defendant committed the alleged violent crime charged in Counts Two, Six, Ten, Twelve, and Sixteen of the First Superseding Indictment.   Here, the violent crimes are murder and attempted murder.

When I instructed you on racketeering activity, I explained to you the definition and elements of murder and attempted murder.   Those same instructions apply here to the counts for VICAR Murder and VICAR Attempted Murder.

AUTHORITY: 3-52 Modern Federal Jury Instructions-Criminal § 52.07, Instruction 52-40; Va. Prac. Jury Instruction § 73:1, Elements; Va. Prac. Jury Instruction § 73:3, Liability of conspirators; Va. Prac. Jury Instruction § 80:8, First Degree Murder; Va. Prac. Jury Instruction § 80:18, Willful; Va. Prac. Jury Instruction § 80:14, Malice; Va. Prac. Jury Instruction § 80:32, Second Degree Murder; Va. Prac. Jury Instruction § 80:36, Second Degree Murder—Malice Necessary; Va. Prac. Jury Instruction § 60:5, Principles in the First and Second Degree; Va. Prac. Jury Instructions § 80:11, First degree murder—Specific statutory acts (modified); *United States v. Ayalya*, 601 F.3d 256, 265 (4th Cir. 2010); *United States v. Cousins*, 198 F.Supp.3d 621, 626 (E.D. Va 2016); *United States v. Cuong Gia Le*, 316 F. Supp. 2d 355, 361 (E.D. Va 2004).

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 88 of 138   Pageid#: 3242

**Instruction No. 55:  Fifth Element—Purpose to Maintain or Increase Position in the Enterprise or to Gain Entrance into the Enterprise**

For both VICAR Murder and VICAR Attempted Murder, the fifth element the United States must prove beyond a reasonable doubt is that the defendant's general purpose in committing murder or attempted murder was to maintain or increase position in the enterprise. The United States is not required to prove that it was the defendant's sole or principal motive or purpose.

In determining whether the defendant's purpose in committing the alleged acts was to maintain or increase position in the enterprise, you should give the words "maintain" or "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination.   For example, you may consider evidence that the crime, if proved, was intended to or served to maintain a position in the enterprise or maintain discipline within the enterprise.   If the defendant conspired, committed, or attempted to commit the crime because he knew it was expected of him by reason of his membership in the enterprise, because he thought it would enhance his position or prestige within the enterprise, or because he thought it was necessary to maintain the position he already held, this element would be established. These examples are only meant by way of illustration.   They are not exhaustive.

AUTHORITY: 3-52-41 Modern Federal Jury Instructions– Criminal § 52.07.

I will now instruct you on the substantive charges of Using a Firearm in Relation to a Crime of Violence.   The crimes of violence in the First Superseding Indictment are VICAR Murder and VICAR Attempted Murder.

**Count Eleven – Use of a Firearm in Relation to Murder**

Count Eleven of the First Superseding Indictment charges that on or about August 20, 2016, in in the Western District of Virginia, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, aviolation of Title 18, United States Code, Section 1959(a)(1), as set forth Count Ten , and in the course of a violation of Title 18, United States Code, Section 924(c), caused the death of a person through the use of a firearm, which killing is murder as as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(j).

AUTHORITY: First Superseding Indictment.

**Instruction No. 57:  The Statutes Defining the Offenses Charged—Count 11**

Section 924(c) of Title 18 of the United States Code provides, in part, that:

*. . . Any person who, during and in relation to a crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall . . .*

Be guilty of an offense against the United States.

Section 924(j) of Title 18 of the United States Code provides, in part, that:

*Any person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm shall . . .*

Be guilty of an offense against the United States.

Section 1111(a) of Title 18 of the United States Code provides, in pertinent part, that:

*Murder is the unlawful killing of a human being with malice aforethought.*


AUTHORITY: Title 18, United States Code, Sections 924(c), 924(j), 1111(a).

**Instruction No. 58:  The Essential Elements of the Offense Charged—Count 11**

In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a crime of violence, as charged in Count Eleven of the First Superseding Indictment, the government must prove the following three elements beyond a reasonable doubt:

**One**        The defendant committed the crime of murder as identified in Count Ten;

**Two**        During and in relation to the commission of that crime, the defendant knowingly used or carried a firearm; and

**Three**      The defendant's use or carrying of that firearm was during and in relation to the murder of Christopher Motley as contained in Count Ten.

