CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 04 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 4:18-cr-00011 |
| v. ) | |
| ) | |
| MARCUS JAY DAVIS, et al., ) | By: Michael F. Urbanski |
| Defendants. ) | Chief United States District Judge |

## ORDER

This matter comes before the court on Marcus Jay Davis' objection, ECF No. 546, to the government's second demand for notice of alibi ("Notice"), ECF No. 524, in which the government advises him of crimes with which he is charged and demands, pursuant to Rule 12.1(a) of the Federal Rules of Criminal Procedure, that he furnish a written notice of any intention to offer an alibi defense within fourteen (14) days. ECF No. 524, at 1. The Notice contains a table identifying the "[o]ffense(s) and [c]ount(s) of [the] Superseding Indictment" as "VICAR Murder of Christopher Motley (Count 10); VICAR Attempted Murder of Justion Wilson (Count 12)," sets forth the date of the offenses as August 20, 2016, the time of the offenses as "12 noon to 2 p.m. (time of one alleged planning meeting for murder)," and the location of the offense as, "124 Forest Lawn Drive, Danville, Virginia." ECF No. 524, at 1. Davis notes that the discovery provided thus far indicates that the offenses specified in the Notice (murder of Christopher Motley and attempted murder of Justion Wilson), occurred at approximately 10:27 p.m. on August 20, 2016, approximately eight hours after the time indicated in the Notice ("2 noon to 2 p.m. . . ."). Davis further observes that the offenses

specified in Count Ten and Count Twelve are not alleged to have happened at 124 Forest Lawn Drive, Danville, Virginia, the location set forth in the Notice. Davis argues that because nothing in Rule 12.1 permits the government to seek information or discovery for times or activities that are not an "alleged offense," the government's demand is improper. Davis' objection was joined by Ashley Tiana Ross, ECF No. 548, Kanas Lamont'e Trent, ECF No. 600, and Phillip Daekwon Miles, ECF No. 604. The Notices for each of the above defendants included similar tables specifying various times, dates, and places of alleged offenses from the First Superseding Indictment. The court's ruling on Davis' objection partially disposes of Ross' objection, and wholly disposes of Trent's and Miles' objections.

I.

Davis asserts that the government's alibi demand fails to comply with Rule 12.1(a)(1) of the Federal Rules of Criminal Procedure. Rule 12.1 provides that "[a] attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(1). The rule further states that "[t]he request must state the time, date, and place of the alleged offense." Id. If a defendant fails to comply with this rule, the court may exclude testimony regarding that defendant's alibi. Fed. R. Crim. Pro. 12.1(e). Rule 12.1 was enacted to avoid unfair surprise and undue delay in trial because of an unexpected presentation of an alibi defense. See Notes of Committee on the Judiciary House Report No. 94-247. Rule 12.1 may not be used to obtain broad discovery or force defendants to respond to alibi demands that are unnecessarily vague, though the government need not "specify the exact second a crime is committed." United States v. Milton, No. CRIM. 95-00074, 1996 WL 324401, at *6 (W.D. Va. May 30, 1996). Trial courts are vested

2

with considerable discretion to tailor the requirements of Rule 12.1 to serve the underlying goals of the Rule. United States v. Hutton, 558 F.2d 1265, 1266 (6th Cir. 1977).

Davis contends that the government's demand seeks an alibi for a time that is not the time of the "alleged offense[s]," Count Ten and Count Twelve; rather "it seeks an alibi for an 'alleged planning meeting for murder.'" ECF No. 547, at 2. Davis asserts that nothing in Rule 12.1 permits the government to seek discovery from defendants for activities that are not an "alleged offense" in the Notice Id. Davis also argues that the specific offenses alleged in the demand are not the sort that occur over a long period of time which some courts have held allow for more expansive alibi-related discovery. In United States v. Vela, 673 F.2d 86 (5th Cir. 1982), for example, the Fifth Circuit held that where offenses "accomplished over a longer period of time," such as conspiracy, are involved, it is "permissible and consistent with [Rule 12.1's] purpose for the prosecution to seek notice-of-alibi with respect to a discrete temporal aspect of the crime charged." Id. at 89 (citing United States v. Bickman, 491 F.Supp. 277, 279 (E.D. Pa. 1980) (citing as an example the continuing offense of holding stolen government property)). Davis argues that although he is charged in a racketeering conspiracy in Count One of the First Superseding Indictment, see ECF No. 207, that charge is notably not one of the "alleged offense[s]" actually contained in the government's Notice, and that those offenses which are specified, unlike conspiracy, do not "necessitat[e] a lack of specificity as to the time of the alleged offense in a demand for notice of an alibi defense." ECF No. 547, at 3 (citing Bickman, 491 F. Supp. at 279). The crimes of murder and attempted murder, according to Davis, have discrete times, dates, and places, that are inconsistent with the Notice filed by the government.

3

The government asks that Davis' objection be overruled and that he be required to furnish a notice of his intention to offer an alibi defense for the time, date, and place identified in its Notice, namely the August 20, 2016 planning meeting. The government contends that Davis "oversimplifies the charges against him," and that the planning meeting at 124 Forest Lawn, Danville, Virginia, during which Davis allegedly authorized and encouraged the killing of rival gang members, is "critical to establishing his criminal culpability (e.g., premeditation, intent, and knowledge)." ECF No. 561, at 2-3. The government further argues that because it "essentially charges [Davis] with aiding and abetting premeditated murder," and because "premeditation requires some form of planning," which it alleges occurred at the "planning meeting," it is entitled to know if Davis intends to offer an alibi for that meeting. In addition to asserting that planning and premeditation are part and parcel of the charged offenses in Counts Ten and Twelve, the government also notes that they are integral to the Count One conspiracy charge. ECF No. 561, at 3.

