IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-CR-00011 |
| | ) | |
| MARCUS JAY DAVIS, et al | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO MOTION *IN LIMINE*
TO EXCLUDE WITNESS TESTIMONY**

The United States of America respectfully opposes Defendant Shabba Chandler's Motion *in Limine* to Exclude Witness Testimony (ECF 714). In this Motion, Chandler asks this Court to take the extraordinary step of excluding – before trial – the testimony of an eyewitness and participant in the events at issue on the grounds that "any testimony by him would be inherently incredible." Mot. at ¶ 4. Apart from a vague reference to "due process," Mot. at ¶ 6, Chandler offers no legal basis in support of this request. As there is no proper basis to exclude Ferguson's testimony, this Court should deny the defendant's motion.

In general, relevant evidence is admissible. Fed. R. Evid. 402. As a member of the Rollin 60s Crips, Ferguson observed and participated in many of the events charged in this case. His testimony is unquestionably relevant. In fact, Ferguson's testimony is highly probative evidence of the issues in this case, such as whether the Rollin 60 Crips are an enterprise engaged in a pattern of racketeering activity. However, because of Ferguson's recantation of a small part of his grand jury testimony (Ferguson essentially has changed his story regarding about 30 minutes of time, although his testimony covers months of events and the change in no way alters his criminal liability for his conduct), Chandler claims that allowing Ferguson to testify would somehow violate his "due process

1

rights" without citing any legal authority for this proposition. *See* Mot. at ¶ 6. Chandler contends that "[n]o jury of reasonable people would be able to determine whether Ferguson is truthful or not." *Id.* at ¶ 5. But *this is the very function of a jury*. "The credibility of witnesses is a matter for jury determination." *United States v. Hall*, 396 F.2d 841, 845 (4th Cir. 1968); *see also United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995) ("Credibility determinations are within the sole province of the jury and are not susceptible to judicial review."); *United States v. Wilson*, 118 F.3d 228, 235 (4th Cir. 1997) (quoting *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982)) ("However, '[w]here there are conflicts in the testimony, it is for the jury and not the appellate court to weigh the evidence and judge the credibility of the witnesses.'"); *Richardson v. Mahon*, 697 F. App'x 249, 250 (4th Cir. 2017) (reversing district court that had granted summary judgment on the ground that "no jury could find [the witness] credible").

Due process requires that a criminal defendant have a meaningful opportunity to cross-examine adverse witnesses. *Pointer v. Texas*, 380 U.S. 400, 404 (1965). Due process also requires the government to disclose material evidence affecting the credibility of those witnesses. *United States v. Kelly*, 35 F.3d 929, 936 (4th Cir. 1994) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). In this case, the United States has disclosed the information regarding Ferguson's credibility for defendant to use on cross-examination at trial. Because this satisfies due process, the Court should reject the extraordinary remedy Chandler seeks.

WHEREFORE, the United States respectfully requests that the Defendant's Motion be denied.

Respectfully submitted,

THOMAS T. CULLEN
UNITED STATES ATTORNEY

    /s/Michael Baudinet
Heather L. Carlton
Ronald M. Huber
Michael Baudinet
Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street
Charlottesville, Virginia 22902
Tel: (434) 293-4283
Fax: (434) 293-4910
heather.carlton@usdoj.gov
ron.huber@usdoj.gov
Michael.baudinet@usdoj.gov
newmamj@danvilleva.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice has been provided via electronic means via the Court's CM/ECF filing system to counsel of record, this 12th day of September, 2019.

    /s/Heather L. Carlton
Assistant United States Attorney