IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-CR-00011 |
| | ) | |
| MARCUS JAY DAVIS, et al | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO HAVE
UNITED STATES IDENTIFY EXCULPATORY INFORMATION BY BATES NUMBER
AND TESTIFY AT HEARING**

The United States of America respectfully opposes Defendant Deshaun Trent's Motion for Bill of Particulars and Other Relief as Regards Government's August 30th Disclosure as to Matthew Ferguson (ECF 716), in which the defendant requests an order for the United States to identify information corroborating or contradicting Matthew Ferguson's anticipated trial testimony "with an exact location" of that information in discovery and (b) to have government counsel testify regarding the witness's perceptions and beliefs. The defendant seeks an order far beyond the scope of discovery or the Due Process Clause, and has in his possession what he needs to conduct a meaningful cross-examination of the witness. The requirements of the Due Process Clause have been exceeded,and his motion should be denied.

At the outset, the defendant's request for multiple "Bills of Particulars" appears to stem from an inadvertent misinterpretation of the government's August 30, 2019 disclosure letter regarding Mr. Ferguson. The defendant wants the United States to identify evidence supporting certain statements contained within the enumerated paragraphs in the government's disclosure letter. *E.g.,* Mot. at ¶ 3 ("In numbered paragraph (11), the United States avers that. . . "). However, the numbered

1

paragraphs in the letter represent *Mr. Ferguson's* statements, not those of the government. Letter dated Aug. 30, 2019, at p. 3 ("During the proffer, among other statements, Mr. Ferguson stated the following: 1. . . ." with numbered paragraphs following). Therefore, the statements for which the defendant requests detailed supporting evidence are not assertions by the United States but statements from Mr. Ferguson himself. The defendant cites no legal authority for the extraordinary request that the government essentially detail its evidence supporting or contradicting certain witness statements.

Nor are Bills of Particulars meant to be vehicles for discovery and trial preparations. The purpose of a bill of particulars is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted). A bill of particulars is unnecessary as long as the indictment fulfills those purposes. *United States v. Butler*, 885 F.2d 195, 199 (4th Cir.1989). As the Fourth Circuit has repeatedly held, a bill of particulars is not intended to be a detailed evidentiary proffer by the government. *See, e.g., United States v. Anderson*, 481 F.2d 685 (4th Cir.1973), aff'd on other grounds, 417 U.S. 211 (1974).

To the extent the defendant seeks some kind of order requiring the government to help him construct his defense, the Due Process Clause does not require such a result, even when there has been a *Brady* disclosure. The Due Process Clause requires the government to disclose "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Here, the United States has met its *Brady* obligations by disclosing all exculpatory information in any form, including all *Jencks* materials.[1] In fact, the

---

[1] The United States has not completed its *Giglio* obligations, but will providing those disclosures within the next few days.

2

United States has not only engaged in virtually open file discovery in this case, the United States has far exceeded its discovery obligations by providing the vast bulk of materials early (e.g., disclosing over 500 gigabytes of discovery before the Court had even entered a scheduling order or set a trial date) and by doing so in an organized manner. As discussed at prior hearings, the United States provided materials to the Discovery Counsel in appropriately labeled folders and subfolders; for example:



In turn, these folders contained appropriately labeled subfolders; for example:



The documents were provided in electronic and searchable formats. The United States has also produced indices of large productions to assist counsel in locating and identifying documents, provided copies of special software to help in the review of large cellphone data extractions, and disclosed its own work product to aid in the review of large Facebook accounts. These disclosed items have included Rule 16 materials, grand jury transcripts, *Jencks* statements, and *Giglio* information. Moreover, the United States has worked with the Court-appointed Discovery Counsel to provide the defendants with a searchable discovery database, a database to which the government does not have access. More importantly, the United States has not sought to conceal exculpatory information, but has ensured that it would be flagged for the defendants by capturing such evidence in grand jury testimony, in reports, and even in court-filed Statements of Fact. If Trent feels that he is "missing" exculpatory material, it is because the government's case-in-chief is strong – not because it has hidden or failed to disclose evidence helpful to his defense.[2]

Disclosure is where the discovery obligations of the United States end. Defendant Trent cannot pervert the Due Process Clause to create a discovery requirement that does not exist in the

