IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No.: 4:18-cr-00011 |
| v. ) | |
| ) | |
| ) | |
| MARCUS JAY DAVIS, et al., ) | |
| ) | By: Michael F. Urbanski |
| Defendants. ) | Chief United States District Judge |

## ORDER

This matter comes before the court on the numerous motions in limine filed by counsel for the government and defendants in the past several weeks. The court heard argument on the issues presented by these motions on September 13, 2019. ECF No. 752. Regarding the issues and motions argued before the court at the hearing and others briefed by the parties in writing, the court now **RULES** as follows:

1. **Motions and questions surrounding Matthew Ferguson's guilty plea.**

On August 30, 2019, the government alerted the parties and the court that former defendant and current cooperating witness Matthew Ferguson had recanted parts of sworn statements made to the Danville police, government's counsel, and the court. Ferguson no longer holds that he was present at the murder of Christopher Motley, in direct contradiction to what he said in interviews with the authorities and before this court during his Rule 11 guilty plea colloquy. The court is now left with the dilemma of whether Ferguson's guilty plea is valid, as it is no longer certain that the facts to which Ferguson still swears support his conviction.

According to the two-remedy rule for addressing post-plea issues developed by the Third Circuit in United States v. Allen, 804 F.2d 244 (3d Cir. 1986), and adopted by the Fourth Circuit in United States v. Carr, 271 F.3d 172 (4th Cir. 2001), "when . . . the record does not include sufficient information from which the district could find a factual basis for the guilty plea, the appropriate remedy is to . . . [hold] further proceedings to create the appropriate record." Id. at 180 (quoting United States v. Tunning, 69 F.3d 107, 115 (6th Cir. 1995)). The court thus **VACATES** its acceptance of Ferguson's guilty plea and **ORDERS** that a new Rule 11 hearing be held in order to determine if there is sufficient factual basis to accept Ferguson's guilty plea. This hearing shall be noticed on the docket and all defendants and their counsel may be present. Further, the government **ORDERS** that an evidentiary hearing be set for September 27, 2019, at which the court will hear from Ferguson, Allegra Black (Ferguson's previous attorney), and an FBI agent present during a meeting between Ferguson, Black, and government's counsel.

In a related matter, Trent's motion for a bill of particulars regarding Matthew Ferguson, ECF No. 716, is **DENIED**. The government's disclosure of the development of this issue and the extensive discovery conducted throughout the pendency of this case have been more than sufficient.

## 2. The government's motion in limine to admit Rule 404(b) evidence, ECF No. 651.

The government's motion in limine to admit evidence under Federal Rule of Evidence 404(b), filed on August 23, 2019, stated that, while the government was offering notification of Rule 404(b) evidence "out of an abundance of caution," it maintained that the evidence was

intrinsic to the offenses charged in the First Superseding Indictment. ECF No. 651, at 1. At the hearing on September 13, the government proffered that this evidence will address three prior incidents: (1) the December 8, 2015 shooting at 177 Sunset Drive in Danville; (2) the April 26, 2016 shooting at the corner of Garland St. and Berryman Avenue in Danville; and (3) the November 2, 2016 consensual encounter in front of the Jiffy Mart in Danville. Regarding this first incident, the government proffers that witnesses Matthew Ferguson, Laquante Adams, and Jaquan Trent will testify to being present during the planning of this shooting and saw gang members leave armed to carry it out. The government also proffered that several neighbors would testify to the shooting itself and that a police officer present at the crime scene would testify to evidence recovered. The government proffered that evidence regarding the second incident would be provided by Laquante Adams, who again witnessed the planning of and preparation for the event. Finally, the government proffered that evidence regarding the third incident would come from police officers who approached several defendants in a parked car, smelled marijuana, and upon a search discovered drug paraphernalia, money, and firearms. All of this, argues the government, is charged conduct part and parcel of the Count I RICO Conspiracy, and will be offered to prove the racketeering activities of drug trafficking and shootings. Defendants responded, in motions in limine, filed objections, and in argument at the September 13 hearing, that this evidence is outside the scope of the First Superseding Indictment and does not meet the four prong requirements of character evidence set by United States v. Queen, 132 F.3d 991 (4th Cir. 1997), which requires that proffered character evidence meet heightened requirements of relevance, necessity, reliability, and probative value to be admitted. Id. at 995.

