

**Juval O. Scott**
*Federal Public Defender*

Frederick T. Heblich Jr.
*First Assistant Federal Public Defender*

Brian J. Beck
Randy V. Cargill
Andrea L. Harris
Christine M. Lee
Lisa M. Lorish
Erin M. Trodden
Nancy Dickenson Vicars
*Assistant Federal Public Defenders*

Roanoke office:
210 First Street, SW, Suite 400
Roanoke, VA 24011

Phone: (540) 777-0880
Fax: (540) 777-0890

September 18, 2019

*Via Electronic Mail*

Honorable Michael F. Urbanski
Chief Judge
United States District Court
Richard H. Poff Federal Building
210 Franklin Road, S.W., Room 350
Roanoke, VA 24011-2204

    Re:    United States v. Matthew Ferguson; 4:18-cr-11

Dear Chief Judge Urbanski:

I am writing regarding the upcoming pre-trial hearing on the Matthew Ferguson case that will take place on Friday, September 27, 2019. The minute entry from the September 13, 2019 pre-trial conference requests a summons for Allegra Black.[1] Ms. Black represented Mr. Ferguson when she was an Assistant Federal Public Defender with my office. Fred Heblich was her co-counsel and is still employed by our office. Though the minute entry does not specifically reference a summons for Mr. Heblich, this letter is equally applicable to him, should the issue of a summons arise.

Pursuant to the Guide to the Judiciary, Volume 20, Chapter 8, §810.30, both current and former employees of my office are considered judicial personnel. Section 840(a) states that federal judicial personnel may not, in response to a request for testimony or the production of records in legal proceedings, comment, testify, or produce records without the prior approval of the determining officer, and per §840(b)(3) I am the determining officer for federal public defender employees.

---

[1] Docket 752. The docket does not reveal that a formal subpoena has been issued.

Allegra Black and Fred Heblich do not have my approval to provide testimony, records, and/or comments on this matter, and both have been notified of my decision. I am denying authorization pursuant to §850(a)(9). Further, §830 sets forth the criteria for a party to seek testimony, records, and/or comments from judiciary personnel, disallowing blanket subpoenas and requiring a demonstration that the information is not readily available from other sources.

I have enclosed the relevant portion of The Guide to the Judiciary, also available for your review on www.uscourts.gov.[2]

Please let me know if you have any questions or concerns.

Respectfully,

Juval O. Scott

---

[2] https://www.uscourts.gov/sites/default/files/vol20-ch08.pdf