CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 19 2019
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No.: 4:18-cr-00011 |
| v. ) | |
| ) | |
| ) | |
| MARCUS JAY DAVIS, et al., ) | |
| ) | By: Michael F. Urbanski |
| Defendants. ) | Chief United States District Judge |

## ORDER

This matter comes before the court on two motions brought by defendants Shabba Chandler and Marcus Davis. ECF Nos. 714 and 735. The court will address each in turn.

### I.

Defendant Shabba Chandler's motion in limine to exclude witness Matthew Ferguson from testifying at trial. ECF No. 714. As discussed in the court's recent Order, ECF No. 772, Ferguson is a former defendant and a current cooperating witness in this matter who has recently recanted parts of sworn statements made to the Danville police, government's counsel, and the court. In response to this development, the court vacated its acceptance of Ferguson's guilty plea and ordered an evidentiary hearing be set for September 27, 2019, at which the court expects to hear from Ferguson and others as to the circumstances surrounding Ferguson's recantation. ECF No. 773.

Chandler argues that, due to the recanting of Ferguson's testimony, no jury of reasonable people would be able to determine whether Ferguson is truthful and permitting his testimony would be a violation of defendants' due process rights. ECF No. 714. As held

the recent Order, the court will make no ruling on Ferguson's credibility as a matter of law. Such a determination is for the jury. United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995) ("Credibility determinations are within the sole province of the jury . . . "). Instead, defendants' counsel will be permitted ample opportunity and wide latitude to explore the issue of Ferguson's credibility and the reliability of his testimony at trial.

For the reasons above and those discussed in the court's Order, ECF No. 772 at 3–4, defendant's motion, ECF No. 714, is **DENIED**.

II.

Defendant Marcus Davis filed a motion to compel discovery on September 11, 2019. ECF No. 735. This motion was discussed at the September 13, 2019 hearing, at which government's counsel responded to several questions from defendants' counsel. Counsel for Davis represented that the government's responses resolved the questions that necessitated his motion. ECF No. 735 is thus **DENIED as moot**.

III.

For the reasons stated above, ECF No. 714 is **DENIED** and ECF No. 735 is **DENIED as moot**.

It is **so ORDERED**.

Entered: 09-19-19

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge