UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 4:18CR11 |
| | ) | |
| MATTHEW CEASAR FERGUSON | ) | |
| *Defendant*. | ) | |

**Defendant's Response to Court's Order Concerning
Matthew Ferguson's Guilty Plea and Evidentiary Hearing**

COMES NOW, Matthew C. Ferguson, by counsel and files his response to the Court's order concerning his guilty plea and ordering an evidentiary hearing. [ECF 772, p.2].

**Procedural History**

On November 6, 2018, Matthew Caesar Ferguson pled guilty to count one of the First Superseding Indictment, charging him with conspiracy to violate Title 18 United States Code, Section 1962(c)(Rico Conspiracy), in violation of Title 18, United States Code Sections 1962(d) and 1963. [ECF 226]. In support of the guilty plea, Mr. Ferguson signed and adopted a Statement of Facts. [ECF 228]. Mr. Ferguson has made known now that he was not present when the shooting took place at the Southwyck Apartment complex on August 20, 2016. If the two words, "including Ferguson" were struck from line three of the fourth full paragraph on page two of the Statement of Facts, that document would provide a sufficient basis in fact for his plea to count one of the First Superseding Indictment.

A. **Matthew Ferguson's Guilty Plea**

In its order, this Court vacated the acceptance of Mr. Ferguson's guilty plea and ordered "a new Rule 11 hearing be held in order to determine if there is sufficient factual basis to accept Mr. Ferguson's guilty plea." [ECF 772, p. 2] Excising that which Mr. Ferguson now denies

1

regarding his presence at the shooting on August 20, 2016, there is still a sufficient factual basis for his guilty plea. Mr. Ferguson would propose the Court simply schedule a new Rule 11 hearing, to the same offense, but governed by a Statement of Facts which omits the denied matters. Ferguson's counsel understand that counsel for the United States would adopt this approach as well.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The Court must ensure that the facts establish each element of the crime with which the defendant is charged. *United States v. Barbeito*, 2010 U.S. Dist. LEXIS 55688 *14 (S.D. W. Va. 2010)(citing, *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Mr. Ferguson plead guilty to a violation of 18 U.S.C. § 1962(c). The essential element of this RICO offense are as follows: (1) an enterprise exists or existed; (2) the defendant was associated with the enterprise; (3) the defendant conduct or participated in the affairs of the enterprise; (4) such conduct or participation constituted a pattern of racketeering activity; and (5) the enterprise had an effect on interstate or foreign commerce. *United States v. Cremeans*, 2010 U.S. Dist. LEXIS 98438 *3 (Sept. 17, 2010, S.D. W. Va. 2010)(citing, *Sedima v. Imrex Co.,* 473 U.S. 479, 496 (1985); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988).

In the proposed statement of facts, Mr. Ferguson admits that he was a member of the criminal organization, the Rollin 60s Crips ("Rollin 60s"), which is a street gang (enterprise). He admits that he "was involved in murders and attempted murders committed by the enterprise, as well as drug trafficking committed by the enterprise." The racketeering act performed by Ferguson included, but were not limited to the murder of Christopher Motely and the Attempted Murder of Justion Wilson on August 20, 2016 as well as conspiring to distribute and the

distribution of marijuana. This satisfies the pattern of racketeering activity and the effect on interstate and foreign commerce. The fact that Mr. Ferguson was not present when the shooting actually occurred on August 20, 2016, does not affect the factual basis because he was present for the meetings leading up to the shooting and present in Ashley Ross's apartment on the day of the shooting when there was a discussion to "lure Wallace (and his second-in-command) to Southwyck Apartments." And, "Ferguson helped shooters flee from the scene by driving them in a black Chevrolet Impala." Therefore, there is a factual basis for Mr. Ferguson's plea to count one of the First Superseding Indictment.

**B. There is no other reason to hold an evidentiary hearing**

ECF 772 ordered an evidentiary hearing on September 27, 2019, "at which the court will hear from Ferguson, Allegra Black (Ferguson's previous attorney), and an FBI agent present during a meeting between Ferguson, Black, and government's counsel."

For the reasons noted above, no evidentiary hearing is necessary as it relates to the issue of whether to accept a plea from Ferguson, beyond that envisioned by Rule 11 and whatever modified written statement of facts is agreed to.

To the extent the Court envisions an evidentiary hearing compelling testimony by Ferguson, at least one member of his prior legal team,[1] and an FBI agent on the question of *why* Mr. Ferguson has changed some of his testimony, that should not occur, for several reasons.

First, a pretrial hearing like envisioned is the functional equivalent of ordering a deposition of witnesses under Rule 15. There is no cause to depose witnesses at this time. The

---

[1] Besides Ms. Black, the August 30, 2019, disclosure letter from the USAO to defense counsel refers to at least 3 other employees of the Western District FPD office who had heard Ferguson describe why he previously said things he later contended were untrue. None of those others have been subject to Touhy requests or subpoenas, or been appointed counsel, as far as undersigned is aware.

general rule is that criminal case depositions may only be taken "to preserve testimony for trial." Fed. R. Crim. P. 15(a). There is no suggestion in court orders or motions that the depositions or other pretrial testimony of any of those witnesses is needed "to preserve testimony for trial." Nor does anybody suggest the witnesses are near death, or have a conflict rendering them unable to testify at trial. Thus, the default rule applies: call the witnesses at trial, if possible and prudent. But this record affords no basis for compelling witness testimony before trial. *See also* ECF 786 (Kevin Lamont Trent, Jr. stating his intention "to request subpoenas directed to [former FPD counsel] to be present to testify *at the trial of the case*.") (emphasis added).

Second, *that* Mr. Ferguson changed his statements is now fully disclosed, and is of course fodder for cross-examining Mr. Ferguson at trial if he is called as a government witness. F.R.E. 613. *Why* he changed his statements, is not the proper subject of a pretrial evidentiary hearing. That is especially so when (1) all defense counsel will have the opportunity to cross-examine Mr. Ferguson at trial if he is a government witness, and (2) his claim as to why probably provides fodder for cross-examining any witness who was previously interrogated by Danville authorities, regardless of what other evidence there is as to that claim. *See, e.g., Payne v. Bell*, 89 F. Supp. 2d 967, 974 (W.D. Tenn. 2000) (in habeas proceeding, no good cause to depose witness "to determine why [he] changed his testimony").

                                                Respectfully submitted
                                                MATTHEW CAESAR FERGUSON

                                                /s/

Paul G. Gill
VSB 31461
Office of the Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond, VA 23219
Ph. (804) 565-0870
Fax (804) 648-5033
paul_gill@fd.org

Mary E. Maguire
VSB 42505
Office of the Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond, VA 23219
Ph. (804) 565-0860
Fax (804) 648-5033
mary_maguire@fd.org

## Certificate of Service

I certify that the foregoing document was electronically filed on September 25, 2019, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                          /s/
                                 Paul G. Gill
                                 VSB 31461
                                 Office of the Federal Public Defender
                                 701 E. Broad Street, Suite 3600
                                 Richmond, VA 23219
                                 Ph. (804) 565-0870
                                 Fax (804) 648-5033
                                 paul_gill@fd.org