IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-cr-00011 |
| | ) | |
| MARCUS JAY DAVIS | ) | |
|    *Et al.* | ) | |

**UNITED STATES' REPLY IN SUPPORT OF**
**<u>MOTION FOR DISCLOSURE OF DEFENSE WITNESS LISTS</u>**

The United States, by counsel, respectfully submits this Reply in support of its oral motion for disclosure of the Defendants' witness lists made on September 27, 2019.

At the final pretrial conference in this matter on September 27, 2019, the Government made an oral motion for a list of defense witnesses. ECF No. 837. The Court ordered that each Defendant produce such a list no later than the start of trial. *Id.* On October 1, 2019, Defendants Shabba Chandler and Philip Miles filed briefs in opposition to the Government's oral motion. ECF Nos. 846, 847. The following day, Defendants Deshaun Trent and Ashley Ross also filed oppositions. ECF Nos. 847, 850. These Defendants argue that the Court should not require them to disclose their witness lists because doing so would reveal their trial strategy. As a result of these filings, the Court vacated its oral order of September 27, 2019 in order to review the briefing before issuing a new order. ECF No. 849.

There is no constitutional or statutory obligation for either the Government or a Defendant to produce a witness list in advance of trial. *United States v. Smith*, 780 F.2d 1102, 1107-10 (4th Cir. 1985); *United States v. Anderson*, 481 F.2d 685, 691 (4th Cir. 1973), *aff'd*, 417 U.S. 211

1

(1974); *United States v. Celis*, 608 F.3d 818, 831 (D.C. Cir. 2010). Instead, as Defendants acknowledge, the decision whether to require an exchange of witness lists rests within the discretion of the trial court. *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996). In this case, the Court ordered disclosure of the Government's witness list well in advance of trial in order to "protect the rights of the parties and ensure the timely and efficient trial of this large, complex criminal case." Third Amended Scheduling Order, ECF No. 364. Those same concerns and the "interests of justice and fairness" support the Government's request for reciprocal disclosure. *Fletcher*, 74 F.3d at 54.

First, the Government is not seeking *pre-trial* disclosure.[1] Rather it is seeking disclosure *at the time of trial* – the point at which Defendants necessarily begin to implement their trial strategy. Thus, to the extent a witness list would signal the defense strategy, those concerns are minimal. Moreover, those concerns are eliminated once trial begins and defendants start revealing their strategy through *voir dire* questions and in opening statement.

Second, while Rule 16 does not require Defendants to provide a witness list, it *does* require Defendants to produce, in advance of trial, reciprocal discovery including any documents or tangible objects if "the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A)(ii). Disclosure of exhibits the defense plans to introduce is often far more revealing of trial strategy. Thus, the rules inherently contemplate disclosure of some defense strategy.

Third, this is a multi-week, complex case involving a vast number of defendants, defense

---

[1] At the September 27, 2019 pre-trial conference, the Government asked for pre-trial disclosure but stated that it would be satisfied by disclosure at the time of trial.

attorneys, exhibits and witnesses. At the insistence of the Defendants, the jury will be drawn from the Danville division. Thus, each juror must either commute a substantial distance, or stay at a local hotel, nearly every day for well over a month. As the Court has recognized, this is an enormous burden on the individual jurors. Should the Government learn of defense witnesses only at the last moment, it will inevitably cause delay as the Government will be forced to request recesses in order to prepare for these unknown witnesses. Even assuming the Government had unlimited resources as the Defendants suggest, it would still take time to identify the witness, review relevant materials, and conduct any necessary investigation. This is especially true given that Defendants have made no Rule 16 disclosures that would enable the Government to prepare in advance.[2] This will only serve to unnecessarily delay the proceedings and impair the ability of the jurors to serve attentively and effectively in this already lengthy, complex trial.

WHEREFORE, the United States respectfully requests that this Court reinstate its original order requiring Defendants to produce witness lists to the United States no later than October 7, 2019.

                          Respectfully submitted,

                          THOMAS T. CULLEN
                          United States Attorney

                          s/ Michael A. Baudinet
                          Ronald M. Huber
                          Heather L. Carlton
                          Michael A. Baudinet

---

[2] Presumably the Defendants would also object to providing early discovery of witness statements under Rule 26.2. The Government would then be forced to move for production of witness statements under this rule after each witness testified. This would only delay trial further as – even assuming Defendants are prepared to immediately produce those statements – the Government would still need time to review any such material prior to cross-examination.

Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:   434.293.4283
Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov
newmamj@danvilleva.org
Michael.baudinet@usdoj.gov

## **C E R T I F I C A T E**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 3rd day of October, 2019.

s/ Michael A. Baudinet