**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | **CASE NO. 4:18CR00011-01** |
| ) | |
| **MARCUS JAY DAVIS** ) | |

### DEFENDANT'S OBJECTIONS TO UNITED STATES JURY INSTRUCTIONS

Comes Now Defendant, Marcus Jay Davis, and submits these objections to the jury instructions proffered by the United States.

The Defendant objects to the following Government proposed jury instructions.

**Instruction No. 2 – Judging the Evidence** – The contents of this instruction are covered in other instructions so its inclusion only serves to unnecessarily lengthen the charge. Also, paragraph 2 would be confusing to the jury. Upon first reading it seems to suggest that the defendant must prove that he is not guilty beyond a reasonable doubt.

**Instruction No. 3 – Evidence Received in the Case -** Defendant objects to this instruction and would proffer the Court's Instructions regarding evidence limitations and stipulations located at Document 880, page 10-11 and 15, 7:16-cr-30026 (omitting paragraph 2 on page 10) as they are more succinct and less confusing. Particularly confusing in the Government's instruction are the last two paragraphs which appear to contradict other instructions in the charge.

**Instructions No. 4 and 5 – Direct and Circumstantial Evidence and Inferences from the Evidence.** Defendant objects to these instructions and would proffer the Court's Instruction regarding Direct and Circumstantial Evidence located at Document 880, page 12, 7:16-cr-30026 as it is more succinct, a clearer statement of the law, and less likely to confuse the jury.

**Instruction No. 7 – The Question is Not Evidence** – This instruction is unnecessary, serving only to lengthen the charge, is confusing, and is not a clear statement of the law.

**Instruction No. 9 – Presumption of Innocence, Burden of Proof, and Reasonable Doubt** - Defendant objects to this instruction and would proffer the Court's Instructions regarding these issues located at Document 880, pages 3 and 4, 7:16-cr-30026 as they are a clearer articulation of the issues.

**Instruction No. 12 – The Indictment is Not Evidence** - Defendant objects to this instruction and would proffer the Court's Instruction regarding this issue located at Document 880, page 23, 7:16-cr-30026 as it is more succinct, a clearer articulation of the law, and less confusing to the jury.

**Instruction No. 14 – Proof May Be Disjunctive –** This instruction will be very confusing to the jury and is covered in the charge regarding the elements of the offenses.

**Instruction No. 15** – Defendant objects to this instruction as confusing, and would proffer the Court's Instruction regarding witnesses with plea agreements located at Document 880, page 21, 7:16-cr-30026.

**Instruction No. 17 – Specific Investigative Techniques Not Required** – This instruction is an incorrect statement of law. Attacking the thoroughness and/or shoddiness of the Government's investigation is a valid line of defense. *Kyle v. Whitley,* 514 U.S.419, 445 fn 13 (1995); *Juniper v. Zook*, 876 F.3d 551, 570 4th Cir. 2017).

**Instruction No. 18 – False Exculpatory Statements** – While the trial evidence may show that some form of a "false exculpatory statement" instruction may be appropriate; the Defendant finds this specific one objectionable. It unnecessarily emphasizes this particular type of evidence and infers that the Defendants must establish their innocence. If the Court is inclined

to give a "false exculpatory statement" instruction, the Defendant would like the opportunity to submit another version.

**Instruction No. 20 – Immediate Flight of concealment** – Defendant objects to this instruction unless and until there is sufficient evidence presented to make it relevant.

**Instruction No. 23** - – Defendant objects to this instruction and would proffer the Court's Instruction regarding credibility of witnesses located at Document 880, page 17, 7:16-cr-30026 as it is more succinct and less confusing.

**Instruction No. 24** – **Law Enforcement Witnesses** – Defendant objects to this instruction and would proffer the Court's Instruction regarding law enforcement witnesses located at Document 880, page 22, 7:16-cr-30026 as it is less confusing for the jury and a more accurate statement of the law.

**Instruction No. 29** – **Testimony – Accomplices, Informers, Immunity and Plea Agreements** – Defendant objects to this instruction and would proffer the Court's Instruction regarding witnesses with plea agreements located at Document 880, page 18, 7:16-cr-30026 or an alternative instruction which will be tendered by the Defendant.

