# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO. 4:18CR00011-01 |
| | ) | |
| MARCUS JAY DAVIS | ) | |

## MOTION FOR CONTINUANCE

COMES NOW Marcus Jay Davis, by and through his counsel, and moves the Court for a short continuance based on the unusual circumstances that have unfolded in this case. In support thereof, the Defendant states as follows.

1. On October 15, 2019, the Defendant was informed that there had been a multi-jurisdictional grand jury (hereinafter "state grand jury") empaneled in the City of Danville to investigate gang activity. As a result, Defendant requested that any transcripts from that state grand jury be produced by the Government.

2. On October 16, 2019, the United States produced two state grand jury transcripts, those of Lashonda Washington and Ontwoinette Epperson, possible witnesses in this trial. Additionally, after opening statements were presented to the Jury, it came to light that many witnesses had testified before the state grand jury and that all of this testimony was recorded; however, the Government at that time maintained there were no transcripts of such testimony, other than the two that were produced that morning.

3. At a October 17, 2019, hearing, the Government advised they believed the jury should reconvene on Wednesday, October 23, 2019, as the Government needed that much time to review the state grand jury recordings and provide transcripts to the parties and the Court. (*Transcript of Hearing, 10/17/19 at 24*). This was, in part, due to the unusual way testimony of witnesses is transcribed in the City of Danville.

4. Over the course of the next few days, the United States produced to the Defendants and the Court ten additional transcripts, including testimony of two defendants in the case and other individuals included in the Government's witness list. The Court decided to continue the trial until Wednesday, October 23, 2019.

5. These transcripts are material to the defense of Marcus Davis in that they set forth alternative theories of the role the Defendant played in the incidents set forth in the indictment.

6. The United States has acknowledged that its failure to produce these transcripts in discovery was "an unintentional, but serious, error in discovery" (see *Memorandum of Law in Support of Government's Oral Motion to Continue and Opposition to Defendant's Motions to Dismiss, ECF #949* at 1).

7. While Defendant alleges that the testimony itself is exculpatory, just as importantly, it is reasonably possible that this testimony may lead to exculpatory evidence. Mr. Davis and his counsel simply have had insufficient time to

effectively investigate this information and determine how it may affect his defense. Mr. Davis and his counsel believe that a few more days will provide them with that opportunity. Therefore, failure to grant a continuance will deny the Defendant the time necessary for effective trial preparation taking into account due diligence.

8. The Speedy Trial Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. Section 3161(c)(1). This requirement protects the interests of the defendant and the public in a speedy trial. Zedner v. United States, 126 S.Ct. 1976 (2006); United States v. Henry, 538 F.3rd 300, 303 (4th Cir. 2008). "To allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by granting of … [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." Henry, 538 F.3rd at 303; 18 U.S.C. § 3161(h)(7)(A). Significantly, the Act's "primary procedural limit requires the district court to 'set [] forth, either orally or in writing, its reasons for finding' that a continuance is warranted under the provision." Henry, 538 F.3d at 303.

9. Section 3161(h)(7)(B) of the Act provides factors to be considered by the Court in determining whether to grant a continuance. These factors include whether

3

the failure to grant a continuance would deny the Defendant continuity of counsel or the reasonable time necessary for effective preparation, taking into account due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). These factors must be weighed by the Court in deciding whether the ends of justice served by the granting of a continuance outweigh the best interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) <u>Zedner v. United</u> States, 126 S.Ct. 1976 (2006).

Accordingly, for all of the above reasons, the Defendant, Marcus Davis, respectfully requests that the Court grant a continuance and reschedule his trial to October 28, 2019.

>Respectfully submitted,
>Marcus Jay Davis
>
>By: s/*Anthony F. Anderson*
>    Counsel for Defendant
>
>By: *s/Beverly M. Davis*
>    Counsel for Defendant

Anthony F. Anderson, VSB #21345
Melissa W. Friedman, VSB #27277
Anderson & Friedman
P. O. Box 1525
Roanoke, Virginia 24007
(540) 982-1525
(540) 982-1539 (fax)
afa@afalaw.com

Beverly M. Davis, VSB # 33784
Davis, Davis & Davis, Attorneys
519 Second Street
Radford, Virginia 24141
(540) 639-9095
540-639-9095   (fax)
bevdavis@davisattys.com

CERTIFICATE OF SERVICE

I hereby certify that this 22nd day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record including the following:

Heather L. Carlton, Esquire, AUSA
Ronald Mitchell Huber, Esquire, AUSA
United States Attorney's Office
Charlottesville
255 West Main Street, Room 130
Charlottesville, Virginia 22901
434-293-4283
heather.carlton@usdoj.gov
ron.huber@usdoj.gov

                                              s/*Anthony F. Anderson*
                                              Anthony F. Anderson
                                              Anderson & Friedman
                                              1102 Second Street, S. W.
                                              P. O. Box 1525
                                              Roanoke, Virginia   24007
                                              (540) 982-1525
                                              (540) 982-1539 (fax)
                                              afa@afalaw.com