IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 4:18-CR-00011
)
MARCUS JAY DAVIS, )
Defendant. )
)

## REVISED PROPOSED JURY INSTRUCTIONS

At the Court's request, the United States submits the following proposed jury instructions,

revised to address the remaining defendant only.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/ Michael A. Baudinet
Michael A. Baudinet
Heather L. Carlton
Ronald M. Huber
Rachel B. Swartz
Assistant United States Attorneys
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel: 434-293-4283
Michael.baudinet@usdoj.gov
Heather.carlton@usdoj.gov
Ron.huber@usdoj.gov
Rachel.swartz@usdoj.gov

**Part I – General Instructions**

**Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, all facts which may have been agreed to or stipulated, and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

If the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the Courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.   In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.   In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.   You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

2

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.03 (6th ed. 2015) (modified); *see also* 1-5 L. Sand *et al.*, <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 5.02, Instruction 5-6 (2015).

3

## Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.   Direct evidence is the testimony of a person who asserts or claims actual knowledge of a fact, such as an eyewitness.   Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.   The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.04 (6th ed. 2015).

4

**Inferences from the evidence**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case. As the finders of fact, you are permitted to make all reasonable inferences from the evidence.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed. 2015) (modified).

**Jury's recollection controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.


AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.07 (6th ed. 2015).

## Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The law presumes a defendant to be innocent of crime. Thus, the defendant, although accused of crimes in the First Superseding Indictment, begin the trial with a "clean slate" – with no evidence against him. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charges against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of a defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of a charge, it must acquit on that charge.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.10 (6th ed. 2015) (modified), amended to conform with present state of law that no specific definition of reasonable doubt be given.  *See United States v. Walton*, 207 F.3d 694, 695 (4th Cir.), *cert. denied* 531 U.S. 865, 121 S.Ct. 158, 148 L.Ed.2d 106 (2000); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir.1994); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988); *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987); *United States v. Valezquez*, 847 F.2d 140, 142-43 (4th Cir. 1988); *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir. 1987); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir. 1985); *United States v. Moss*, 756 F.2d 329 (4th Cir. 1985).

**Consider Each Count Separately**

A separate crime is charged against one or more of the defendants in each count of the First Superseding Indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant or against any other defendant. You must give separate and individual consideration to each charge against each defendant.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, §§ 12.12, 12.13 (6th ed. 2015).

## Proof May Be Disjunctive

I instruct you that although the First Superseding Indictment may charge a defendant with committing an offense in several ways, using conjunctive language (that is, "and"), it is sufficient if the government proves the offense in the disjunctive (that is, "or"). That is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.

Therefore, I instruct you that it is not necessary for the government to prove that the defendant did each of those things, named in that particular count of the First Superseding Indictment. It is sufficient if the government proves beyond a reasonable doubt that a defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed by a defendant, and that every element of the offense has been proven beyond a reasonable doubt. I will explain this further when I instruct you on the substantive counts charged.

AUTHORITY: *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and the jury instruction may be properly framed in the disjunctive); *United States v. Rhynes*, 196 F.3d 207, 242, (4th Cir. 1999), *aff'd in part, reh'g en banc on other grounds*, 218 F.3d 310 (2000) (when a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive, but the district court can instruct the jury in the disjunctive).

9

**Video and Audio Recordings**

Video and audio recordings have been received in evidence and have been played for you. Subtitles were added to these recordings solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The video and audio recordings themselves, however, are evidence in the case and the subtitles are not evidence. What you hear on the recording is evidence. What you read on the subtitles is not. If you perceive any variation between the two, you will be guided solely by the recordings and not by the subtitles.

If you cannot, for example, determine from the recording that particular words were spoken or if you cannot determine from the recording who said a particular word or words, you must disregard the subtitles insofar as those words or that speaker are concerned.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.09 (6th ed. 2015).

## Credibility of Witnesses – Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

11

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2015).

# Opinion Evidence – The Expert Witness

As I explained during trial, the rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.   An exception to this rule exists as to those persons who are described as "expert witnesses."   An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.   If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.   You should consider the testimony of expert witnesses just as you consider other evidence in this case.   If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.01 (6th ed. 2015).

## Law Enforcement Witnesses

You have heard the testimony of law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

AUTHORITY: 1 L. Sand et al., *Modern Federal Jury Instructions—Criminal*, Chapter 7, Instruction No. 7-16 (modified) (2001). A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2015).

14

**Credibility of Witnesses – Inconsistent Statement**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.   The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.   It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.   You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed. 2015).

**Credibility of Witnesses – Conviction of Felony**

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 15.07 (6th ed. 2015).

.

## Effect of the Defendant's Decision Not to Testify

The defendant in a criminal case has an absolute right under our constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. 2015).

**Testimony – Accomplices, Informers, Immunity and Plea Agreements**

In this case, the government called as witnesses alleged accomplices, with whom the government has entered into plea agreements providing for the dismissal of some charges. Such plea bargaining, as it is called, is common and has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, does not thereby become incompetent as a witness. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. However, the jury should keep in mind that such testimony is always received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt; and the fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person.

AUTHORITY: *United States v. Figurski*, 545 F.2d 389 (4th Cir. 1976); *United States v. Stulga*, 584 F.2d 1421 (6th Cir. 1978). *See also*, Model Manual of Criminal Instructions for the Ninth Circuit, § 4.9 (2010).

**Proof of Knowledge or Intent**

In a moment, I will instruct you as to the substantive counts charged in the First Superseding Indictment.   For these charges, the government must prove the defenants' intent or knowledge.   The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.07 (6th ed. 2015).

Case 4:18-cr-00011-MFU-RSB   Document 1076   Filed 11/05/19   Page 19 of 82   Pageid#: 8318

## "Knowingly" and "Willfully" – Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of a defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

The term "willfully," as used in these instructions to describe the alleged state of mind of a defendant, means that he or she knowingly performed an act or failed to act deliberately and intentionally as contrasted with accidentally, carelessly, or unintentionally.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, §§ 17.04, 17.05 (6th ed. 2015).

# Flight or Concealment

Evidence that a defendant immediately fled after having been accused of committing a crime is a circumstance that, if proven, can be considered by the jury as showing a consciousness of guilt on the part of that defendant.

In your evaluation of this evidence of flight you may consider that there may be reasons—fully consistent with innocence—that could cause a person to flee. Fear of law enforcement or a reluctance to become involved in an investigation or simple mistake may cause a person who has committed no crime to immediately flee.

Whether or not evidence of immediate flight on the part of a defendant causes you as members of the jury to find a consciousness of guilt on hir or her part and the significance, if any, of that consciousness of guilt is entirely up to you as the sole judges of the facts of this case.

AUTHORITY:         1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.08 (6th ed. 2015).

.

## Unindicted or Absent Co-Conspirators

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other co-conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

AUTHORITY: Pattern Crim. Jury Instr. 6th Cir. § 3.06 (2017 ed.).

**Success of Conspiracy Immaterial**

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

AUTHORITY: 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.08 (6th ed. 2015).

**Agent of a Defendant**

As I have explained, it is not necessary for the government to prove that a defendant personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another, acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 18.03 (6th ed. 2015).

