IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case # 4:18-CR-00011 |
| | ) |
| MARCUS DAVIS | ) |
| | ) |

**MOTION TO EXCLUDE CONSPIRACY WITHDRAWAL INSTRUCTION**

The United States, by counsel, respectfully moves the Court to exclude a jury instruction that Defendant Marcus Davis withdrew from a conspiracy, which is not appropriate in this case based on the evidence at trial. In support of this Motion, the United States asserts the following:

1. The Fourth Circuit has long and repeatedly held that, once a conspiracy is established, it is presumed to continue unless or until the defendant shows that it was terminated or he withdrew from it. *United States v. Green*, 599 F.3d 360, 369–70 (4th Cir. 2010); *United States v. Walker*, 796 F.2d 43, 49 (4th Cir.1986). A mere cessation of activity in furtherance of the conspiracy is insufficient. *Green*, 599 F.3d at 370. To withdraw from a conspiracy, the defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach his coconspirators. *United States v. United States Gypsum Co.*, 438 U.S. 422, 464–65 (1978); *see also United States v. Cardwell*, 433 F.3d 378, 391 (4th Cir. 2005) (holding that withdrawal from a conspiracy "requires the defendant to take affirmative actions inconsistent with the object of the conspiracy and communicate his intent to withdraw in a manner likely to reach his accomplices."); *United States v. Bennett*, 984 F.2d 597, 609 (4th Cir. 1993) ("Once it is proven that a defendant was a member of the conspiracy, the defendant's membership in the conspiracy is presumed to continue until he withdraws from the

1

conspiracy by affirmative action."). The burden of proving withdrawal rests on the defendant. *Green*, 599 F.3d at 370.

2.	There was no evidence at trial that the defendant withdrew from any conspiracy. None. Rollin 60s Crips Laquante Adams testified that Defendant Marcus Davis tried to "squash" the beef between the Billy Bloods and Rollin 60s Crips, but, when he couldn't, he did not withdraw from the gang – he affirmatively recommitted himself to the conspiracy by (a) calling a meeting at his mother's house, (b) ordering a "greenlight" against the Billy Bloods at that meeting, and (c) participating in the gang initiation of Tyson Bowens after the meeting. Moreover, any attempts to "squash" a beef between two gangs does not constitute the affirmative withdraw evidence required by the Fourth Circuit, especially where, as here, there is no evidence that any unambiguous "withdrawal" was communicated to any co-conspirators.

3.	Nor can any potential tension between any gang members constitute withdrawal from the conspiracy. The defendant may argue that the withdrawal instruction is appropriate because of the rumor that Kevin Trent pulled a gun on Defendant Davis meant that Davis was no longer Big Homie of the Rollin 60s Crips, although there was no evidence that anyone other than Davis was the gang's leader. In similar circumstances, the Fourth Circuit has held that such evidence does not establish withdrawal from the conspiracy. *See, e.g., United States v. Manning*, 462 F. App'x 345, 348 (4th Cir. 2012) ("Although the evidence indicated that Manning had a violent dispute with his co-conspirator and that they ceased associating with each other following this disagreement, such conduct does not, as a matter of law, rise to the level of affirmative withdrawal from a conspiracy."); *Green*, 599 F.3d at 369 ("Notwithstanding these circumstances, the evidence of an internal conflict between Appellant Green and other members of the conspiracy

does not remotely support Appellant Green's contention that he affirmatively withdrew from the drug conspiracy and abandoned its purposes.")

4. If the Court believes that the defendant has presented sufficient evidence of his withdrawal from the conspiracy and includes such an instruction in its jury instructions, the instruction would only apply to Counts 11, 12, and 13 and not to the RICO Conspiracy count itself. The Fourth Circuit has held that, even if a defendant affirmatively withdraws from conspiracy and communicates that to his co-conspirators, withdrawal from a conspiracy will not preclude a conspiracy conviction if overt acts have been taken in furtherance of the conspiracy prior to the withdrawal. *United States v. Hudson*, 131 F.3d 137 (4th Cir. 1997) (upholding Judge Turk's refusal to instruct jury on withdrawal from conspiracy; "Appellant committed numerous overt acts in furtherance of acquiring a firearm prior to showing any intention to withdraw, and thus was not entitled to an instruction that his withdrawal provides a defense to the conspiracy charge."). A coconspirator is guilty of conspiracy if he agrees with one or more other persons to violate the law, and then any one of the conspirators commits an overt act in furtherance of the object of the agreement. *United States v. Gonzalez*, 797 F.2d 915, 916–17 (10th Cir. 1986). Withdrawal terminates the defendant's liability for postwithdrawal acts of his co-conspirators, but he remains guilty of conspiracy. *Smith v. United States*, 568 U.S. 106, 110–11 (2013). The United States contends that there was no withdrawal from any conspiracy by the defendant, but if the Court believes there was affirmative withdrawal acts by Defendant Davis that were communicated to his co-conspirators at the gang meeting at Defendant Davis's home on August 20, 2016, the only post-withdrawal acts would be the murder of Christopher Motley and the attempted murder of Justion Wilson. Any instruction would need to be explicit that it applies only to those three counts.

WHEREFORE, the United States moves the Court to exclude any withdrawal jury instruction.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/ Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel: 434-293-4283
Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov

Michael A. Baudinet
Rachel Swartz
Assistant United States Attorneys
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008
TEL (540) 857-2250
Michael.baudinet@usdoj.gov
Rachel.swartz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/Heather L. Carlton
Assistant United States Attorney