I have previously instructed you on the elements of the underlying crimes of VICAR Murder.     It is not necessary for the government to show that the weapon was fired. I t is sufficient if the proof establishes that the firearm furthered the commission of the murder or was an integral part of the underlying crime being committed.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2019).

## Part V - Use of Firearms in Relation to Crimes of Violence

## Instruction No. 59: The Nature of the Offense Charged—Counts 3, 7, 13, and 17

### Count Three

Count Three of the First Superseding Indictment charges that, on or about June 15, 2016, in the Western District of Virginia, the defendants, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, and PHILLIP DAEKWON MILES, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Two of this First Superseding Indictment.

All in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(iii).

### Count Seven

Count Seven of the First Superseding Indictment charges that, on or about June 15, 2016, in the Western District of Virginia, the defendants, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, and PHILLIP DAEKWON MILES, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is a violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Six of this First Superseding Indictment.

All in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(iii).

93

**Count Thirteen**

Count Thirteen of the First Superseding Indictment charges that on or about August 20, 2016, in the Western District of Virginia, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, SHABBA LARUN CHANDLER, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Twelve of this First Superseding Indictment.

All in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(iii).

**Count Seventeen**

Count Seventeen of the First Superseding Indictment charges that, on or August 24, 2016, in the Western District of Virginia, the defendants, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is a violation of Title 18, United States Code, section 1959(a)(5), as set forth in Count Sixteen of this First Superseding Indictment.

All in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(iii).

AUTHORITY: First Superseding Indictment.

94

**Instruction No. 60: The Statute Defining the Offense Charged—Counts 3, 7, 13, and 17**

Section 924(c) of Title 18 of the United States Code provides, in pertinent part, that:

*. . . Any person who, during and in relation to any crime of violence . . . For which the person may be prosecuted in a court of the United States, uses or carries [or brandishes or discharges] a firearm, . . .*

shall

be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Section 924(c).

**Instruction No. 61:  The Essential Elements of the Offense Charged—Counts 3, 7, 13, and 17**

In order to sustain its burden of proof for the crime of using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence, as charged in Counts Three, Seven, Thirteen, and Seventeen of the First Superseding Indictment, the government must prove the following two elements beyond a reasonable doubt:

**One**        The defendant used or carried or brandished or discharged a firearm;

**Two**        The defendant did so during and in relation to the commission of the crimes of violence as alleged in Counts Two, Six, Twelve, and Sixteen, which may be prosecuted in federal court.


I hereby instruct you as a matter of law that the crime of VICAR Attempted Murder is a crime of violence for purposes of Counts Three, Seven, Thirteen, and Seventeen.

I have previously instructed you on the essential elements of VICAR Attempted Murder.


AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2019)(modified).

**Instruction No. 62:  Firearm defined— Counts 3, 7, 13, and 17**

The term "firearm" means any weapon (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the frame or receiver of any such weapon.

You need not find that the firearm was loaded or that it was operable at the time of the offense.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39.11 (6th ed. 2019)(modified); 2 L. Sand, et al., Modern Federal Jury Instructions, 35-59 (2005); Title 18, United States Code, Section 921(a)(3); *United States v. Martinez*, 912 F.2d 419, 421 (10th Cir. 1990) (Use of unloaded firearm "falls within the prohibitions of § 924(c)"); *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir.), cert. denied, 498 U.S. 824 (1990) (Firearm need not be loaded); *United States v. Theodoropoulos*, 886 F.2d 587, 595 n.3 (3d Cir. 1989) (Firearm need not be operable); *United States v. York*, 830 F.2d 885, 891-92 (8th Cir. 1987), cert. denied, 484 U.S. 1074 (1988) (Firearm need not be operable); *United States v. Gonzalez*, 800 F.2d 894, 899 (9th Cir. 1986) (Firearm need not be loaded or operable).

**Instruction No. 63: "Uses or Carries a Firearm"—Defined**

To "use" a firearm means more than mere possession of a firearm or having it available during the crime of violence as alleged in the First Superseding Indictment. The government must prove that the defendant actively employed the firearm in the alleged crime of violence. "Active employment" may include brandishing, displaying, bartering, striking with, firing, or attempting to fire the firearm. It may also include the mere mention or disclosure of a firearm's presence in a manner intended to intimidate or influence others.