Clearly, the Notice provided to Davis makes no mention of the Count One conspiracy with which he is charged, referencing only Counts Ten and Twelve. The question presented is whether the omission of Count One from the Notice, whether deliberately or by scrivener's error, precludes the government from seeking alibi information for the alleged planning meeting. For the reasons stated below, the court finds that it does not. Davis' objection depends on a narrow reading of the "alleged offense" language from Rule 12.1 inconsistent with what at least one other district court has found that language to signify. The rule states that the government may request alibi information so long as it states the "time, date, and place of the alleged offense." Davis, while acknowledging the Fifth Circuit's holding in Vela

4

allowing for the government to request alibi information for "discrete temporal aspect[s]" of crimes accomplished over time, such those alleged in Count One, nevertheless seizes on the government's failure to include any reference to Count One in the Notice itself. Davis argues that without explicit mention of Count One in the Notice, it is not an "alleged offense" under Rule 12.1(a). The assumption undergirding Davis' objection is that for an "offense" to be "alleged" under Rule 12.1(a), it must be specifically and explicitly identified in the Notice.

In <u>United States v. Gilbert</u>, 188 F.R.D. 176 (D. Mass. 1999), however, the court interpreted the "alleged offense" language from Rule 12.1(a) to refer to the indictment, not the demand notice. The <u>Gilbert</u> court explained that:

> It is clear from the context of the federal rules that "offense" as stated in Rule 12.1(a) is the conduct charged in the indictment. See Rule 7(a) ("An *offense* which may be punished by death shall be prosecuted by indictment.") (emphasis added); Rule 7(c)(1) ("The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the *offense* charged.") (emphasis added). The advisory committee's notes to Rule 12.1 similarly assume that the rule is targeted at crimes alleged in the indictment. For example, as the 1975 advisory committee's note explains, once a defendant responds to the Government's demand for notice of an alibi defense, the Government "must then provide the defendant with a list of the witnesses who will place the defendant at the scene of the alleged *crime* and those witnesses who will be used to rebut the defendant's alibi witnesses." (emphasis added). The word "crime" is used similarly in other parts of the note.
>
> Further, . . . "'alibi' means 'that at the time of commission of *crime charged in the indictment*, defendant was at a different place so remote or distant or under such different circumstances that he could not have committed the offense.'" (Def.'s Opp'n and Mem. of Law in Opp'n to Gov'ts Mot. for Notice of Alibi to Uncharged Offenses ("Def.'s Opp'n") at 2 (quoting BLACK'S LAW DICTIONARY) (4th ed.) (emphasis added).) The Merriam–Webster On–Line Dictionary similarly defines alibi as "the plea

5

of having been at the time of the commission of an act elsewhere than at the place of commission." (Id. at 2–3.) . . .

. . . [A]lso . . . , although the word "alibi" first originated in 1743, (Def.'s Opp'n at 3 (citing Merriam–Webster On–Line Dictionary)), . . . references to "the alibi exception" [can be found] in 2 Pollack & Maitland, *The History of English Law Before the Time of Edward I* at 614–615, 618 (2nd ed. 1952). Thus, . . . even in the time before Edward I, the alibi was an exception to the plea, "I am not guilty," that is, a plea to a charged offense. (Def.'s Opp'n at 3.) As the First Circuit noted in a different context, quoting Felix Frankfurter, "'if a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it.'" Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 11 (1st Cir. 1999) (quoting Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L. Rev. 527, 537 (1947)).

Id. at 178.

While much is made of the government's failure to specifically list Count One in the Notice, there is no dispute that the defendants are charged in the First Superseding Indictment with a racketeering conspiracy. In accordance with and for the reasons persuasively presented in Gilbert, the court finds that conspiracy is an "alleged offense" for the purposes of Rule 12.1(a) although not specifically referenced in the Notice. This is not a case where the government is seeking information that falls outside of the charged offenses. Cf. Gilbert, 188 F.R.D. at 179 (rejecting government's attempt to "squeeze into Rule 12.1(a) possible Rule 404(b) evidence or aggravating factors alleged in its Notice of Intention to Seek the Death Penalty"). Further, per the Fifth Circuit's holding Vela, the government may seek alibi-related information concerning the alleged planning meeting, a discrete temporal aspect of the

racketeering conspiracy alleged in Count One.[1] Therefore, the objection, ECF Nos. 546, 600 and 604, is **OVERRULED**. To the extent that Ross' objection, ECF No. 548, was based on the same grounds as Davis' objection, it is similarly **OVERRULED**. The court indicated in an order, ECF No. 685, that the government must respond to the remaining argument in Ross' objection, see id. at 4 (¶ 10), by September 9, 2019, otherwise the court will deem the motion well taken.

It is **so ORDERED**.

Entered: 09/04/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

---

[1] The First Superseding Indictment does not specifically mention the planning meeting as an overt act in furtherance of the conspiracy. Nonetheless, the planning meeting plainly and closely relates to charged racketeering conspiracy. Moreover, the First Superseding Indictment does specifically note that list of overt acts is not exhaustive. See ECF No. 207, at 7.

7