---

[2] The discovery disclosures also meet the United States' obligations under the Virginia Rules of Professional Responsibility and are in full compliance with Department of Justice's Policies which encourage broad and early

law.  As the Supreme Court has remarked, "There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) ("We have often noted that *Brady* requests cannot be used as discovery devices.").  *Brady* is not a tool to be used by a defendant to obtain helpful or relevant information.  *See Bursey*, 429 U.S. at 559.  In fact, as the Supreme Court has repeatedly ruled, a government's *Brady* obligations end once the exculpatory information is in the hands of the defendant or available to him from another source.  *E.g., Bagley*, 473 U.S. at 677.  *See also United States v. Bellamy*, 26 F. App'x 250, 260 (4th Cir. 2002) ("Brady covers evidence not available to a defendant."); *Stockton v. Murray*, 41 F.3d 920, 927 (4th Cir. 1994) (*Brady* does not compel the disclosure of evidence available to the defendant from other sources); *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990) (when the exculpatory information is available to the defendant, the defendant is not entitled to the benefit of the *Brady* rule).

Nor, as a general rule, is the government under any duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence.  *See United States v. Kirk Tang Yuk*, 885 F.3d 57, 87 (2d Cir. 2018); *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011) ("[T]he government for its own purposes ran such a program during the trial and having done so, as we know, promptly turned over the results to the defendant because they were potentially exculpatory. It had no duty to go further and conduct the defense's investigation for it."); *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009), vacated in part on other grounds, 561 U.S. 358 (2010) (rejecting argument that government violated *Brady* by not directing defendants to exculpatory materials within voluminous discovery production); *United States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997); *United States v. Mmahat*, 106 F.3d 89, 94 (5th Cir. 1997) ("[T]here is no authority for the proposition that the

---

discovery.

government's *Brady* obligations require it to point the defense to specific documents within a larger mass of material that it has already turned over."). *See also United States v. Blankenship*, No. 5:14-CR-00244, 2015 WL 3687864, at *7 (S.D.W. Va. June 12, 2015) (rejecting defense motion to have government categorize its discovery; "The Court finds, however, that the request for the identification and grouping of specific information under Rule 16 is unsupported by both the rule and pertinent case law.").

The Due Process Clause does not give defendants a right to have the government construct the defense and identify defense witnesses. *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) ("While the Supreme Court in *Brady* held that the government may not properly conceal exculpatory evidence from a defendant, it does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case."); *United States v. Griggs*, 713 F.2d 672, 673–74 (11th Cir. 1983); *United States v. Herbst*, 641 F.2d 1161, 1168 n. 11 (5th Cir. 1981); *United States v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980); *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977); *United States v. Ruggiero*, 472 F.2d 599, 604 (2d Cir. 1973).

Moreover, when a defendant in the related Bloods case made a similar request, the Court denied the motion. Order, ECF No. 328, *United States v. Anthony et al*, 4:18-cr-12. To the extent the Court has treated these cases identically, this ruling is the law of the case. "Under the law of the case doctrine, a court should not reconsider matters already decided in a case except in limited circumstances, such as a change in the applicable law. Otherwise, there would be little finality to judicial rulings, 'each motion becoming nothing more than the latest installment in a potentially endless serial.'" *United States v. Knox*, 363 F. Supp. 2d 845, 848 (W.D. Va. 2005) (Jones, J.) (quoting *Pinney v. Nokia, Inc.,* 402 F.3d 430, 453 (4th Cir. 2005) (quotation omitted)).

Finally, the defendant also seeks an order requiring one of the government prosecutors to take the witness stand at a hearing to testify regarding the witness's subjective beliefs. Specifically, the defendant asks that undersigned counsel take the stand to testify about "why [Ferguson] believed 'Ms. Carlton was frustrated with his answers.'" Mot. at ¶ 5. As the defendant acknowledges, this is Mr. Ferguson's belief and his perception. Only the witness can testify as to why he felt or believed certain things, and he is available at the hearing to testify. After hearing his testimony, if the Court still believes that another witness is necessary to testify regarding why Mr. Ferguson believed or perceived something, then the appropriate witness may be his former counsel, Allegra Black, or the FBI agent(s) present during the proffer session.

WHEREFORE, the Court should deny the defendant's motion.

Respectfully submitted,

THOMAS T. CULLEN
UNITED STATES ATTORNEY

  /s/Heather L. Carlton
Heather L. Carlton
Ronald M. Huber
Michael Baudinet
Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street
Charlottesville, Virginia 22902
Tel: (434) 293-4283
Fax: (434) 293-4910
heather.carlton@usdoj.gov
ron.huber@usdoj.gov
Michael.baudinet@usdoj.gov
newmamj@danvilleva.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been provided via electronic means via the Court's CM/ECF filing system to counsel of record, this 12th day of September, 2019.

                                        /s/Heather L. Carlton
                                        Assistant United States Attorney