3

The court agrees with the government. Defendants are charged with having participated in a racketeering conspiracy, the furtherance of which involved incidents of violence and drug trafficking. The evidence proffered by the government is both relevant and probative to the continuity and duration of the alleged racketeering conspiracy. Such conduct is charged in paragraphs 12(d) and 12(e) of the First Superseding Indictment. See ECF No. 207, at 7–8 (paragraph 12, "Overt Acts"). Given this, there is no need to discuss the four requirements for the admission of character evidence under Queen.

At the hearing, counsel for Trent argued that much of the testimony regarding the above incidents will be provided by Matthew Ferguson, whose reliability is certainly ripe for questioning. The court is cognizant of the many issues associated with Ferguson's testimony, but credibility is a jury matter. The court will not make a ruling on Ferguson's credibility as a matter of law, but will instead provide defendants' counsel wide latitude to explore the issue on cross examination. Defendants' motions in limine and objections to this evidence are **OVERRULED**. ECF No. 552 and ECF No. 591 are **DENIED** insofar as they request the exclusion of the evidence of certain prior incidents of uncharged conduct. ECF Nos. 588 and 596, which joined ECF No. 552, are thus also **OVERRULED**.

Defendant Ashley Tiana Ross's motion for a bill of particulars with respect to the government's notice, ECF No. 724, is **DENIED**.

3. **Government's Motion in Limine to Preclude Improper Character Evidence, ECF No. 654.**

At the hearing, the government stated that, when this motion was filed, government's counsel believed certain stipulations would be agreed to regarding the admissibility of

4

witnesses. As government's counsel is now aware, the parties have as yet agreed to no stipulations, and thus the government will be making Giglio disclosures to defendants' counsel in the coming week. Several defendants' counsel stated at the hearing that their objections to this motion are generally resolved, pending what material the government discloses in the next week.

As a general matter, the court notes that no party need file a motion in limine stating that other parties ought to obey the Federal Rules of Evidence. The government's motion, ECF No. 654, is **DENIED as moot**.

4. **Defendant Marcus Davis's objections to the government's exhibits on the basis of completeness, ECF No. 598.**

Davis objects generally to the submission of excerpted and redacted documents. He argues that Federal Rule of Evidence 106 and the common law rule of completeness requires that partial documents, statements, or recordings should not be introduced without the entire document, statement, or recording. The government responds that, at the direction of the court, it has tried to avoid redundant or voluminous exhibits, but that Rule 106 and the common law rule of completeness do not require the universal admission of a full document when a part of it has been offered. United States v. Gupta, 747 F.3d 111, 138–39 (2d Cir. 2014). Instead, a trial court may allow relevant portions of otherwise excluded testimony as needed to clarify or explain already received testimony. United States v. Hassan, 742 F.3d 104, 134 (4th Cir. 2014).

5

The court agrees. Objections of the type Davis makes are best suited for trial, when counsel for Davis may object if the government offers incomplete or misleading evidence. For now, the objection is **OVERRULED**.

**5. Defendant Tenikqua Fuller's objections to specific United States' Trial Exhibits, ECF No. 587, joined by Ashley Ross, ECF No. 595.**

Defendant Fuller objects to the admission of three types of evidence to be offered by the government: (1) evidence related to two firearms found during a lawful search of Fuller's mother's residence; (2) a blue bandana found during the same search; and (3) evidence related to several "phone drops," made by Fuller at a Wal-Mart cellphone recycling kiosk. Fuller argues that neither the guns nor the cellphones can be linked to any of the charges in the First Superseding Indictment and that the government will unjustifiably attempt to imply that these legal, innocuous acts (owning firearms and disposing of cellphones) were in furtherance of racketeering activities. A blue bandana, meanwhile, while used as a "gang flag" for the Rollin 60s Crips, is also an article of clothing and can be used as such with no other intent.

The government responds that the possession of the recovered firearms shows Fuller's knowledge of firearms and will be used to rebut any argument that she had no such knowledge. Further, the cellphone drops took place in the weeks following the murder of Christopher Motley—one occurred only three days following the murder, and was the first time Fuller ever used the Wal-Mart cellphone kiosk. The government argues that the jury is allowed to draw reasonable inferences from Fuller's disposal of the cellphones. Finally, the blue bandana does not exist in a vacuum; it was hung on the wall of Fuller's bedroom. The government contends

6

that it will also offer posts from Fuller's Facebook account in which she indicates support for and affiliation with the Rollin 60s Crips.