**Instruction No. 31** – **Motive** – This instruction is unnecessary because the issue of motive is covered by the instructions defining willfulness, knowingly, and intent.

**Instruction No. 33 – Deliberate Ignorance** - This instruction is unnecessary because the issue of motive is covered by the instructions defining willfulness, knowingly, and intent.

**Instruction No. 34 – Responsibility for Substantive Offense** – This instruction addresses the crime of aiding and abetting under 18 U.S.C. Section 2. Therefore, it is inappropriate to read it in the general instructions. Rather, where the indictment alleges a violation of 18 U.S.C. Section 2, an aiding and abetting instruction should be given to the jury.

**Instructions 35 and 36 – Unindicted or Absent Co-conspirators and Success of Conspiracy Immaterial** – Defendant objects to these instructions as they make the charge unnecessarily lengthy and their contents are contained in the other instructions as a whole.

**Instruction No. 37 – Agent of the Defendant** – This instruction is confusing and an incorrect statement of the law. Also, whatever proper purpose it may have is addressed in the instructions for conspiracy and aiding and abetting.

**Instruction No. 40 through 47 -Elements of RICO Conspiracy** – Defendant objects to these instructions and the Government's articulation of elements of the offense. Also, these instructions are unnecessarily lengthy and confusing to the jury. Defendant would proffer the Court's instructions regarding the Elements of RICO conspiracy located at Document 880, pages 34-46, 7:16-cr-30026. (Defendant will submit these instructions with the facts relevant to the instant case).

**Instruction No. 53 – Position in or Associated with the Enterprise** – The Defendant objects to this instruction because it contains unnecessary definitions, is unnecessarily lengthy, and is confusing to the jury.

**Instruction No. 54 – Purpose to Maintain or Increase Position in the Enterprise or to Gain Entrance into the Enterprise** – Defendant objects to this instruction as it is an incorrect statement of the law. Specifically, Defendant objects to the word "general" in the first sentence because it is not in the statutory definition. Similarly, the last sentence in paragraph one is not in the statutory definition. Finally, the examples in paragraph two should be omitted because they interfere in the province of the jury.

**Instruction No. 58 – Elements of 18 U.S.C. Section 924(j)** – Defendant objects to this instruction and particularly the last sentence, which Defendant believes to be a mischaracterization of the law.

**Instructions 67 – 69 – Aiding and Abetting firearms charges** – Defendant objects to these instructions.

Respectfully submitted,
Marcus Jay Davis

By: s/*Anthony F. Anderson*
   Counsel for Defendant

By: *s/Beverly M. Davis*
   Counsel for Defendant

| | |
|---|---|
| Anthony F. Anderson, VSB #21345 | Beverly M. Davis, VSB # 33784 |
| Melissa W. Friedman, VSB #27277 | Davis, Davis & Davis, Attorneys |
| Anderson & Friedman | 519 Second Street |
| P. O. Box 1525 | Radford, Virginia 24141 |
| Roanoke, Virginia   24007 | (540) 639-9095 |
| (540) 982-1525 | 540-639-9095  (fax) |
| (540) 982-1539 (fax) | bevdavis@davisattys.com |
| afa@afalaw.com | |

CERTIFICATE OF SERVICE

       I hereby certify that this 4th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record including the following:

Heather L. Carlton, Esquire, AUSA
Ronald Mitchell Huber, Esquire, AUSA
United States Attorney's Office
Charlottesville
255 West Main Street, Room 130
Charlottesville, Virginia 22901
434-293-4283
heather.carlton@usdoj.gov
ron.huber@usdoj.gov

                                            s/*Anthony F. Anderson*
                                            Anthony F. Anderson
                                            Anderson & Friedman
                                            1102 Second Street, S. W.
                                            P. O. Box 1525
                                            Roanoke, Virginia   24007
                                            (540) 982-1525
                                            (540) 982-1539 (fax)
                                            afa@afalaw.com