**Part I - Substantive Counts**

**Racketeering Conspiracy (Count 1)**

**The Nature of the Offense Charged — Count 1**

Now I will instruct you as to the substantive charges contained in the First Superseding Indictment.

<u>**Count I – RICO Conspiracy**</u>

From in or about sometime in 2015, the exact date being unknown, and continuing through the date of the First Superseding Indictment, in the Western District of Virginia and elsewhere, the defendant, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, SHABBA LARUN CHANDLER, and ASHLEY TIANA ROSS, together with each other and other persons known and unknown, being persons employed by and associated with the Rollin 60s Crips, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally did combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Section 1961(1) and 1961(5), which consisted of multiple acts involving:

    A.      Murder, chargeable under Va. Code §§ 18.2-32, 18.2-22, 18.2-26, and 18.2-18, and the common law of Virginia;

multiple acts indictable under:

25

B.     Title 18, United States Code, Section 1512 (tampering with a witness, victim or

informant);

C.     Title 18, United States Code, Section 1503 (obstruction of justice);

multiple offenses involving:

D.     Trafficking in controlled substances in violation of Title 21, United States Code,

Sections 841 and 846.

All in violation of Title 18, U.S.C. Sections 1962(d) and 1963.

<u>AUTHORITY</u>: First Superseding Indictment.

**The Statute Defining the Offense Charged — Count 1**

Section 1962(d) of Title 18 of the United States Code, commonly known as RICO

conspiracy, provides that:

> *It shall be unlawful for any person to conspire to violate any of the provisions of*
> *subsection (a), (b), or (c) of this section.*

Section 1962(c) of Title 18 of the United States Code provides, in part, that:

> *It shall be unlawful for any person employed by or associated with any*
> *enterprise engaged in, or the activities of which affect, interstate or foreign*
> *commerce, to conduct or participate, directly or indirectly, in the conduct of*
> *such enterprise's affairs through a pattern of racketeering activity.*

AUTHORITY:   Title 18, United States Code, Section 1962(c), (d).

Case 4:18-cr-00011-MFU-RSB   Document 1076   Filed 11/05/19   Page 27 of 82   Pageid#: 8326

**The Essential Elements of the Offense Charged — Count 1**

In order to sustain its burden of proof for the crime of RICO conspiracy as charged in Count One of the First Superseding Indictment, the government must prove the following four elements beyond a reasonable doubt:

**One:** The existence of an enterprise engaged in or affecting interstate commerce;

**Two:** The defendant was "employed by" or "associated with" the enterprise;

**Three:** The defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and

**Four:** The defendant knowingly agreed that he/she or some other member of the conspiracy would commit at least two racketeering acts.

AUTHORITY: *United States v. Mathis*, No. 16-4633, 2019 WL 3437626, at *9 (4th Cir. July 31, 2019); *United States v. Zelaya*, 908 F.3d 920, 926 (4th Cir. 2018); *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012).

28

## Conspiracy—Defined—Count 1

I will define each of these elements for you.   But first, let me instruct you on the definition of a "conspiracy."

A criminal conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.   A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would violate some laws by means of some common plan or course of action.   It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charged conspiracy.

To prove the existence of a conspiracy or illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling ut all of the details of the understanding.   To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the First Superseding Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named and charged, or that all of the people whom the evidence shows were actually members of the conspiracy agreed to all of the means or methods set out in the First Superseding Indictment.   Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives. Neither is it necessary for the government to prove any of the overt acts listed in the First Superseding Indictment.   One may become a member of a conspiracy without full knowledge of

29

all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.

So, if a defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joins in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and even though he played only a minor part in the conspiracy.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the First Superseding Indictment you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant willfully became a member of such conspiracy.

If and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant was a member, then the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by another proven member of the conspiracy, may be considered by the jury as evidence against the defendant under consideration even though he was not present to hear the statement made or see the act done.

This is true because, as stated earlier, a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by

or responsible for the acts and the statements of every other member made in pursuance of their

unlawful scheme.


AUTHORITY: 2B O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 56.11
(6th ed. 2019) (modified); Modern Federal Jury Instructions, Supplement Pamphlet, Fifth Circuit
Pattern Jury Instructions, Criminal Cases, Instruction No. 2.21 (1991) (modified); *United States
v. Burgos*, 94 F.3d 849, 860-61 (4th Cir. 1996).

**Enterprise—Defined—Count 1**

I will now instruct you on the law applicable to each of the three elements for a RICO conspiracy.

The first element requires the government to prove beyond a reasonable doubt that an enterprise affecting interstate commerce existed as alleged in the First Superseding Indictment. The First Superseding Indictment alleges that the Rollin 60s Crips is an enterprise.

The term "enterprise" as used in these instructions may include a group of individuals associated in fact, even though this association is not recognized as a legal entity. Thus, an enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. A group or association of people can be an enterprise if these individuals have associated together for a common purpose of engaging in a course of conduct.

The government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose.

An enterprise need not have a hierarchical structure or a chain of command; decisions may be made on an ad hoc basis and by any number of methods, including a show of strength. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.

While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of

inactivity. Moreover, an enterprise is not required to be business-like in its form or function, and it may, but need not, have an economic or profit-seeking motive. Indeed, RICO is not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

An enterprise can exist even though its membership changes over time by adding or losing individuals during the course of its existence.

Although the existence of an enterprise is a distinct element that must be proved by the government, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. Therefore you may consider proof of racketeering acts to determine whether the evidence establishes the existence of the charged enterprise, and, further, you may infer the existence of the enterprise from evidence of the pattern of racketeering activity.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 56.04 (6th ed. 2019) (modified). *Boyle v. United States*, 556 U.S. 938, 948 (2009); *Nat'l Org. For Women, Inc. v. Scheidler*, 510 U.S. 249, 259 (1994); *United States v. Turkette*, 452 U.S. 576, 583 (1981); *United States v. Palacios*, 677 F.3d 234, 248-49 (4th Cir. 2012).

**"Engaged in or Affecting Interstate Commerce" — Defined — Count 1**

The government must also prove beyond a reasonable doubt that the enterprise was engaged in, or its activities affected, interstate commerce.

The phrase engaged in, or the activities of which affect, interstate commerce, as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states. Therefore, interstate commerce may include the movement of money, goods, services, or persons from one state to another or the District of Columbia.

An enterprise is generally engaged in commerce when it is itself directly engaged in the production, distribution, or acquisition of goods or services in interstate commerce.   If you find that the evidence is sufficient to prove that the enterprise was or would be "engaged in," interstate commerce, the required nexus to interstate commerce is established, and therefore the government is not required to prove the alternative that the activities of the enterprise affected or would affect interstate commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate commerce, the government is not required to prove a significant or substantial effect on interstate commerce. Rather, a minimal effect on interstate commerce is sufficient.   It is not necessary for the government to show that the defendants actually intended or anticipated an effect on interstate commerce. It is not necessary for the government to prove that individual acts of racketeering themselves affected interstate commerce; rather, all that is necessary is that the enterprise and its activities affected interstate commerce, no matter how minimally. The effect must be considered in its entirety, but this effect on interstate commerce may be established through the effect caused by the individual racketeering acts.