To "carry" a firearm means that the defendant carried the firearm in the ordinary meaning of the word "carry," such as by transporting a firearm on the person or in a vehicle. The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the crime of violence. The firearm does not have to be readily accessible.

In determining whether the defendant used or carried a firearm during and in relation to a crime of violence as charged in the First Superseding Indictment, you may consider all of the factors received in evidence in the case, including the nature of the underlying crime or crimes of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39.20 (6th ed. 2015), available at Westlaw (modified); Pattern Crim. Jury Instr. 5th Cir. 2.44 (2015) (modified).

98

**Instruction No. 64: "Brandishes a Firearm"—Defined**

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

AUTHORITY: Title 18, United States Code, Section 924(c)(1)(D)(4).

# Instruction No. 65: "Possess"—Defined

The word "possess" means to own or to exert control over an item or property voluntarily and intentionally. The law recognizes two kinds of "possession" – actual possession and constructive possession. Actual possession is knowingly having direct physical control or authority over a thing at a given time. Constructive possession is when a person has the power or intention to exercise dominion or control over a thing, either directly or through another person or persons. Constructive possession requires that the person had knowledge of the presence of the item.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39.12 (6th ed. 2015), available at Westlaw.

**Instruction No. 66: "During and in Relation" to a Crime of Violence—Defined**

The government must prove beyond a reasonable doubt that the firearm had some relation to or some connection to the underlying crime of violence as alleged in Counts Three, Seven, Thirteen, and Seventeen.

A firearm is used, carried, possessed, brandished or discharged "in relation to" a crime of violence if it has some purpose or effect with respect to the crime of violence and if its presence was not the result of an accident or coincidence. The firearm must have facilitated, or potentially facilitated the crime of violence. For example, if a firearm is possessed for protection or intimidation, it is possessed "in relation to" the crime of violence offense within the meaning of the statute.

In determining whether the firearm assisted or facilitated the commission of the crime, you may consider all of the factors received in evidence in the case, including the nature of the underlying crime of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

AUTHORITY: *United States v. Mitchell*, 104 F.3d 649, 653 (4th Cir. 1997); *United States v. Brockington*, 849 F.2d 872 (4th Cir. 1988).

101

**Instruction No. 67:  Aiding and Abetting — Using or Carrying a Firearm During and in Relation to a Crime of Violence**

In order to find the defendant guilty of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, you must find that that the defendant (1) took an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission.

A person takes an affirmative act in furtherance of an offense if he facilitates, that is, if he acts to help or assist or make possible, any part – though not necessarily every part – of the crime.   An affirmative act includes all assistance rendered by words, acts, encouragement, support, or presence.

As a result, in the context of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, a person takes the necessary affirmative act if he facilitates the use or carriage of a firearm or the commission of the violent crime.   It is not necessary that the person facilitate both the firearm use or carriage and the violent crime.

A person acts with the required intent if he knowingly associates himself in some way with the crime and participates in the crime by doing some act to help make the crime succeed. This intent requirement is satisfied when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense.

In the context of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, a person acts with the requisite intent if he had advance knowledge that a confederate would use or carry a gun during the commission of a violent crime. Advance knowledge means knowledge at a time the person can attempt to alter the plan or withdraw from the enterprise.   Knowledge of the gun may, but does not have to, exist before the underlying crime is begun.   It is sufficient if the knowledge is gained in the midst of the

102

underlying crime, as long as the defendant continues to participate in the crime and had a realistic opportunity to withdraw.   You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant continued his participation in the crime after a gun was displayed or used by a confederate.

AUTHORITY: *Rosemond v. United States*, 134 S. Ct. 1240 (2014).

**Instruction No. 68:  Aiding and abetting — Brandishing a Firearm During and in Relation to a Crime of Violence**

If you find that the defendant is guilty of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, you must also determine if the defendant is guilty of aiding and abetting the brandishing of a firearm during and in relation to a crime of violence.

The defendant is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that a confederate would display or make the presence of a firearm known for purposes of intimidation.   The defendant need not have had advance knowledge that a confederate would actually brandish the firearm.   This requirement is satisfied if the defendant knew that a confederate intended to brandish a firearm to intimidate if the need arose.

AUTHORITY: *Rosemond v. United States*, 134 S. Ct. 1240 (2014).

**Instruction No. 69:  Aiding and Abetting — Discharging a Firearm During and in Relation to a Crime of Violence**

If you find that the defendant is guilty of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, you must then determine whether the firearm was discharged, even accidentally.   To aid and abet the possession or carrying of a firearm that was discharged, the defendant need not have advance knowledge that the discharge would occur.