As with many pretrial motions in limine regarding specific items of evidence, final rulings will have to await trial, where admission can be more fully assessed. At this point, however, defendant's objections appear to go to weight, rather than admissibility, and are thus **OVERRULED.**

### 6. Use of police reports and law enforcement summaries of witness interviews.

A number of defendants have objected to the use of police reports and other law enforcement summaries as inadmissible hearsay. Specifically, ECF Nos. 552 (joined by ECF Nos. 588 and 596), 587, and 591 collectively object to exhibits 1, 14, 24, 25, 73, 182, 183, 246, 263, 298, 318, 1514, 1515, 1522, 1523, 1525, 1526, 1576, 1602, 1603, 1605, 1606, 1608, 1609, 1611, 1612, 1614, 1615, 1619, 1621, 1622, 1733, 1735, 1736, 1739, 1743, 1745, 1776B, 1776C, 1777B, 1777C, 1778B, 1778C, 1779B, 1779C, 1784, 1785, 1833, 1834, 1836, 1837, 1839, 1840, 1842, 1843, 1919, 1920, 1922, 1923, 1929, 2033, 2063, 2064, 2065. The government agrees with defendants' objections and states that these exhibits are only to be used to refresh or impeach a witness as needed. The only exception to this is exhibit 14, which is a request for laboratory examination, contains no description of the case, and is not admitted for hearsay purposes.

Given there is no objection from the government, ECF Nos. 552, 587, and 591 are **GRANTED** insofar as they object to hearsay in police reports and law enforcement summaries (with the exception of exhibit 14). If the use of these exhibits becomes necessary at trial, the court can reevaluate the issue upon a proper objection.

### 7. Use of video subtitles to assist the jury.

Defendant Deshaun Trent has filed a motion in limine, ECF No. 545, objecting to the government's use of video subtitles to assist the jury in understanding certain videos and exhibits. Defendant objects to exhibits 444, 447, 539, 545, 548, 551, 554, 785, 790, 795,798, 805, 808, 811, 816, 819, 822, 825, 989, 992, 995, 998, 1001, 1004, 1007, 1063, 1119 and 1122 (videos with added subtitles) and exhibits 445, 448, 540, 546, 549, 552, 555, 786, 791, 796, 799, 806, 809, 812, 817, 820, 823, 826, 990, 993, 996, 999, 1002, 1005, 1008, 1064, 1120 and 1123 (transcripts of the audio portion of the above videos). This motion is joined by ECF Nos. 586 and 588. ECF Nos. 596 and 599, both filed by defendant Kanas Lamont'e Trent, joins the above objections but adds an objection to exhibits 1516-1519, 1522, 1525. 1602, 1605, 1608, 1611, 1614, 1813-1818, 1824, 1825, 1827-1830, 1915, 1916, 1982A, 2034-2044, and exhibits 215, 1517, 1520, 1826, 1831, 1917, 1982B, and 2045, for the same reasons put forward by Deshaun Trent.

The Federal Rules of Evidence authorize the use of a transcript where its introduction would aid the jury in following a recorded conversation or avoid confusion and wasted time. United States v. Holton, 116 F.3d 1536, 1540-42 (D.C. Cir. 1997). The decision to allow or not allow this is within the court's discretion, United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir. 1984), cert. denied, 469 U.S. 1105 (1985), but the Fourth Circuit has repeatedly upheld the use of subtitles and transcripts so long as: (1) the witness subject to cross-examination can testify to the authenticity of the transcript, (2) the defense has an opportunity to object to the accuracy of the transcript, and (3) the court provides an appropriate limiting instruction. Collazo, 732 F.2d at 1203; United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995); United

8

States v. Pratt, 351 F.3d 131, 140 (4th Cir. 2003); United States v. Brandon, 363 F.3d 341, 343-44 (4th Cir. 2004). Because the United States proposes to satisfy all three conditions, the use of transcripts and subtitles is appropriate here as an aid to the jury. Trent's motion in limine, ECF No. 545, is **DENIED**, and all other objections to the use of subtitles and transcripts are thus **OVERRULED**.