34

The government contends that the enterprise in this case was or would be engaged in, or its activities affected or would affect, interstate commerce, in the following ways, among others:

- The distribution of drugs, including marijuana;

- The possession of firearms and ammunition, which traveled in interstate commerce;

- The use of interstate communications facilities, including the internet, social media such as Facebook, phone calls, and text messages.

The government is not required to prove all the circumstances outlined above. To satisfy this element, the government need only prove beyond a reasonable doubt that the activities of the enterprise considered in their entirety had or would have some minimal effect on interstate commerce, or that the enterprise was or would be "engaged in" interstate commerce.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 56.05 (6th ed. 2019) (modified); Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Offense Instruction No. 71.1 (2003); *United States v. Robertson*, 514 U.S. 669, 671-672 (1995); *United States v. Umana*, 750 F.3d 320, 337 (4th Cir. 2014); *United States v. Long*, 651 F.2d 239, 241-42 (4th Cir. 1981).

## "Employed by or Associated with the Enterprise" -- Defined

The second element the government must prove beyond a reasonable doubt is that the defendant was employed by or associated with the enterprise. The government need not prove both; the defendant can either be "employed by" or "associated with" the enterprise to establish this element.

The term "employed by" is not restricted to the traditional definition of employment or being paid wages. Under this statute, "employed by" also means use or engage or to make use of. A person "employed by" an enterprise is someone who has a position in or is a member of the enterprise.

"Associated with" also should be given its plain meaning. To "associate" means to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . To join or connect with one another. Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that each defendant agree that any particular conspirator was or would be "employed by" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that a defendant agree that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that at some time during the existence of the enterprise, a conspirator was or would be "employed by" or "associated with" the enterprise within the meaning of those terms as I have just explained and that he or she knew or would

Case 4:18-cr-00011-MFU-RSB   Document 1076   Filed 11/05/19   Page 36 of 82   Pageid#: 8335

know of the general nature of the enterprise, and knew or would know that the enterprise

extended beyond his own role in the enterprise.

<u>AUTHORITY</u>: *United States v. Brandao*, 539 F.3d 44, 51-52 (1st Cir. 2008); *United States v. Delgado*, 401 F.3d 290, 297 (5th Cir. 2005); *United States v. Marino*, 277 F.3d 11, 33 (1st Cir. 2002); *United States v. Zichetello*, 208 F.3d 72, 99 (2d Cir. 2000); *United States v. Tocco*, 200 F.3d 401, 425 (6th Cir. 2000); *United States v. Gabriele*, 63 F.3d 61, 98 (1st Cir, 1995); *United States v. Console*, 13  F.3d 641, 653 (3d Cir. 1993); *United States v. Mokol*, 957 F.2d 1410, 1417 (7th Cir. 1992); *United States v. Eufrasio*, 935 F.2d 553, 577 n.29 (3d Cir. 1991); *United States v. Rastelli*, 870 F.2d 827, 828 (2d Cir. 1989) (collecting cases); *United States v. Yonan*, 800 F.2d 164, 167 (7th Cir. 1986); *United States v. Tille*, 729 F.2d 615, 620 (9th Cir. 1984); *United States v. Bright*, 630 F.2d 804, 830 (5th Cir. 1980); *United States v. Herman*, 589 F.2d 1191, 1194, 1198 (3d Cir. 1978), cert. denied, 441 U.S. 913 (1979); *United States v. McMonagle*, 437 F. Supp. 721, 723 (E.D. PA. 1977).

## "Conduct or Participate in the Conduct of the Affairs of the Enterprise"

The third element the government must prove beyond a reasonable doubt is that each defendant must have agreed that a conspirator would conduct or participate in the conduct of the affairs of the enterprise.   A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so.

Such proof of operation and management may include evidence that the defendant agreed that a conspirator would intentionally perform acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise, or that a conspirator had some part in directing the enterprise's affairs. However, the government need not prove that the conspirator would exercise significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs.   Rather, an enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management or who are just carrying out upper management's orders.

AUTHORITY: Adapted from 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.08 (6th ed. 2013); *Reves v. Ernest & Young*, 507 U.S. 170, 179-86 (1993); United States v. Godwin, 765 F.3d 1306, 1320 (11th Cir. 2014); *United States v. Praddy*, 725 F.3d 147, 155-56 (2d Cir. 2013); *United States v. Shamah*, 624 F.3d 449, 454-56 (7th Cir. 2010); *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 371 (3d Cir. 2010); *United States v. Burden,* 600 F.3d 204, 214 (2d Cir. 2010); *United States v. Hutchinson*, 573 F.3d 1011, 1034 (10th Cir. 2009); *United States v. Brandao*, 539 F.3d 44, 54 (1st Cir. 2008);*United States v. Lawson*, 535 F.3d 434, 443 (6th Cir. 2008); *United States v. Fowler*, 535 F.3d408, 418 (6th Cir. 2008); *United States v. Browne*, 505 F.3d 1229, 1277 (11th Cir. 2007);*Williams v. Mohawk Indus.*, 465 F.3d 1277, 1285 (11th Cir. 2006); *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006)

(contra holding); *United States v. Delgado*, 401 F.3d 290, 297-98 (5th Cir.2005); *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004); *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 176-78 (2d Cir. 2004); *United States v. Cianci*, 378 F.3d 71, 96 (1st Cir. 2004); *Baisch v. Gallina*, 346 F.3d 366, 376 (2d Cir. 2003); *United States v. Shryock*, 342 F.3d 948, 985-86 (9th Cir. 2003); *United States v. Warneke*, 310 F.3d 542, 548 (7th Cir. 2002); *United States v. Swan*, 250 F.3d 495, 499 (7th Cir. 2000), amended by 224 F.3d 632 (2001); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 598 (7th Cir. 2001); *BancOklahoma Mortg. Corp. v. Capital Tile Co.*, 194 F.3d 1089, 1101-02 (10th Cir. 1999); *United States v. Diaz*, 176 F.3d 52, 92-93 (2d Cir. 1999); *United States v. Owens*, 167 F.3d 739, 753-54 (1st Cir. 1999); *United States v. Hurley*, 63 F.3d 1, 11 (1st Cir. 1995); *United States v. Thai*, 29 F.3d 785, 816 (2d Cir. 1994); *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994); *United States v. Viola*, 35 F.3d 37, 40-41 (2d Cir. 1994); *United States v. Oreto*, 37 F.3d 739, 750 (1st Cir. 1994); *United States v. Weiner*, 3 F.3d 17, 23-24 (1st Cir. 1993).

The fourth element that the government must prove beyond a reasonable doubt that the defendant agreed that the defendant or a conspirator would engage in a pattern of racketeering activity. The term "pattern of racketeering activity" means at least two racketeering acts of the type or types alleged in the First Superseding Indictment. Your verdict must be unanimous as to which type or types of racketeering activity you find that the defendant agreed was committed. In a moment, I will instruct you on the type of racketeering acts charged in the First Superseding Indictment and the elements regarding each of those charged types of racketeering activity.

Racketeering acts must be related to each other and pose a threat of continued criminal activity. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

Acts of racketeering are related to each other if they have the same or similar purposes, results, participants, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are merely isolated events.

Finally, the racketeering acts must have extended over a substantial period of time or pose a threat of continued criminal activity.