AUTHORITY: *Rosemond v. United States*, 134 S. Ct. 1240 (2014).

## Part VI - Accessory After the Fact (Counts 20 and 21)
## Instruction No. 70:  The Nature of the Offense Charged—Counts 20 and 21

I will now explain and instruct you on the other substantive counts in the indictment. The first set of charges are for Accessory After the Fact.

### Count Twenty

Count Twenty of the First Superseding Indictment charges that, on or about August 20-21, 2016, in the Western District of Virginia, the defendant, ASHLEY TIANA ROSS, knowing that an offense against the United States had been committed, to wit, murder and attempted murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a), as charged in Counts Ten and Twelve, did receive, relieve, comfort, and assist one or more members of the Rollin 60s Crips gang, in order to hinder and prevent the offenders' apprehension, trial, and punishment by disposing of evidence related to the charged offense, to wit, disposing of shell casings and cleaning part of the crime scene in order to help avoid detection from law enforcement.

All in violation of Title 18, United States Code, Section 3.

### Count Twenty-One

Count Twenty-One of the First Superseding Indictment charges that, on or about August 20-21, 2016, in the Western District of Virginia, the defendant, ~~Shanicqua Latrice Coleman and~~ TENIKQUA FULLER, knowing that an offense against the United States had been committed, to wit, murder and attempted murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a), as charged in Counts Ten and Twelve, did receive, relieve, comfort, and assist one or more members of the Rollin 60s Crips gang, in order to hinder and prevent the members' apprehension, trial, and punishment by helping to conceal gang members inside their

106

apartment, by hiding evidence of the charged offenses, and by assisting gang members in destroying, disposing and erasing of evidence of the charged offenses.

In violation of Title 18, United States Code, Section 3.

<u>AUTHORITY</u>: First Superseding Indictment.

**Instruction No. 71:  The Statute Defining the Offense Charged—Counts 20 and 21**

Section 3 of Title 18 of the United States Code provides, in pertinent part, that:

*Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.*

AUTHORITY: Title 18, United States Code, Section 3.

108

**Instruction No. 72: The Essential Elements of the Offense Charged—Counts 20 and 21**

In order to sustain its burden of proof for the crime of accessory after the fact as charged in Counts Twenty and Twenty-One of the First Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

| | |
|---|---|
| **One** | A crime against the United States had been committed. I have already instructed you on the crimes of murder and attempted murder in aid of racketeering; |
| **Two** | The defendant knew that the crime had been committed; |
| **Three** | The defendant intentionally received, relieved, comforted, or assisted the person who committed the crime; and |
| **Four** | The defendant did so in order to hinder or prevent the apprehension, trial, or punishment of the person who committed the crime. |

AUTHORITY: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 18 U.S.C. § 3 (2018 Online Edition).

**Instruction No. 73:  Necessity of Conviction of Substantive Crime**

For one to be convicted as an accessory after the fact, the substantive crime must be complete.

AUTHORITY: *United States v. McCoy*, 721 F.2d 473 (4th Cir. 1983)

**Part VII - Obstruction of Justice – Tamper with Proceedings (Count 22)**

**Instruction No. 74: The Nature of the Offense Charged—Count 22**

The next substantive count is for tampering with grand jury proceedings.

Count Twenty-Two of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, the defendant, Ashley Tiana Ross, did corruptly obstruct, influence, and impede, or attempt to do so, *In re: Investigation into the violence in Danville, Virginia*, an official proceeding, by providing false testimony to a federal grand jury.

All in violation of Title 18, United States Code, Section 1512(c)(2).

AUTHORITY: First Superseding Indictment.

**Instruction No. 75: The Statute Defining the Offense Charged—Count 22**

Section 1512(c)(2) of Title 18 of the United States Code provides, in pertinent part, that:

*. . . Whoever corruptly, . . . otherwise obstructs, influences, or impedes any official proceeding or attempts to do so...*

Shall be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Section 1512(c)(2)

Case 4:18-cr-00011-MFU-RSB   Document 659   Filed 08/23/19   Page 112 of 138   Pageid#: 3266

**Instruction No. 76: The Essential Elements of the Offense Charged—Count 22**

In order to sustain its burden of proof for the crime of obstruction of justice by tampering with an official proceeding, as charged in Count Twenty-Two of the First Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

**One**        That there was a pending official proceeding;

**Two**        The defendant had knowledge of the pending proceeding;

**Three**      The defendant obstructed, influenced, or impeded, or attempted to

              obstruct, influence, or impede the official proceeding; and

              The defendant did so corruptly.