## 8. Defendant Shabba Chandler's objection to potential impeachment evidence, ECF No. 591.

Defendant Shabba Chandler objects to a number of exhibits that the government has marked as potential impeachment evidence, to be used affirmatively only as needed to impeach or refresh witnesses. The potential impeachment exhibits fall into various categories: (1) witnesses' grand jury transcripts (exhibits 1559, 1577, 1627, 1780, 1800, 1844, 1983, 1991, 1992, 1993, 1994, 1995, 1997, 2003, 2027, 2029, 2032, 2046, and 2062); (2) video clips of witness interviews (exhibits 1516, 1517, 1518, 1519, 1520, 1813, 1814, 1815, 1816, 1817, 1818, 1819, 1820, 1821, 1822, 1823, 1824, 1825, 1826, 1827, 1828, 1829, 1830, 1831, 1915, 1916, 1917, 2034, 2035, 2036, 2037, 2038, 2039, 2040, 2041, 2042, 2043, 2044, and 2045); (3) prior written statements of witnesses (exhibits 2000, 2001, 2019, and 2028); (4) an advice of rights waiver (exhibit 1914); (5) a hearing transcript (exhibit 1928); and (6) proffer agreements and plea forms (exhibits 1521, 1524, 1558, 1601, 1604, 1607, 1610, 1613, 1618, 1731, 1734, 1737, 1742, 1776A, 1777A, 1778A, 1779A, 1783, 1832, 1835, 1838, 1841, 1911, 1918, 1921, 1927, and 2068). Chandler contends that these exhibits are not relevant, are substantially more prejudicial than probative, include hearsay, and constitute improper bolstering. Chandler is

9

joined by ECF Nos. 595, 604, 607, and 730. To be sure, many of these out of court statements are subject to hearsay objections, as to which certain exceptions may or may not apply.

Resolution of these objections will depend on how this evidence is used. If the evidence is only intended to impeach a witness or refresh a witness's memory, then it may never be offered into evidence. This would render this motion moot. The court thus **TAKES UNDER ADVISEMENT** Chandler's motion as it pertains to these exhibits and will consider the evidentiary issues associated with these exhibits at trial.

### 9. Objections to defendant statements and Facebook messages.

Defendants object to the use at trial of particular defendant statements as hearsay, specifically: (1) excerpts of a recorded, post-arrest interview with Kevin Trent; (2) the redacted grand jury transcript of Ashley Ross; and (3) excerpts of Facebook Messenger conversations and posts by the defendants during the conspiracy. ECF No. 591. See also ECF Nos. 595, 604, 607, & 730 (joining ECF No. 591). Collectively, defendants object to exhibits 828, 829, 830, 831, 832, 833, 834, 835, 836, 837, 838, 1139, 1140, 1141, 1142, 1144, 1630, 1631, 1632, 1800, 1849, 1850, 1912, 1913, 1982A, and 1982B. The government responds that these statements are excluded from the rules barring hearsay because they are the statements of party opponents. Fed. R. Evid. 801(d)(2). More specifically, Kevin Trent's statements, made during a post-arrest interview held after he waived his Fifth Amendment rights, include his admission to being a member of the Rollin 60s Crips, being present and armed for the Motley murder, and running to Tenikqua Fuller's apartment after the shooting. The court agrees and **DENIES** the motion and **OVERRULES** the objections as they pertain to Kevin Trent's statements.

10

Defendants also object to several Facebook messages sent by Kanas Trent. The government argues that the excerpted Facebook conversations, exhibits 1139, 1140, 1141, 1142, 1144, 1630, 1631, 1632, 1849, 1850, 1912, 1913, are both admissions by a party opponent and statements by a co-conspirator under Rule 801(d)(2)(E), and are thus admissible against all members of the conspiracy. To admit evidence under this Rule 801(d)(2)(E), the government must show, by a preponderance of the evidence: (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought; and (2) that the statements at issue were made in furtherance and in the course of that conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987); United States v. Smith, 441 F.3d 254, 261 (4th Cir. 2006). The Fourth Circuit construes the "in furtherance" requirement broadly, "so broadly that even casual relationships to the conspiracy suffice to satisfy the exception [to the hearsay rule]." Smith, 441 F.3d at 262.

At the hearing, the government proffered that these Facebook messages include photos of written documents recording "gang knowledge"—notes on the rules, ranks, and affiliations of the Rollin 60s Crips. As the racketeering conspiracy charged in this matter was in fact the activities and associations of the gang members, there seems no logical argument that could assert that documents recording the rules of the gang were not in furtherance of gang activities. The second of the Bourjaily requirements is thus met.