AUTHORITY: Title 18, United States Code, Section 1961(5); *Sedima, S.P.R. v. Imres Co*., 473 U.S. 479, 496 n. 14, 105 S. Ct. 3275, 3285 n. 14, 87 LE2d 346 (1985).

For purposes of Count 1, RICO Conspiracy, the First Superseding Indictment alleges that the defendants committed the following types of racketeering activity:

**(1)      Acts involving murder, chargeable under Virginia Code Sections 18.2-32, 18.2-26, 18.2-22, and 18.2-18 and the common law of Virginia.    For these instructions, acts involving murder include the completed act of murder as well as conspiracy to commit murder and attempted murder.**

Under Virginia law, murder in the first degree is murder by poison, by lying in wait, imprisonment, starving, or any willful, deliberate, premeditated and malicious killing of a human being, or any murder done in the commission of, or attempt to commit, robbery or abduction.

The Indictment charges that the defendant committed the willful, deliberate, premeditaed and malicious killing of a human being.    To find a person committed this type of first-degree murder under Virginia law, the government must prove beyond a reasonable doubt each of the following elements:

ONE:          The defendant killed another person;

TWO:          The killing was malicious; and

THREE:        The killing was willful, deliberate, and premeditated.

"Willful" generally means an act done with a bad purpose, without justifiable excuse, or without ground for believing it is lawful.    The term denotes an act which is intentional, knowing, or voluntary, as distinguished from accidental.

The malice necessary to constitute a crime of murder may either be express or implied. The word "malice" in the foregoing definitions of murder is used in a technical sense, and includes not only anger, hatred, and revenge, but every unlawful and unjustifiable motive.    It is not confined to ill will to any one or more particular persons, but is intended to denote an action

41

flowing from a wicked or corrupt motive, done with an evil mind and purpose and wrongful intention, where the act has been attended with such circumstances as to carry in them the plain indication of a heart regardless of social duty and deliberately bent on mischief. Therefore, malice is implied by law from any willful, deliberate, and cruel act against another, however sudden.

Under Virginia law, attempted murder is when an individual intends to commit murder and takes a direct act towards the commission of that crime, but is not successful. In determining whether the intent has been proved you may consider the conduct of the person involved and all the circumstances revealed by the evidence. The direct act required to be proved in an attempted crime is an act which shows a present intention to commit the crime. The act need not be the last act prior to the actual commission of the crime, but it must be more than mere preparation. It is not a defense to attempted murder that a perpetrator voluntarily withdrew before actually committing the murder or that some other person or thing prevented the murder from being committed.

In addition, Virginia law defines conspiracy as one person conspiring, confederating, or combining with another to commit a felony. If you find that the government has established beyond a reasonable doubt that the defendant was a member of a conspiracy, he is responsible for the acts of other members of that conspiracy that are committed in furtherance of the conspiracy, even if those acts are committed without his direct knowledge.

A principal in the first degree is the person who actually commits the crime. A principal in the second degree is the person who is present, aiding and abetting, by helping in some way the commission of the crime. Presence and consent are not sufficient to constitute aiding and abetting. It must be shown that the defendant intended his words, gestures, signals, or actions to

42

in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it.

AUTHORITY: 3-52 Modern Federal Jury Instructions-Criminal § 52.07, Instruction 52-40; Va. Prac. Jury Instruction § 73:1, Elements; Va. Prac. Jury Instruction § 73:3, Liability of conspirators; Va. Prac. Jury Instruction § 80:8, First Degree Murder; Va. Prac. Jury Instruction § 80:18, Willful; Va. Prac. Jury Instruction § 80:14, Malice; Va. Prac. Jury Instruction § 80:32, Second Degree Murder; Va. Prac. Jury Instruction § 80:36, Second Degree Murder—Malice Necessary; Va. Prac. Jury Instruction § 60:5, Principles in the First and Second Degree; Va. Prac. Jury Instruction 67:1.

The First Superseding Indictment also alleges that the defendants agreed to commit the following types of racketeering activity as part of the RICO conspiracy:

**(2)** **Acts indictable as witness tampering in violation of Title 18, United States Code, Section 1512**.   In order to sustain its burden of proof for the crime of witness tampering, the government must prove the following elements beyond a reasonable doubt:

One        The defendant used intimidation, threats, or corrupt persuasion, or attempted to use intimidation, threats, or corrupt persuasion, or engaged in misleading conduct toward, another person;

Two        The defendant did so with intent to influence, delay, or prevent the testimony of any person in an official proceeding; and

Three      The defendant did so knowingly, that is, that the defendant knew or had notice of the official proceeding, and that he intended or knew that his actions were likely to affect the official proceeding.

An official proceeding means a proceeding before a judge or court of the United States, a United States magistrate judge, or a Federal grand jury.   An official proceeding need not be pending or about to be instituted at the time of the defendant's alleged conduct.

AUTHORITY:   Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina 18 U.S.C. § 1512(b)(1) (2018 Online Edition); 18 U.S.C. § 1512(f).

The term "misleading conduct" means (1) knowingly making a false statement; (2) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a

44

false impression by such statement; (3) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; (4) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or (5) knowingly using a trick, scheme, or device with intent to mislead.

AUTHORITY: 18 U.S.C. § 1515(a)(3).


Merely persuading a person to withhold testimony in an official proceeding is not witness tampering. Persuasion is "corrupt" if the defendant acted voluntarily and intentionally to bring about false or misleading testimony with the hope or expectation of some benefit to the defendant. The term "corrupt persuasion" does not include conduct which would be misleading conduct but for a lack of state of mind.

To act with intent to influence the testimony of a witness means to act for the purpose of getting the witness to change, color, or shade his or her testimony in some way, it is not necessary for the government to prove that the witness's testimony was, in fact, changed in any way.

The government is not required to prove that the person to be threatened or intimidated actually felt threatened, or intimidated, or influenced or that there was any actual delay or withholding of that person's testimony.

45

The term "intimidation" as used in these instructions means the use of any words or any actions that would harass, frighten, or threaten a reasonable, ordinary person to do something that person would not otherwise do or not to do something that the person otherwise would do.

AUTHORITY:  *Arther Anderson LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Edland*, 887 F.3d 166 (4th Cir. 2018); *see United States v. Chujoy and Edlind*, Case No. 5:15-cr-29; 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 49:04-05 (6th ed. 2015) (modified).

46

The First Superseding Indictment also alleges that the defendants agreed to commit the following types of racketeering activity as part of the RICO conspiracy:

**(3)**      **Acts indictable as obstruction of justice in violation of Title 18, United States Code, Section 1503.**    In order to sustain its burden of proof for the crime of obstruction of justice, the government must prove the following elements beyond a reasonable doubt:

| | |
|---|---|
| One | There was a pending official proceeding; |
| Two | The defendant had knowledge or notice of the pending proceeding; |
| Three | The defendant, influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due administration of justice; and |
| Four | That the defendant did so corruptly, that is with the intent to influence, obstruct, or impede that proceeding in its due administration of justice, or by threats or force, or by threatening letter or communication. |

An official proceeding means a proceeding before a judge or court of the United States, a United States magistrate judge, or a Federal grand jury. An official proceeding need not be pending or about to be instituted at the time of the defendant's alleged conduct.

Merely persuading a person to withhold testimony in an official proceeding is not obstruction of justice.