An official proceeding means a proceeding before a judge or court of the United States, a United States magistrate judge, or a Federal grand jury.

An official proceeding need not be pending or about to be instituted at the time of the defendant's alleged conduct, and the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

AUTHORITY:   Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina* 18 U.S.C. § 1512(c)(2) (2018 Online Edition); 18 U.S.C. § 1512(f); 18 U.S.C. § 1515(a).

113

**Instruction No. 77: Definition of "Corruptly"**

Merely persuading a person to withhold testimony in an official proceeding is not obstruction of justice. A defendant acts "corruptly" if the defendant acted knowingly and dishonestly, with the intent to subvert or undermine the integrity of the official proceeding. Only persons conscious of wrongdoing can be said to act "corruptly."

AUTHORITY: *Arthur Anderson LLP v. United States*, 544 U.S. 696, 706 (2005); *see United States v. Chujoy and Edlind*, Case No. 5:15-cr-29.

114

**Part VIII - Obstruction of the Due Administration of Justice (Counts 23, 36, 38, and 39)**

**Instruction No. 78: The Nature of the Offense Charged—Counts 23, 36, 38 and 39**

The next set of substantive charges are for the crime of Obstruction of Justice.

### Count Twenty-Three

Count Twenty-Three of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, the defendant, ASHLEY TIANA ROSS, did corruptly obstruct and impede and endeavor to endeavor to influence, and impede, or attempt to do so, the due administration of justice in a pending criminal investigation by falsely testifying, while under oath, to a Federal Grand Jury

All in violation of Title 18, United States Code, Section 1503.

### Count Thirty-Six

Count Thirty-Six of the First Superseding Indictment charges that on or about November 7, 2017, in the Western District of Virginia, the defendant, PHILLIP DAEKWON MILES, did corruptly, or by threats or force, influence, obstruct and impede or endeavor to influence, obstruct and impede, or attempt to do so, the due administration of justice in a pending criminal investigation, namely *In re: Investigation in the violence in Danville, Virginia,* by engaging in threatening conduct toward a witness, that is Tanasia Coleman.

AlL In violation of Title 18, United States Code, Section 1503.

### Count Thirty-Eight

Count Thirty-Eight of the First Superseding Indictment charges that on or around October or November 2017, the exact date being unknown to the Grand Jury, in the Western District of Virginia, ASHLEY TIANA ROSS, did corruptly, by threats or force, influence, obstruct and impede, or endeavor to influence, obstruct and impede, or attempt to do so, the due

administration of justice in a pending criminal investigation, namely *In re: Investigation into the violence in Danville, Virginia,* by instructing a witness, Tanasia Coleman, to provide a false story to law enforcement who were then involved in the above referenced investigation.

All in violation of Title 18, United States Code, Section 1503.

### Count Thirty-Nine

Count Thirty-Nine of the First Superseding Indictment charges that on or about April 2018, in the Western District of Virginia, ASHLEY TIANA ROSS, did corruptly, or by threats or force, influence, obstruct and impede, or endeavor to influence, obstruct and impede, or attempt to do so, by destroying evidence in a pending criminal investigation, namely *In re: Investigation into the violence in Danville, Virginia.*

All in violation of Title 18, United States Code, Section 1503.

AUTHORITY: First Superseding Indictment.

116

**Instruction No. 79: The Statute Defining the Offense Charged—Counts 23, 36, 38 and 39**

Section 1503 of Title 18 of the United States Code provides, in pertinent part, that:

*Whoever. . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice…*

Shall be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Section 1503.

**Instruction No. 80:  The Essential Elements of the Offense Charged—Counts 23, 36, 38 and 39**

As you will recall, one of the racketeering acts charged under Count I – Racketeering Conspiracy – is obstruction of justice.   The elements and definitions for obstruction of justice that I am about to explain are also applicable to the racketeering act of obstruction of justice.