Also at the hearing, counsel for Trent argued that the first requirement could not be met because, while defendants were clearly sending photos of these written documents to each other, the original creator of the handwritten notes is unknown. As such, it cannot be determined whether the statements are those of a party opponent or a co-conspirator. As the

11

government points out, however, these statements, sent by a defendant (a party opponent) through the use of a social media website, manifests an adoptive admission. See United States v. Recio, 884 F.3d 230, 234–35 (4th Cir. 2018) (holding that, by posting a song lyric, the defendant meant to adopt it as his own words).

To constitute an adoptive admission, the government must be able to point to "sufficient foundational facts from which the jury could infer that the defendant . . . acquiesced in the statement." United States v. Robinson, 275 F.3d 371, 383 (4th Cir. 2001). These written documents of "gang knowledge" were sent by Kanas Trent; the accompanying messages discuss the photographs as "books of knowledge." Assuming authenticity of the Facebook messages is established, a jury could reasonably infer that Kanas Trent meant to adopt the words of the written documents as his own. See Recio, 884 F.3d at 234–35 (". . . Recio did not use quotation marks, attribute the lyric to the artist or provide other signals to indicate to his Facebook audience that someone else authored the words in his post . . . . Based on these facts, a jury could infer that by posting the lyric on Facebook, Recio meant to adopt is as his own words."). The government asserts that it will be able to properly authenticate the Facebook messages as being sent by a defendant. Assuming a proper foundation can be established for the Facebook messages, defendants' other objections are **OVERRULED**, based on the Recio court's analysis of adoptive admissions.

Defendant Ashley Ross objected to the use of several of her Facebook posts as irrelevant and substantially more prejudicial than probative. ECF No. 595 (objecting to exhibits 828, 829, 830, 831, 832, 833, 834, 835, 836, 837, 838). The government responds that these exhibits are either user attribution evidence, proving that this particular Facebook

12

account belongs to Ross, or are evidence of Ross's association with the Rollin 60s Crips. Ross's objection is **OVERRULED**.

Finally, defendant Ross also objects to the use of a redacted copy of her grand jury testimony, ECF No. 595, but stated at the hearing that identifying which sections of the transcript give rise to her objections is too cumbersome to be accomplished by written brief. It is therefore **ORDERED** that a hearing will be scheduled, during which counsel for Ross, government's counsel, and the court can go through the transcript and argue all objections. The hearing will be noticed; all defendants who wish to be present may be.

### 10. Objections to defendants' names on exhibits.

Defendants request the removal of their names on the certificates of analysis marked as exhibits in this case, arguing that the listing of their names as "suspects" is significantly prejudicial. ECF Nos. 563 & 661 (objecting to Exhibits 310, 311, 312, 314, 315). See also ECF Nos. 597 & 604 (joining ECF No. 563). The government states that it largely agrees and has redacted the defendants' names from exhibits 310, 311, 312, 314, 315. ECF Nos. 563 and 661 are thus **GRANTED**.

Defendant Kanas Trent, however, requests the removal of his name from all the government's trial exhibits. ECF No. 650. See also ECF No. 734 (joining ECF No. 650). To this, the government argues that if a defendant's name appears in a text message or a Facebook messenger conversation, the name may be highly probative evidence. The court agrees. ECF No. 650 is **DENIED**.

### 11. Objections to photographs of the tag placed on Christopher Motley's body, ECF No. 591.

13

Defendant Shabba Chandler objects to exhibits 191 and 236. ECF No. 591. See also ECF Nos. 595, 604, 607 & 730 (joining ECF No. 591). These exhibits are photographs of the tags placed on Christopher Motley's body bag. Chandler objects on the grounds of relevance. The government responds that the photographs will be introduced by the appropriate witnesses to help prove the body at the crime scene and the body investigated by the medical examiner are the same, as there are no stipulations to chain of custody in this case. As such, the probative value of this evidence is not "substantially outweighed" by unfair prejudice. Fed. R. Evid. 403. Defendants' motion in limine, insofar as it objects to the admission of exhibits 191 and 236, is **DENIED**.

### 12. Objections to the admission of the diagram of the bullet trajectory.

Defendant Chandler also moves for the exclusion of a diagram of a bullet trajectory from the medical examiner's report, catalogued as exhibit 241, as cumulative to the medical examiner's report itself. ECF No. 591. See also ECF Nos. 595, 604, 607 & 730 (joining ECF No. 591). The government responds that it agrees and will only use the diagram of the bullet trajectory that is contained in the medical examiner's report. As the government has agreed with defendant Chandler's objection, the court **GRANTS** this motion in so far as it objects to the diagram of the bullet trajectory.