A defendant acts "corruptly" if the defendant acted knowingly and dishonestly, with the intent to subvert or undermine the integrity of the official proceeding. Only persons conscious of wrongdoing can be said to act "corruptly."

AUTHORITY:   *Arther Anderson LLP v. United States*, 544 U.S. 696, 706 (2005); *see United States v. Chujoy and Edlind*, Case No. 5:15-cr-29.

47

Finally, the First Superseding Indictment also alleges that the defendant agreed to commit the following types of racketeering activity as part of the RICO conspiracy:

**(4)    Multiple offenses involving the trafficking of controlled substances, in violation of Title 21, United States Code, Section 846 (which is conspiracy to distribute and possess with intent to distribute controlled substances) and Section 841 (which is the distribution and possession with intent to distribute controlled substances).**

In order to sustain its burden of proof that the defendant conspired to distribute and possess with intent to distribute controlled substances, the government must prove the following elements beyond a reasonable doubt:

One        There existed an agreement between two or more persons to knowingly and intentionally distribute controlled substances, and the defendant willfully joined that agreement; or

Two        There existed an agreement between two or more persons to knowingly and intentionally possess with intent to distribute controlled substances, and the defendant willfully joined that agreement.

I have already instructed your regarding the law of conspiracy.   Those same instructions apply here as well.


AUTHORITY: 1A O'Malley, Grenig and Lee (formerly Devitt, Blackmar, Wolff and O'Malley), Federal Jury Practice and Instructions, § 13.03 (5th ed. 2000); Modern Federal Jury Instructions, Supplement Pamphlet, Fifth Circuit Pattern Jury   Instructions, Criminal Cases, Instruction No. 2.21 (1991) (modified).

48

In order to sustain its burden of proof that the defendant distributed or possessed with intent to distribute a controlled substance, the government must prove the following essential elements beyond a reasonable doubt:

One        The defendant knowingly or intentionally distributed a controlled substance; and

Two        The substance was in fact a controlled substance.

AUTHORITY: § 14.02 Pattern Crim. Jury Instr. (6th Cir. 2017 ed.)

The term "to distribute" means to deliver or to transfer possession or control of something from one person to another. "To distribute" includes, but is not limited to, the sale of controlled substances by one person to another.

The term "to possess" means to exercise control or authority over something at a given time. There are several types of possession—actual, constructive, sole, and joint.   Possession is considered to be actual when a person knowingly has direct physical control or authority over something.   Possession is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.   Possession may be knowingly exercised by one person exclusively which is called sole possession or possession may be knowingly exercised jointly when it is shared by two or more persons.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 64.08 (5th ed. 2009).

49

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine the intent of any person you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person. In determining a person's "intent to distribute" controlled substances, the jury may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 64.09 (5th ed. 2009).

The government is required to prove that the substance possessed or otherwise involved in this case was in fact a "controlled substance." In determining whether the government has satisfied its burden of proof on this element, you may consider lay testimony and any relevant circumstantial evidence. Such circumstantial proof may include evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the subject was called by the name of the illegal narcotic by the defendant or others in his presence.

50

It is not necessary for the government to prove that the defendant knew the precise nature of the controlled substance or substances that were distributed or possessed with the intent to distribute. The government must prove beyond a reasonable doubt, however, that defendant did know that some type of controlled substance was distributed or possessed with the intent to distribute.

AUTHORITY: 2B O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 64.15 (5th ed. 2009).

You are instructed, as a matter of law, that marijuana is a controlled substance.

**RICO Conspiracy**

To be clear, in order to convict a defendant of the RICO conspiracy offense charged in Count One, your verdict must be unanimous as to which type or types of racketeering activity were intended as part of the conspiracy that the defendant joined.   For example, you must find that at least two acts of murder (under Virginia law), witness tampering (under federal law), obstruction of justice (under federal law), conspiracy to distribute controlled substances (under federal law), or distribution of a controlled substance (under federal law), or one of each, or any combination thereof, were intended as part of the conspiracy.

The two acts may be of the same type of offense, but need not be so.   The two acts may be of a different type, but need not be so.   Again, the government is not required to prove that any defendant personally committed any racketeering acts, or that any defendant agreed to personally commit two racketeering acts.   Rather, it is sufficient if the government proves beyond a reasonable doubt that the defendant agreed to participate in the charged racketeering conspiracy with the knowledge and intent that at least one member of the conspiracy would commit at least two acts of racketeering, whether or not those acts were actually committed.

AUTHORITY: 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.11 (6th ed. 2013); Third Circuit Manual of Model Jury Instructions 6.18.1962D (West 2014 ed); Seventh Circuit Pattern Jury Instructions (1999 ed.); Eleventh Circuit Pattern Jury Instructions § 71.2 (2003 ed.); *Salinas v. United States*, 522 U.S. 52, 62-65 (1997); *United States v. Pratt*, 728 F.3d 463, 477 (5th Cir. 2013); *United States v. Cain*, 671 F.3d 271, 291 (2d Cir. 2012); *United States v. Mouzone*, 687 F.3d 207, 218 (4th Cir. 2012); *United States v. Tello*, 687 F.3d 785, 792 (7th Cir. 2012); *United States v. Applins*, 637 F.3d 59, 75 (2d Cir. 2011); *United States v. Yannotti*, 541 F.3d 112, 122 (2d Cir. 2008); *United States v. Lawson*, 535 F.3d 434, 445 (6th Cir. 2008); *United States v. Useni*, 516 F.3d 634, 646 (7th Cir. 2008); *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir. 2007); *United States v. Browne*, 505 F.3d 1229, 1265 (11th Cir. 2007); *United States v. Smith*, 413 F.3d 1253, 1272-73 (10th Cir. 2005); *United States v. Saadey*,

393 F.3d 669, 676 (6th Cir. 2005); *United States v. Pipkins*, 378 F.3d 1281, 1288 (11th Cir. 2004); *United States v. Lee*, 374 F.3d 637, 646-47 (8th Cir. 2004); *United States v. Harriston*, 329 F.3d 779, 785 (11th Cir. 2003); *United States v. Ciccone*, 312 F.3d 535, 542 (2d Cir. 2002); *United States v. Abbell*, 271 F.3d 1286, 1299 (11th Cir. 2001); *United States v. Nguyen*, 255 F.3d 1335, 1341 (11th Cir. 2001); *United States v. Zichettello*, 208 F.3d 72, 100 (2d Cir. 2000); *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998); *United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998); *United States v. Starrett*, 55 F.3d 1525, 1543-44 (11th Cir. 1995); *United States v. Quintanilla*, 2 F.3d 1469, 1484 (7th Cir. 1993); *United States v. Eufrasio*, 935 F.2d 553, 577 (3d Cir. 1991); *United States v. Rastelli*, 870 F.2d 822, 825 (2d Cir. 1989); *United States v. Neapolitan*, 791 F.2d 489, 498 (7th Cir. 1986); *United States v. Elliot*, 571 F.2d 880, 903-04 (5th Cir. 1978).

Next, I will instruction you on the charges called Violent Crimes in Aid of Racketeering, often called "VICAR." The First Superseding Indictment charges the defendant with two types of Violent Crimes in Aid of Racketeering: VICAR Murder and VICAR Attempted Murder. These two crimes have the same general elements, so I will instruct you as to VICAR Murder and VICAR Attempted Murder at the same time.