In order to sustain its burden of proof for the crime of obstruction of the due administration of justice as charged in Count Twenty-Three, Thirty-Six, Thirty-Eight and Thirty-Nine of the First Superseding Indictment, the government must prove the following three elements beyond a reasonable doubt:

| | |
|---|---|
| **One** | That there was a pending official proceeding; |
| **Two** | That the defendant had knowledge or notice of the pending proceeding; |
| **Three** | That the defendant, influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due administration of justice; and |
| **Four** | That the defendant did so corruptly, that is with the intent to influence, obstruct, or impede that proceeding in its due administration of justice, or by threats or force, or by threatening letter or communication. |

I have previously explained the terms "official proceeding" and "corruptly" to you.

To act with intent to influence the testimony of a witness means to act for the purpose of getting the witness to change, color, or shade his or her testimony in some way, but it is not necessary for the government to prove that the witness's testimony was, in fact, changed in any way.

118

The government is not required to prove that the person to be threatened or intimidated actually felt threatened, or intimidated, or influenced or that there was any actual delay or withholding of that person's testimony.

Merely persuading a person to withhold testimony in an official proceeding is not obstruction of justice. A defendant acts "corruptly" if the defendant acted knowingly and dishonestly, with the intent to subvert or undermine the integrity of the official proceeding. Only persons conscious of wrongdoing can be said to act "corruptly."

AUTHORITY: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina* 18 U.S.C. § 1503 (2018 Online Edition); *United States v. Grubb*,

**Witness Tampering (Counts 35, 37, and 40)**

**Instruction No. 81:  The Nature of the Offense Charged—Counts 35, 37, and 40)**


The next set of substantive counts in the First Superseding Indictment are for witness tampering.   As you will recall, one of the racketeering acts charged under Count I – Racketeering Conspiracy – is witness tampering.   The elements and definitions for witness tampering that I am about to explain are also applicable to the racketeering act of witness tampering.


**Count Thirty-Five**

Count Thirty-Five of the First Superseding Indictment charges that on or about November 7, 2017, in the Western District of Virginia, PHILLIP DAEWKON MILES, did knowingly intimidate, threaten, and corruptly persuade, or attempt to do so, and engage in misleading conduct toward a witness, that is Tanasia Coleman, with the intent to influence, delay, and prevent her testimony and participation as a witness in an official proceeding, namely, *In re: Investigation into the violence in Danville, Virginia*.

All in violation of Title 18, United States Code, Section 1512(b)(1).

**Count Thirty-Seven**

Count Thirty-Seven of the First Superseding Indictment charges that on or around October or November 2017, the exact date being unknown to the Grand Jury, in the Western District of Virginia, ASHLEY TIANA ROSS, did knowingly intimidate, threaten, and corruptly persuade, or attempt to do so, and engage in misleading conduct toward a witness, that is Tanasia Coleman, with the intent to influence, delay, and prevent her testimony and participation as a

120

witness in an official proceeding, namely, *In re: Investigation into the violence in Danville, Virginia*.

All in violation of Title 18, United States Code, Section 1512(b)(1).

**Count Forty**

Count Forty of the First Superseding Indictment charges that on or about April 24, 2018, in the Western District of Virginia, KEVIN LAMONT TRENT JR., did knowingly intimidate, threaten, and corruptly persuade, or attempt to do so, and engage in misleading conduct toward witnesses, with the intent to influence, delay, and prevent testimony of witnesses in an official proceeding, namely, *In re: Investigation into the violence in Danville, Virginia*.

All in violation of Title 18, United States Code, Section 1512(b)(1).

AUTHORITY: First Superseding Indictment.

121

**Instruction No. 82:  The Statute Defining the Offense Charged—Counts 35, 37 and 40**

Section 1512(b)(1) of Title 18 of the United States Code provides, in pertinent part, that:

*Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with the intent to influence, delay, or prevent the testimony of any person in an official proceeding. . .*

Shall be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Section 1512(b)(1).

**Instruction No. 83:  The Essential Elements of the Offense Charged—Counts 35, 37 and 40**

In order to sustain its burden of proof for the crime of witness tampering, as charged in Count Thirty-Five, Thirty-Seven and Forty of the First Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

**One**       That the defendant used intimidation, threatened, or corruptly persuaded, or attempted to use intimidation, threaten, or corruptly persuade, or engaged in misleading conduct toward, another person;

**Two**       That the defendant did so with intent to influence, delay, or prevent the testimony of any person in an official proceeding; and

**Three**     That the defendant did so knowingly, that is, that the defendant knew or had notice of the official proceeding, and that he intended or knew that his actions were likely to affect the official proceeding.