### 13. Objection to PowerPoint presentation by toolmark examiners.

Defendant Chandler also moves to exclude a PowerPoint presentation to be used by toolmark examiners called by the government as expert witnesses. ECF No. 591. See also ECF Nos. 595, 604, 607 & 730 (joining ECF No. 591). Defendant Deshaun Trent also objects to the inclusion of this PowerPoint. ECF No. 577. The government agrees that the PowerPoint

14

presentation is not admissible under Federal Rule of Evidence 1006, but seeks to use it as an aid to the jury under Rule 611(a). See United States v. Oloyede, No. 17-4102 (4th Cir. July 31, 2019) (holding that FRE 611 supports use of summary evidence at trial to facilitate the presentation and comprehension of evidence to the jury). The government asserts that this exhibit would not be admissible, but would serve only to help the jury understand how firearms operate and toolmarks are made during Wendy Gibson's testimony.

The court **TAKES UNDER ADVISEMENT** the motion and will revisit the issue at trial, where it can properly evaluate how and for what purpose the PowerPoint is used. Counsel for the government is reminded of the court's previous Order on Daubert issues and advises that all material presented by the PowerPoint must conform with said Order.

14. **Objection to the admission of DMV Records of Ross's Black Chevrolet Impala.**

Defendant Ashley Ross objects to the certified Virginia Department of Motor Vehicles ("DMV") records, which show the ownership of a black Chevy Impala owned and registered by her during 2016, as irrelevant and substantially more prejudicial than probative. See ECF No. 595 (objecting to Exhibits 1794-1799). The government responds that, at trial, the court will hear testimony that the black Chevy Impala was owned by Ross, was used to help commit various attempted murders and the Motley murder, and that various Rollin 60s Crips gang members drove the vehicle. Ross's objection to the inclusion of this evidence is **OVERRULED**.

15. **ECF No. 715, the government's motion in limine to add two inadvertently omitted witnesses, is GRANTED.**

15

16. **ECF No. 732, Deshaun Trent's motion for a bill of particulars, was largely resolved at the September 13 hearing.** As such, it is **DENIED** as moot.

17. **ECF No. 652, the government's motion in limine to admit business records pursuant to Federal Rule of Evidence 902, is unobjected to and so GRANTED.**

18. **ECF No. 653, the government's motion in limine to admit electronic records pursuant to Federal Rule of Evidence 902, is unobjected to and so GRANTED.**

19. **ECF No. 655, the government's motion in limine for judicial notice of undisputed facts.**

This motion asks the court to take judicial notice of two facts: (1) an enhanced Google Earth Map of Southwyck Apartments; and (2) the fact that Coordinated Universal Time (Greenwich Mean Time) is four hours ahead of Eastern Standard Time during Daylight Savings Time and five hours ahead during the rest of the year. The motion is unobjected to and so **GRANTED**.

20. **The government's motion to proceed to scheduled trial, ECF No. 660, is GRANTED.**

Barring any drastic, unforeseen events, this matter will proceed to trial as previously scheduled.

21. **The government's motion in limine to exclude references to the defendants' potential sentences, ECF No. 656.**

This motion is opposed by defendants Deshaun Trent, Phillip Miles, Marcus Davis, and Kanas Trent as attempting to seek a ruling on something that has not yet become a problem. In accordance with existing precedent, the government's motion is **GRANTED**.

16

See United States v. Meredith, 824 F.2d 1418, 1429 (4th Cir. 1987) (observing that comments about a defendant's possible sentence "are improper and may warrant a reversal"); United States v. Robinson, 583 Fed. Appx. 53, 54 (4th Cir. 2014) (noting that courts have "uniformly held that juries must reach a verdict without knowledge of possible sentences"). See also United States v. Gibson, No. 7:16CR00008-03, 2017 WL 2304023, at *5 (W.D. Va. May 25, 2017).

22. **The government's motion to exclude accusations, speculation, and commentary of unfounded racist allegations by counsel in front of the jury, ECF No. 657, is unopposed and thus GRANTED.** See Fed. R. Evid. 403; Smith v. Farley, 59 F.3d 659, 663 (7th Cir. 1995) ("There is no place in a criminal prosecution for gratuitous references to race.").

It is **so ORDERED**.

Entered: 09/18/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

17