### Count Ten – VICAR Murder of Christopher Motley

Count Ten of the First Superseding Indictment charges that on or about August 20, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s Crips, an enterprise engaged in racketeering activity, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, did murder Christopher Lamont Motely, in violation of Virginia Code Sections18.2-32 and 18.2-18.

All in violation of Title 18, United States Code, Sections 2 and 1959(a)(1).

### Count Twelve – VICAR Attempted Murder of Justion Wilson

Count Twelve of the First Superseding Indictment charges that, on or about August 20, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s Crips, an enterprise engaged in racketeering activity, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, did

54

attempt to murder Justion Wilson in violation of Virginia Code Sections 18.2-32, 18.2-26, and 18.2-18.

All in violation of Title 18, United States Code, Sections 2 and 1959(a)(5).

ATHORITY: First Superseding Indictment.

**The Statute Defining the Offense Charged—Counts 10 and 12**

Section 1959 of Title 18, United States Code, provides in pertinent part:

*Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . any individual in violation of the laws of any State or the United States, or attempts or conspires to do so . . .*

Shall be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Sections 1959(a)(1) and (5).

**The Essential Elements of the Offense Charged—Counts 10 and 12**

In order for you to find the defendant MARCUS JAY DAVIS guilty of **Count Ten -- the VICAR Murder of Christopher Motley --** the government must prove beyond a reasonable doubt each of the following elements:

| | |
|---|---|
| **One** | On or about August 20, 2016, the Rollin 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce; |
| **Two** | The enterprise engaged in racketeering activity; |
| **Three** | The defendant had a position in or was associated with the enterprise; |
| **Four** | The defendant committed, or aided and abetted, the murder of Christopher Lamont Motley, in violation of Virginia Code Sections18.2-32 and 18.2-18; and |
| **Five** | The defendant's purpose in committing the attempted murder, or aiding and abetting the murder, was to maintain or increase position in the enterprise. |

In order for you to find the defendant MARCUS JAY DAVIS guilty of **Count Twelve – the VICAR Attempted Murder of Justion Wilson --** the government must prove beyond a reasonable doubt each of the following elements:

| | |
|---|---|
| **One** | On or about August 20, 2016, the Rollin 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce; |
| **Two** | The enterprise engaged in racketeering activity; |
| **Three** | The defendant had a position in or was associated with the enterprise; |
| **Four** | The defendant committed, or aided and abetted, the attempted murder of Justion Wilson, in violation of Virginia Code Sections 18.2-32, 18.2-26, and 18.2-18; and |

**Five**      The defendant's purpose in committing the attempted murder, or aiding and abetting the attempted murder, was to maintain or increase position in the enterprise.

<u>AUTHORITY</u>: 18 U.S.C. § 1959(a)(1) and (5); *United States v. Zelaya*, 908 F.3d 920, 926-27 (4th Cir. 2018); *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994).

Case 4:18-cr-00011-MFU-RSB   Document 1076   Filed 11/05/19   Page 58 of 82   Pageid#: 8357

**First Element—Existence of an Enterprise**

For both VICAR Murder and VICAR Attempted Murder, the first element the government must prove beyond a reasonable doubt is that an "enterprise" existed as defined in the First Superseding Indictment and that enterprise engaged in, or its activities affected, interstate commerce.   The government has charged the same enterprise for these counts as in the racketeering conspiracy count, that is, the Rollin 60s Crips, including its leadership, members and associates.   I have already instructed you on what is necessary for the government to prove that the Rollin 60s Crips is an enterprise. Those same instructions apply these Counts.

AUTHORITY: 3 L. Sand, et al., Modern Federal Jury Instructions-Criminal, Instruction 52-37 (2007).

## Second Element—The Enterprise Engaged in Racketeering Activity

For both VICAR Murder and VICAR Attempted Murder, the next element the government must prove beyond a reasonable doubt is that the enterprise engaged in racketeering activity.   As I have explained before, racketeering activity includes certain state and federal crimes.   Specifically, the Rollin 60s Crips are alleged to have engaged in the following types of racketeering activity: (1) acts involving murder in violation of Virginia state law, (2) witness tampering indictable under federal law, (3) obstruction of justice indictable under federal law, and (4) conspiring to distribute controlled substances, distributing controlled substances, or possessing with intent to distribute controlled substances in violation of federal law.    I have already instructed you regarding the elements of these racketeering acts.

For the Violent Crime in Aid of Racketeering charges contained in Counts 10 and 12 of the First Superseding Indictment, the government is <u>not</u> required to prove that a defendant committed or agreed to commit a "pattern of racketeering activity."   For these Counts, the government must only prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes I discussed as racketeering activity.

It is for you to determine whether the enterprise "engaged in" these activities as charged. The element is satisfied by showing that members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise.

<u>AUTHORITY</u>: 3 L. Sand, et al., <u>Modern Federal Jury Instructions-Criminal</u>, Instruction 52-38 (2007).

60

**Third Element – Position in or Associated with the Enterprise**

For both VICAR Murder and VICAR Attempted Murder, the third element the government must prove beyond a reasonable doubt is that the defendant had a position in or was associated with the enterprise. The government need not prove both; the defendant can either have a "position in" or be "associated with" the enterprise to establish this element.

The term "position in" is not restricted to the traditional employment definition. Under this statute, "position in" also means had a role in or was engaged by the enterprise. A person with a "position in" an enterprise is someone who was a member of or was employed by the enterprise.

"Associated with" also should be given its plain meaning. To "associate" means to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . To join or connect with one another. Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that each defendant agree that any particular conspirator had a "position in" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that a defendant agree that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that at some time during the existence of the enterprise, a conspirator was or had a "position in" or was "associated with" the enterprise within the meaning of those terms as I have just explained and that he or she knew or would know of the general nature of the

61

enterprise, and knew or would know that the enterprise extended beyond his own role in the enterprise.

**Fourth Element—The Defendant Committed the Charged Crime of Violence**

For both VICAR Murder and VICAR Attempted Murder, the next element the government must establish beyond a reasonable doubt is that the defendant committed the alleged violent crime charged in Counts 10 and 12 of the First Superseding Indictment. Here, the violent crimes are murder and attempted murder.

When I instructed you on racketeering activity, I explained to you the definition and elements of murder and attempted murder. Those same instructions apply here to the counts for VICAR Murder and VICAR Attempted Murder.

AUTHORITY: 3-52 Modern Federal Jury Instructions-Criminal § 52.07, Instruction 52-40; Va. Prac. Jury Instruction § 73:1, Elements; Va. Prac. Jury Instruction § 73:3, Liability of conspirators; Va. Prac. Jury Instruction § 80:8, First Degree Murder; Va. Prac. Jury Instruction § 80:18, Willful; Va. Prac. Jury Instruction § 80:14, Malice; Va. Prac. Jury Instruction § 80:32, Second Degree Murder; Va. Prac. Jury Instruction § 80:36, Second Degree Murder—Malice Necessary; Va. Prac. Jury Instruction § 60:5, Principles in the First and Second Degree; Va. Prac. Jury Instructions § 80:11, First degree murder—Specific statutory acts (modified); *United States v. Ayalya*, 601 F.3d 256, 265 (4th Cir. 2010); *United States v. Cousins*, 198 F.Supp.3d 621, 626 (E.D. Va 2016); *United States v. Cuong Gia Le*, 316 F. Supp. 2d 355, 361 (E.D. Va 2004).