I have previously defined the term "official proceeding."   That same definition applies to this instruction.   The official proceeding need not be pending or about to be instituted at the time of the offense.

AUTHORITY:   Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina* 18 U.S.C. § 1512(b)(1) (2018 Online Edition); 18 U.S.C. § 1512(f).

123

**Instruction No. 84: Definition of "Misleading Conduct"**

The term "misleading conduct" means (1) knowingly making a false statement; (2) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; (3) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; (4) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or (5) knowingly using a trick, scheme, or device with intent to mislead.

AUTHORITY: 18 U.S.C. § 1515(a)(3).

124

**Instruction No. 85:  Definition of "Corrupt Persuason"**

Merely persuading a person to withhold testimony in an official proceeding is not witness tampering.   Persuasion is "corrupt" if the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.   Only persons conscious of wrongdoing can be said to knowingly corruptly persuade.

The term "corrupt persuasion" does not include conduct which would be misleading conduct but for a lack of state of mind.

AUTHORITY:   *United States v. Chujoy and Edlind*, Case No. 5:15-cr-29.

**Instruction No. 86:  Definition of "With Intent to Influence"**

To act with intent to influence the testimony of a witness means to act for the purpose of getting the witness to change, color, or shade his or her testimony in some way, but it is not necessary for the government to prove that the witness's testimony was, in fact, changed in any way.

The government is not required to prove that the person to be threatened or intimidated actually felt threatened, or intimidated, or influenced or that there was any actual delay or withholding of that person's testimony.

AUTHORITY:   *United States v. Chujoy and Edlind*, Case No. 5:15-cr-29.

**Instruction No. 87:  Definition of "Intimidation"**

The term "intimidation" as used in these instructions means the use of any words or any actions that would harass, frighten, or threaten a reasonable, ordinary person to do something that person would not otherwise do or not to do something that the person otherwise would do.

**Part IX - False Declarations Before the Grand Jury (Counts 26-34)**

**Instruction No. 88: The Nature of the Offense Charged—Counts 26-34**

The final set of substantive charges are the counts for false declarations before a grand jury.

**Count Twenty-Six**

Count Twenty-Six of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, ASHLEY TIANA ROSS, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration. That at the time and place alleged, Ashley Tiana Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter as follows:

> Q. And when you woke up that day at your apartment in North Hills Court, who was there?
> A. Me, Tanasia, and Tredarius and Harmony.
> Q. No one else?
> A. No.
> Q. And that did you do that day? So you woke up?
> A. I woke up, me and Harmony got dressed and we left. We left.

The testimony of ASHLEY TIANA ROSS, as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.

**Count Twenty-Seven**

Count Twenty-Seven of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, ASHLEY TIANA ROSS, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western

128

District of Virginia, knowingly did make a false material declaration. At the time and place alleged, ASHLEY TIANA ROSS, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter as follows:

> "Q.     And when she picked you up, did she have anything with her?
> A.     No, besides balloons and stuff, that's it.
> Q.     And you went from your apartment to where?
> A.     I think we went straight to Megabounce, yeah, straight to Megabounce.
> Q.     And when you left your apartment, who was in your apartment?
> A.     Tanasia and Tredarius.
> Q.     Anyone else?
> A.     No."

The testimony of ASHLEY TIANA ROSS, as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.


### Count Twenty-Eight

Count Twenty-Eight of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, Ashley Tiana Ross, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration. At the time and place alleged, Ashley Tiana Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the a material matter as follows:

> "Q.     And you went to Megabounce and how long were you there?
> A.     It felt like all day.   It was about all day, because I didn't come back home until like 10:00, maybe a little after 10:00.   Because after we left Megabounce, we went to

129

Pizza Hut and stayed at Pizza Hut until it closed.

\*          \*          \*

Q.        And how long were you at Pizza Hut?
A.        Until they closed.
Q.        Until close?
A.        Yes."

The testimony of Ashley Tiana Ross as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.


**Count Twenty-Nine**

Count Twenty-Nine of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, Ashley Tiana Ross, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration.   At the time and place alleged, Ashley Tiana Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to amaterial matter as follows:

"Q.        I'm asking you as you sit here today under oath before this Grand Jury, who was in your apartment the night Mouse was killed?
A.        Okay, no, Deshaun was not there.
Q.        Deshaun was not there?
A.        No."

The testimony of Ashley Tiana Ross as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.