**Fifth Element—Purpose to Maintain or Increase Position in the Enterprise or to Gain Entrance into the Enterprise**

For both VICAR Murder and VICAR Attempted Murder, the fifth element the United States must prove beyond a reasonable doubt is that the defendant's general purpose in committing murder or attempted murder was to maintain or increase position in the enterprise. The United States is not required to prove that it was the defendant's sole or principal motive or purpose.

In determining whether the defendant's purpose in committing the alleged acts was to maintain or increase position in the enterprise, you should give the words "maintain" or "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination. For example, you may consider evidence that the crime, if proved, was intended to or served to maintain a position in the enterprise or maintain discipline within the enterprise. If the defendant conspired, committed, or attempted to commit the crime because he knew it was expected of him by reason of his membership in the enterprise, because he thought it would enhance his position or prestige within the enterprise, or because he thought it was necessary to maintain the position he already held, this element would be established. These examples are only meant by way of illustration. They are not exhaustive.

<u>AUTHORITY</u>: 3-52-41 Modern Federal Jury Instructions– Criminal § 52.07.

Case 4:18-cr-00011-MFU-RSB   Document 1076   Filed 11/05/19   Page 64 of 82   Pageid#: 8363

## Responsibility for Substantive Offenses

There are three ways the government can prove the defendant committed the crimes of VICAR Murder and VICAR Attempted Murder.

The first is by proving that the defendant personally committed or participated in the individual crime.

The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement. In other words, under certain circumstances, the act of one conspirator can be treated as the act of all, as long as the act was reasonable foreseeable. This means that all of the conspirators may be convicted of a crime committed by only one of them, even through they did not all personally participate in that crime themselves.

Under this rule, for you to find the defendant guilty of a substantive offense based on the conduct committed by an alleged co-conspirator, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt.

One: that the defendant was a member of the conspiracy charged in Count 1 of the First Superseding Indictment;

Two: After the defendant joined the conspiracy, and while he was a member of it, one or more of the other members committed the substantive offense;

Three: The substantive offense was committed to help advance and further the conspiracy; and

Four:   The substantive offense was within the reasonable foreseeable scope of the

conspiracy.   The offense must have been one that the defendant could have

reasonable anticipated as a necessary and natural consequence of the agreement.

This does not require proof that the defendant specifically agreed or knew that the substantive

offense would be committed.   But the government must prove that the offense was within the

reasonable contemplation of the persons who committed the conspiracy.   No defendant is

responsible for acts of others that go beyond the fair scope of the agreement as that defendant

understood it.

Third, the defendant may also violate the law even though he does not personally do each

and every act constituting the offense if he "aided and abetted" the commission of the offense.

Before the defendant may be held responsible for aiding and abetting others in the commission

of a crime, it is necessary that the government prove beyond a reasonable doubt that the

defendant knowingly and deliberately associated himself in some way with the crimes charged

and participated with the intent to commit the crimes.

In order to be found guilty of aiding and abetting the commission of a particular crime,

the government must prove beyond a reasonable doubt that the defendant:

One          Knew that the crime charged was to be committed or was being

committed;

Two          Knowingly did some act for the purpose of aiding and encouraging the

commission of that crime; and

Three         Acted with the intention of causing the crime charged to be committed.

Before the defendant may be found guilty as an aider or an abettor to the crime, the

government must also prove, beyond a reasonable doubt, that someone committed each of the

66

essential elements of the offenses charged as I will explain to you.

A person takes an affirmative act in furtherance of an offense if he facilitates, that is, if he acts to help or assist or make possible, any part – though not necessarily every part – of the crime. An affirmative act includes all assistance rendered by words, acts, encouragement, support, or presence.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that a defendant knowingly and deliberately associated himself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 18.01, 31.10 (6th ed. 2015)(modified); *United States v. Mathis*, No. 16-4633, 2019 WL 3437626, at *9 (4th Cir. July 31, 2019) (upholding instruction on vicarious and co-conspirator liability); *United States v. Hopson*, 754 Fed.Appx. 153, 156 (4th Cir. 2018) (upholding VICAR murder conviction against gang leader although he was not present for murder); *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995) (upholding conviction for VICAR murder where defendant aided and abetted co-defendants' commission of a VICAR murder); *United States v. Khalil*, 279 F.3d 358, 369 (6th Cir. 2002) (discussing aiding and abetting liability for VICAR offense); *United States v. Houston*, 648 F.3d 806, 818–19 (9th Cir. 2011) ("Instruction No. 36 further directed that the jury could convict the defendants of VICAR murder on a *Pinkerton* theory….The district court properly instructed the jury on each of the three elements of *Pinkerton* liability."); *United States v. McGill*, 815 F 3d 846 (D.C. Cir); *United States v Tse*, 135 F.3d 200 (1st Cir. 1998); *United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999); *United States v. Olivia*, 2019 WL 4212934 (3d Cir. 2019).

I will now instruct you on the substantive charges of Using a Firearm in Relation to a Crime of Violence.   The crimes of violence in the First Superseding Indictment are VICAR Murder and VICAR Attempted Murder.

**Count Eleven – Use of a Firearm in Relation to Murder**

Count Eleven of the First Superseding Indictment charges that on or about August 20, 2016, in in the Western District of Virginia, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, and SHABBA LARUN CHANDLER, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, aviolation of Title 18, United States Code, Section 1959(a)(1), as set forth Count Ten , and in the course of a violation of Title 18, United States Code, Section 924(c), caused the death of a person through the use of a firearm, which killing is murder as as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(j).

AUTHORITY: First Superseding Indictment.

68

**The Statutes Defining the Offenses Charged—Count 11**

Section 924(c) of Title 18 of the United States Code provides, in part, that:

*. . . Any person who, during and in relation to a crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall . . .*

Be guilty of an offense against the United States.

Section 924(j) of Title 18 of the United States Code provides, in part, that:

*Any person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm shall . . .*

Be guilty of an offense against the United States.

Section 1111(a) of Title 18 of the United States Code provides, in pertinent part, that:

*Murder is the unlawful killing of a human being with malice aforethought.*

AUTHORITY: Title 18, United States Code, Sections 924(c), 924(j), 1111(a).

**The Essential Elements of the Offense Charged—Count 11**

In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a crime of violence, as charged in Count Eleven of the First Superseding Indictment, the government must prove the following three elements beyond a reasonable doubt:

**One**  The defendant committed the crime of murder as identified in Count 10, or aided and abetted the crime of murder;

**Two**  During and in relation to the commission of that crime, the defendant knowingly used or carried a firearm; and

**Three**  The defendant's use or carrying of that firearm was during and in relation to the murder of Christopher Motley as contained in Count 10.

I have previously instructed you on the elements of the underlying crimes of VICAR Murder. It is not necessary for the government to show that the weapon was fired. It is sufficient if the proof establishes that the firearm furthered the commission of the murder or was an integral part of the underlying crime being committed.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2019).