**Count Thirty**

Count Thirty of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, Ashley Tiana Ross, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration. At the time and place alleged, Ashley Tiana

130

Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to amaterial matter as follows:

"Q.    Was MC there?
A.    No."

The testimony of Ashley Tiana Ross as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.


### Count Thirty-One

Count Thirty-One of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, Ashley Tiana Ross, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration.   At the time and place alleged, Ashley Tiana Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to amaterial matter as follows:

"Q.    From where?   Where are the gunshots coming from?
A.    From the outside.
Q.    Outside?
A.    Yes.
Q.    Some of them weren't coming from inside your apartment?
A.    No."

The testimony of Ashley Tiana Ross as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.


### Count Thirty-Two

Count Thirty-Two of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, Ashley Tiana Ross, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration.   At the time and place alleged, Ashley Tiana

131

Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to a material matter as follows:

"Q.     Were there shell casings in your living room?
A.      No.
Q.      There were no shell casings in your living?
A.      No, I didn't, it was dark.   I didn't see nothing.
Q.      Did you see shell casings in your living room later that night or the next day?
A.      No.
Q.      And you didn't help pick up any shell casings and dispose of them?
A.      No."

The testimony of Ashley Tiana Ross as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.


**Count Thirty-Three**

Count Thirty-Three of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, Ashley Tiana Ross, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration.   At the time and place alleged, Ashley Tiana Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to a material matter as follows:

"Q.     Did you ever see Javontay Holland that night?
A.      Who?
Q.      Tay Holland.
A.      Okay.
Q.      Your best friend.
A.      No.
Q.      You talked about him earlier, right?
A.      Yeah.
Q.      Did you ever see him that night?
A.      No."

The testimony of Ashley Tiana Ross as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.

132

**Count Thirty-Four**

Count Thirty-Four of the First Superseding Indictment charges that on or about May 7, 2018, in the Western District of Virginia, Ashley Tiana Ross, while under oath and testifying in a proceeding before a Federal Grand Jury of the United States in the Western District of Virginia, knowingly did make a false material declaration. At the time and place alleged, Ashley Tiana Ross, appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to a material matter as follows:

"Q.     Who is Jermay?
A.      He be with Phillip and them.   All of them.   They all grew up together.

*         *         *

Q.     Was he at North Hills Court the night Mouse was killed?
A.      No, no.   No."

The testimony of Ashley Tiana Ross as she then and there knew and believed, was false.

All in violation of Title 18, United States Code, Section 1623.

AUTHORITY: First Superseding Indictment.

**Instruction No. 89:  The Statute Defining the Offense Charged—Counts 26-34**

Section 1623 of Title 18, United States Code, provides in pertinent part:

*Whoever under oath. . .in any proceeding before [a] grand jury of the United States knowingly makes and false material declaration . . .*

Shall be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Section 1623.

**Instruction No. 90:  The Essential Elements of the Offense Charged—Counts 24-34**

In order to sustain its burden of proof for the crime of making false declaration before grand jury as charged in Counts Twenty-Four through Thirty-Four of the First Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

**One**      The defendant testified under oath before a federal grand jury;

**Two**      The testimony was false;

**Third**    That the defendant acted knowingly, that is to say, the defendant knew the testimony was false – it did not result from confusion or mistake but was intended to deceive the fact finder; and

**Fourth**   That the false testimony was material.

AUTHORITY: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 18 U.S.C. § 1623 (2018 Online Edition)*; United States v. Stotts*, 113 F.3d 493 (4th Cir. 1997); *United States v. Dunnigan*, 507 U.S. 87 (1993); *United States v. Smith*, 62 F.3d 641 (4th Cir. 1995)*;United States v. Wilkerson*, 137 F.3d 214, 224 (4th Cir. 1998) (*en banc*); *United States v. Friedhaber*, 856 F. 2d 640, 642 (4th cir. 1988) (*en banc*).

**Instruction No. 91:  Definition of "Materiality"**

A statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the body to which it was addressed. It is irrelevant whether the false statement actually influenced or affected the decision-making process. The capacity to influence must be measured at the point in time that the statement was made.

AUTHORITY: *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998).

**Part XII - Concluding Instructions Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

137

should return.   What the verdict shall be is the exclusive duty and responsibility of the jury.   As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the Offenses Charged in the First Superseding Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the Offenses Charged.

A form of verdicts has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the form, date and sign the form, and then return with your verdicts to the Courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.   No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.