## The Nature of the Offense Charged—Count 13

Count 13 of the First Superseding Indictment charges that on or about August 20, 2016, in the Western District of Virginia, the defendants, MARCUS JAY DAVIS, KEVIN LAMONT TRENT JR., KANAS LAMONT'E TRENT, DESHAUN LAMAR TRENT, PHILLIP DAEKWON MILES, SHABBA LARUN CHANDLER, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Twelve of this First Superseding Indictment.

All in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(iii).

AUTHORITY: First Superseding Indictment.

71

**The Statute Defining the Offense Charged—Count 13**

Section 924(c) of Title 18 of the United States Code provides, in pertinent part, that:

*. . . Any person who, during and in relation to any crime of violence . . . For which the person may be prosecuted in a court of the United States, uses or carries [or brandishes or discharges] a firearm, . . .*

shall

be guilty of an offense against the United States.

AUTHORITY: Title 18, United States Code, Section 924(c).

**The Essential Elements of the Offense Charged—Count 13**

In order to sustain its burden of proof for the crime of using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence, as charged in Count 13 of the First Superseding Indictment, the government must prove the following two elements beyond a reasonable doubt:

**One**     The defendant used or carried or brandished or discharged a firearm;

**Two**     The defendant did so during and in relation to the commission of the crimes of violence as alleged in Count 12, which may be prosecuted in federal court.

I hereby instruct you as a matter of law that the crime of VICAR Attempted Murder is a crime of violence for purposes of Count 13.

I have previously instructed you on the essential elements of VICAR Attempted Murder.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2019)(modified).

73

## Firearm defined— Count 13

The term "firearm" means any weapon (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the frame or receiver of any such weapon.

You need not find that the firearm was loaded or that it was operable at the time of the offense.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39.11 (6th ed. 2019)(modified); 2 L. Sand, et al., Modern Federal Jury Instructions, 35-59 (2005); Title 18, United States Code, Section 921(a)(3); *United States v. Martinez*, 912 F.2d 419, 421 (10th Cir. 1990) (Use of unloaded firearm "falls within the prohibitions of § 924(c)"); *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir.), cert. denied, 498 U.S. 824 (1990) (Firearm need not be loaded); *United States v. Theodoropoulos*, 886 F.2d 587, 595 n.3 (3d Cir. 1989) (Firearm need not be operable); *United States v. York*, 830 F.2d 885, 891-92 (8th Cir. 1987), cert. denied, 484 U.S. 1074 (1988) (Firearm need not be operable); *United States v. Gonzalez*, 800 F.2d 894, 899 (9th Cir. 1986) (Firearm need not be loaded or operable).

### "Uses or Carries a Firearm"—Defined

To "use" a firearm means more than mere possession of a firearm or having it available during the crime of violence as alleged in the First Superseding Indictment. The government must prove that the defendant actively employed the firearm in the alleged crime of violence. "Active employment" may include brandishing, displaying, bartering, striking with, firing, or attempting to fire the firearm. It may also include the mere mention or disclosure of a firearm's presence in a manner intended to intimidate or influence others.

To "carry" a firearm means that the defendant carried the firearm in the ordinary meaning of the word "carry," such as by transporting a firearm on the person or in a vehicle. The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the crime of violence. The firearm does not have to be readily accessible.

In determining whether the defendant used or carried a firearm during and in relation to a crime of violence as charged in the First Superseding Indictment, you may consider all of the factors received in evidence in the case, including the nature of the underlying crime or crimes of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions,</u> § 39.20 (6th ed. 2015), available at Westlaw (modified); Pattern Crim. Jury Instr. 5th Cir. 2.44 (2015) (modified).

75

**"Brandishes a Firearm"—Defined**

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

AUTHORITY: Title 18, United States Code, Section 924(c)(1)(D)(4).

The word "possess" means to own or to exert control over an item or property voluntarily and intentionally. The law recognizes two kinds of "possession" – actual possession and constructive possession. Actual possession is knowingly having direct physical control or authority over a thing at a given time. Constructive possession is when a person has the power or intention to exercise dominion or control over a thing, either directly or through another person or persons. Constructive possession requires that the person had knowledge of the presence of the item.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

AUTHORITY: 2A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 39.12 (6th ed. 2015), available at Westlaw.

**"During and in Relation" to a Crime of Violence—Defined**

The government must prove beyond a reasonable doubt that the firearm had some relation to or some connection to the underlying crime of violence as alleged in Count 13.

A firearm is used, carried, possessed, brandished or discharged "in relation to" a crime of violence if it has some purpose or effect with respect to the crime of violence and if its presence was not the result of an accident or coincidence. The firearm must have facilitated, or potentially facilitated the crime of violence. For example, if a firearm is possessed for protection or intimidation, it is possessed "in relation to" the crime of violence offense within the meaning of the statute.

In determining whether the firearm assisted or facilitated the commission of the crime, you may consider all of the factors received in evidence in the case, including the nature of the underlying crime of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

AUTHORITY: *United States v. Mitchell*, 104 F.3d 649, 653 (4th Cir. 1997); *United States v. Brockington*, 849 F.2d 872 (4th Cir. 1988).

**Aiding and Abetting — Using or Carrying a Firearm During and in Relation to a Crime of Violence**

There are three ways the government can prove the defendant committed the crimes of Possessing, Using, Carrying, Brandishing, or Discharging a Firearm in relation to VICAR Murder and VICAR Attempted Murder.

Like with VICAR Murder and VICAR Attempted Murder, the first is by proving that the defendant personally committed or participated in the individual crime.

The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members.

The third way is that the defendant aided and abetted the offense.

I have already instructed you on these forms of criminal liability and those instructions apply here as well.

However, to find that a defendant aided and abetted the Possession, Use, Carrying, Brandishing, or Discharge of a Firearm in Relation to a Crimine of Violence, you must consider an additional element. A person acts with the required intent if he knowingly associates himself in some way with the crime and participates in the crime by doing some act to help make the crime succeed. This intent requirement is satisfied when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense.

In the context of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, a person acts with the requisite intent if he had advance knowledge that a confederate would use or carry or brandish or discharge a gun during the commission of a violent crime. Advance knowledge means knowledge at a time the person can attempt to alter the plan or withdraw from the enterprise. Knowledge of the gun may, but does not have to, exist before the underlying crime is begun. It is sufficient if the knowledge is

79

gained in the midst of the underlying crime, as long as the defendant continues to participate in the crime and had a realistic opportunity to withdraw.   You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant continued his participation in the crime after a gun was displayed or used by a confederate.

<u>AUTHORITY</u>: *Rosemond v. United States*, 134 S. Ct. 1240 (2014); *United States v. Jones*, 761 F. App'x 210, 212 (4th Cir. 2019); *United States v. Nowell*, 757 F. App'x 218, 222 (4th Cir. 2018); *United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016).

## Part III – Concluding Instructions

### Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Your verdict must represent the collective judgment of the jury.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.   Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.   You are judges – judges of the facts of this case.   Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.   Nothing you have seen or read outside of court may be considered.   Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.   Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

81

should return.   What the verdict shall be is the exclusive duty and responsibility of the jury.   As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the Offenses Charged in the First Superseding Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the Offenses Charged.

A form of verdicts has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the form, date and sign the form, and then return with your verdicts to the Courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.   No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.