<u>United States v. Marcus Jay Davis</u>, No. 4:18cr11-01

## FINAL JURY INSTRUCTIONS

Chief Judge Michael F. Urbanski

Members of the Jury: You have now heard all the evidence in the case, as well as the arguments of the attorneys. Your job, as jurors, is to decide the facts of this case. In deciding the facts of this case, you must base your verdict solely on the evidence presented to you over the course of the trial. You must perform this function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. All of the parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

It is my job to decide what rules of law apply to this case and instruct you on those rules. I've explained some of these rules to you during the course of the trial, and I will explain other rules to you before you go to the jury room. This is my job, and not the job of the lawyers. While the lawyers may have commented during the trial on some of these rules, you are to be guided only by what I say about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others. You may not single out one rule alone as stating the law, but you are to consider the instructions as a whole. Even if you disagree or don't understand the reasons for some of the rules, you are bound to follow them.

# PRESUMPTION OF INNOCENCE

There are three important rules that you must always keep in mind in a criminal case. These are: (1) a defendant is presumed innocent; (2) the government has the burden of proof to establish the defendant's guilt; and (3) the government has the burden to establish guilt beyond a reasonable doubt. An indictment, or in this case, as it is called, the First Superseding Indictment, is merely the formal way of accusing a person of a crime to bring that person to trial. You must not consider the First Superseding Indictment as evidence of any kind—you may not consider it as any evidence of a defendant's guilt or draw any inference of guilt from it. The defendant in this criminal case is presumed to be innocent and begins the trial with a clean slate, with no evidence against him. The presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The presumption of innocence alone is sufficient to acquit the defendant unless all of you are satisfied beyond a reasonable doubt of the defendant's guilt from all the evidence admitted in the case.

# BURDEN OF PROOF

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence, call any witnesses, or produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense for which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any single element of the offense beyond a reasonable doubt, you must find the defendant not guilty of the offense.

So if the jury, after careful and impartial consideration of all of the evidence in the case, has a reasonable doubt that the defendant is guilty of a charge, it must acquit on that charge.

## DEFENDANT'S RIGHT TO REMAIN SILENT

Under the Bill of Rights to our Constitution, a defendant in a criminal case has an absolute right not to testify. In this case, the defendant has chosen to exercise his right to remain silent. The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. You must not hold this decision against the defendant, and it would be improper for you to speculate as to the reason or reasons for his decision. Therefore, I instruct you not to speculate. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

## DEFENDANT ONLY ON TRIAL FOR CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the First Superseding Indictment. Nor are you to be concerned with the guilt of any person or persons not on trial in this case.

## PUNISHMENT NOT A FACTOR

I instruct you that if you find the defendant guilty of the crime charged, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

# EVIDENCE LIMITATIONS

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things admitted as exhibits, recordings that have been played, or such matters as the court may instruct you to find.

Evidence also includes all facts which have been agreed to or stipulated, and all facts which may have been judicially noticed.

The following statements and utterances made during this trial are not evidence and should not be considered by you:

- Statements, arguments, and questions by lawyers;

- Objections to questions;

- Testimony that the court has excluded or told you to disregard;

- Incidents, remarks, or statements you may have seen, heard, or otherwise encountered outside the courtroom.

By the same token, any comment or ruling I have made or any question I have asked during the course of this trial does not mean that I have a view as to what your verdict should be. It is up to you, and you alone, to decide what weight and value to give to the evidence and to render a verdict in accordance with that evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the government present evidence—either direct or circumstantial—that proves its case against a defendant beyond a reasonable doubt.

You should weigh all of the evidence in the case. In doing so, you may draw inferences from the evidence. Inferences are simply deductions or conclusions that you draw from the evidence received in the case, based on reason and common sense.

## JURY RECOLLECTION CONTROLS

You are the sole judges of the evidence received in this case. If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the court or of counsel.

## VIDEO AND AUDIO RECORDINGS

Video and audio recordings have been received in evidence and have been played for you. Subtitles were added to these recordings solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The video and audio recordings themselves are evidence in the case. The subtitles are not evidence. What you hear on the recording is evidence. What you read on the subtitles is not. If you perceive any variation between the two, you must be guided solely by the recordings and not by the subtitles.

If you cannot, for example, determine from the recording that particular words were spoken or if you cannot determine from the recording who said a particular word or words, you must disregard the subtitles insofar as those words or that speaker are concerned.

# PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence that may aid in your determination of that person's knowledge or intent.

You may infer, but are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

# CREDIBILITY OF WITNESSES

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness, you should carefully scrutinize all of the testimony given by that witness, the circumstances under which the witness has testified, and all of the other evidence which tends to show whether the witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection or failures of recollection are not uncommon human experiences. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter

of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

# EXPERT WITNESSES

You have heard from persons described as experts. Under the law, a person who, by knowledge, skill, training, education, or experience, has become an expert in some field may state his or her opinions on matters in that field and may also state the reasons for his or her opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it just as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all other evidence in the case.

Merely because an expert witness has expressed an opinion does not mean that you must accept the opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## TESTIMONY—COOPERATING WITNESSES

In this case, the government has called Tanasia Coleman, Jaquan Trent, Stevie Johnson, Demetrius Staten, and Laquante Adams, who are witnesses with whom the government has entered into plea agreements providing for dismissal of some charges. These witnesses are also referred to as cooperating witnesses.

The jury should keep in mind that such testimony is always received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of a cooperating witness unless you believe that testimony beyond a reasonable doubt. The fact that a cooperator has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person, including this defendant.

## CREDIBILITY OF WITNESSES—INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are different than or inconsistent with his or her testimony here in court. If the earlier statements were made somewhere other than in court during trial, they are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of those earlier statements. It is up to you to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

You should keep in mind that a simple mistake by a witness in testifying does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact, or only with an unimportant detail. In short, you may give the testimony of any witness just such weight and value as you may believe the testimony of such witness is entitled to receive.

## CREDIBILITY OF WITNESSES—CONVICTION OF FELONY

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

## LAW ENFORCEMENT TESTIMONY

You have heard the testimony of law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

## PROOF OF KNOWLEDGE OR INTENT

In a moment, I will instruct you as to the substantive counts charged in the First Superseding Indictment. For these charges, the government must prove the defendant's intent or knowledge. The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## "KNOWINGLY" AND "WILLFULLY"

The term "knowingly," as used in these instructions to describe the alleged state of mind of a defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

The term "willfully," as used in these instructions to describe the alleged state of mind of a defendant, means that he knowingly performed an act or failed to act deliberately and intentionally, as contrasted with accidentally, carelessly, or unintentionally.

## INDICTMENT NOT EVIDENCE OF GUILT

I will now go over the charges in the First Superseding Indictment and the elements the government must prove beyond a reasonable doubt in order to convict the defendant of the charges. As I instructed you previously, the First Superseding Indictment brought by the government against the defendant is only an accusation, nothing more. It is not evidence of guilt or anything else.

## CONSIDER EACH COUNT SEPARATELY

A separate crime is charged against the defendant in Counts One, Eleven, Twelve, and Thirteen of the First Superseding Indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against the defendant. You must give separate and individual consideration to each charge.

# INDICTMENT—OVERVIEW

The defendant, Marcus Jay Davis, is charged with crimes about which I will instruct you shortly. These charges are called "Counts." I will refer to the counts by the numbers assigned to them in the charging instrument, called the First Superseding Indictment.

You will not be furnished with the First Superseding Indictment itself, because an indictment is merely a statement of charges and not, itself, evidence.

The First Superseding Indictment contains multiple counts, but Marcus Jay Davis is charged only in Count One, Count Eleven, Count Twelve, and Count Thirteen. Count One charges the defendant with RICO Conspiracy. Count Eleven charges the defendant with using or carrying a firearm during the commission of a violent crime (in this Count, murder) that resulted in death. Count Twelve charges the defendant with attempted murder in aid of racketeering. Count Thirteen charges the defendant with using or carrying a firearm during the commission of a violent crime (in this Count, attempted murder).

# CONSPIRACY—EXPLAINED

I will now explain to you in greater detail the law relating to the crime of conspiracy.

The crime of conspiracy requires an agreement between two or more persons to commit a crime. The government must prove that the defendant reached an agreement to commit a crime with at least one other person. To prove conspiracy, the government need not prove an explicit agreement. It may rely upon indirect evidence from which the conspiracy agreement may be inferred. The agreement need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purposes of the scheme. This agreement need only be a tacit or mutual understanding between the conspirators.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others, or merely associating with others, does not prove that a person has joined in an agreement. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one does not thereby become a member. Nor does a person who has mere knowledge of a conspiracy become a member.

A person may join in a conspiracy without knowing all the details of the criminal activity, and without knowing who all the other members are. Further, it is not necessary that a person agree to play any particular part in carrying out the conspiracy. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the agreement and voluntarily and intentionally joins in it.

In determining whether the alleged conspiracy existed you may consider the actions and statements of all the alleged participants during the existence of the conspiracy. The agreement to commit a crime may be inferred from all the circumstances and the conduct of the alleged participants.

By its very nature, a conspiracy is clandestine and covert. Frequently there is little direct evidence of such an agreement. Often, a conspiracy is proved by circumstantial evidence. Indeed, a conspiracy may be proved wholly by circumstantial evidence.

Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, a defendant's conduct, and the nature of the conspiracy.

Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the totality of the evidence is sufficient to prove guilt beyond a reasonable doubt. While circumstantial evidence may support a conspiracy conviction, the government must nevertheless establish proof of each element of a conspiracy charge beyond a reasonable doubt.

## CONPIRACY—ACTS AND DECLARATIONS OF CO-CONSPIRATORS

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the First Superseding Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if such acts were done and such statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

## RESPONSIBILITY FOR OFFENSES

There are three ways the government can prove the defendant committed the crimes alleged in Counts Eleven, Twelve, and Thirteen (Using, Carrying, Brandishing, or Discharging a Firearm During and in Relation to VICAR Murder; VICAR Attempted Murder; and Using, Carrying, Brandishing, or Discharging a Firearm During and in Relation to VICAR Attempted Murder, respectively).

The first is by proving that the defendant personally committed or participated in the individual crime.

The second is based on the legal rule that all members of a conspiracy may be responsible for acts committed by the other members of the conspiracy. Counts Eleven, Twelve and Thirteen of the First Superseding Indictment (substantive offenses) are alleged to have been committed by other members of the conspiracy, and not by the defendant, Marcus Davis. In order for you to find the defendant, Marcus Davis, guilty of these counts, the government must prove each of the following elements beyond a reasonable doubt.

ONE: The Defendant knowingly joined a conspiracy as alleged in Count One of the Indictment;

TWO: Another member or members of the same conspiracy committed the crime charged in the particular substantive offense during the time that the Defendant was also a member of the conspiracy;

THREE: The substantive offense was committed during the existence of and to advance the goals or objectives of this conspiracy; and,

FOUR: It was reasonably foreseeable by the defendant, Marcus Davis, that the other member or members of the conspiracy would commit the particular crime charged in order to advance the goals of the conspiracy. The government is not required to prove that the defendant actually knew about the substantive crime or that the defendant actually realized that this type of crime would be committed as part of the conspiracy.

The defendant is not responsible for the acts of others that go beyond the scope of the agreement as the defendant understood it.

The third way the government may prove the defendant's guilt is by showing that the defendant "aided and abetted" the offense. To show this, the government must prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crimes charged and participated with the intent to commit the crimes. In order to be found guilty of aiding and abetting the commission of a particular crime, the government must first prove the substantive elements of the offense, as explained in these instructions. The government must then prove beyond a reasonable doubt that:

ONE: The defendant knew that the crime charged was to be committed or was being committed;

TWO: The defendant knowingly did some affirmative act for the purpose of aiding and encouraging the commission of that crime; and

THREE: The defendant acted with the intention of causing the crime charged to be committed.

The second element, the "affirmative act" element, can be satisfied without proof that the defendant participated in each and every element of the above counts. It is enough if the

defendant assisted in the commission of Counts Eleven, Twelve, or Thirteen or caused one or all of those crimes to be committed. An affirmative act includes all assistance rendered by words, acts, encouragement, support, or presence. Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime. The government must prove that a defendant knowingly and deliberately associated himself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

As will be explained in a few minutes, the government must prove an additional element beyond a reasonable doubt to find that defendant Marcus Davis aided and abetted the commission of the gun charges alleged in Counts Eleven and Thirteen. That element is the element of advance knowledge. To find Marcus Davis guilty of aiding and abetting the gun charges, Counts Eleven and Thirteen, you must find that Marcus Davis had advance knowledge of one of his confederate's use of a firearm.

## COUNT 1: RICO CONSPIRACY—NATURE OF THE OFFENSE

Count One of the First Superseding Indictment charges the defendant with conspiracy to participate in a racketeering enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act, also known as RICO.

Count One alleges that, from in or about sometime in 2015, the exact date being unknown, and continuing through November 2018, in the Western District of Virginia and elsewhere, the defendant Marcus Jay Davis, with other persons known and unknown, was employed by and associated with the Rollin' 60s Crips, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce. Count One further alleges that Davis did knowingly and intentionally combine, conspire, confederate, and agree with others to conduct and participate, directly and indirectly, in the conduct of the affairs of the Rollin' 60s through a pattern of racketeering activity, which consisted of multiple acts involving:

(a) Murder, conspiracy to commit murder, and attempt to commit murder, in violation of Virginia law;

(b) Witness tampering, in violation of federal law;

(c) Obstruction of justice, in violation of federal law; and

(d) Distribution of controlled substances, possession with intent to distribute controlled substances, and conspiracy to distribute and possess with intent to distribute controlled substances.

These terms will be defined below.

According to the government, it was a part of the conspiracy that the defendant knowingly agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the enterprise's affairs.

## COUNT 1: RICO CONSPIRACY—ELEMENTS

The First Superseding Indictment charges the defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, also known as RICO. This means that the defendant has been charged with conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.

In order to prove that the defendant conspired to violate RICO, the government must establish beyond a reasonable doubt each of the following elements of the offense:

FIRST: That there was an agreement among two or more persons to participate in the affairs of an enterprise that would affect interstate commerce;

SECOND: That defendant knowingly and willfully became a member of that agreement; and

THIRD: That the defendant knowingly and willfully agreed that he or some other member of the conspiracy would participate, directly or indirectly, in the conduct of that enterprise's affairs through a pattern of racketeering activity, as I will define that term for you.

# COUNT 1 RICO—FIRST ELEMENT

The first element the government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to participate in the affairs of an enterprise that would affect interstate commerce through a pattern of racketeering activity.

As outlined above, a "conspiracy" is an agreement among two or more persons to achieve an unlawful object. In this case, the unlawful object is the formation of: (a) an enterprise; (b) whose activities would affect interstate commerce; (c) through a pattern of racketeering activity. The government must establish each of these elements beyond a reasonable doubt. I will define these terms for you.

(a) Enterprise

As noted, the government alleges the existence of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity. An "enterprise" is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

The government has charged that the Rollin' 60s Crips, or Rollin' 60s, is the enterprise. If you find that the Rollin' 60s is characterized by: (1) a common purpose; (2) an ongoing formal or informal organization; and (3) by personnel who function as a continuing unit— then you may find that an enterprise existed. If you find that this enterprise existed, you must

also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the First Superseding Indictment. This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

b) Interstate Commerce

The definition of "interstate commerce" includes the movement of goods, services, money, and individuals between states.

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It does not have to prove that the racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.

# COUNT 1: RICO—SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the RICO conspiracy charged in the First Superseding Indictment.

If you are satisfied that the conspiracy charged in the First Superseding Indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective as an associate?

In answering whether the defendant joined the conspiracy, you must follow the conspiracy instructions above.

## COUNT 1: RICO—THIRD ELEMENT

The third element the government must prove beyond a reasonable doubt that the defendant knowingly and willfully agreed that he or some other member of the conspiracy engaged in a pattern of racketeering activity. Proving a pattern of racketeering activity means that the government must prove that the defendant or some other member of the conspiracy agreed they would commit at least two racketeering acts. The racketeering acts alleged in the First Superseding Indictment involve murder, drug offenses, witness tampering, and obstruction of justice. The elements of each racketeering act are outlined below. To prove that the alleged racketeering acts constituted a pattern of racketeering activity, the government must prove that the acts of racketeering are: (a) related to each other; and (b) pose a threat of continued criminal activity. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

To prove that the racketeering acts pose a threat of continued racketeering activity, the government must establish that the acts are part of a long-term association that exists for criminal purposes.

For the purposes of this count, the government alleges that the following racketeering acts were, or were intended to be, committed as part of the conspiracy:

(a) murder, conspiracy to commit murder, and attempt to commit murder, in violation of Virginia law;

(b) distribution of, possession with intent to distribute, and/or conspiracy to distribute and possess with intent to distribute controlled substances (specifically, marijuana), in violation of federal law;

(c) witness tampering, in violation of federal law;

(d) obstruction of justice, in violation of federal law.

The government need not prove that the defendant agreed that a particular act would be committed on a specific date or at a particular place. Rather, the jury need only be unanimous as to the types of racketeering acts that the defendant agreed that he, or some other member of the conspiracy, would commit.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that the defendant agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

I will now provide you with the elements for each of these racketeering acts.

(a) Murder, Conspiracy to Commit Murder, and Attempt to Commit Murder

The government alleges that first-degree murder and conspiracy and attempt to commit first-degree murder under Virginia law are types of racketeering activities that the defendant agreed would be committed as part of the alleged racketeering conspiracy.

Acts involving murder include the completed act of murder as well as conspiracy to commit murder and attempted murder. Under Virginia law, murder in the first degree is murder by poison, by lying in wait, imprisonment, starving, or any willful, deliberate, premeditated, and malicious killing of a human being, or any murder done in the commission of, or attempt to commit, robbery or abduction. The First Superseding Indictment charges that the defendant committed the willful, deliberate, premeditated, and malicious killing of a human being. To find a person committed this type of first-degree murder under Virginia law, the government must prove beyond a reasonable doubt each of the following elements: (1) the defendant killed another person; (2) the killing was with malice; and (3) the killing was willful, deliberate, and premeditated.

As explained, a conspiracy is an agreement between two or more persons to commit a crime. An attempt to commit a crime requires that: (1) the defendant intended to commit the crime; and (2) the defendant took a direct act towards committing that crime. The intent required to be proved is the specific intent in the person's mind to commit the particular crime for which the attempt is charged. The direct act is an act which shows the defendant's present intention to commit the crime. The act must reflect more than mere preparation to commit the crime, even though the defendant falls short of execution of his ultimate purpose.

"Malice" is a state of mind that may be express or implied. Express malice is present when the accused intended to kill (or inflict serious injury). Implied malice exists when the accused did not intend to kill or inflict serious harm, but purposefully engaged in wrongful conduct that was likely to cause death or great bodily harm.

You may infer malice from the deliberate use of a deadly weapon unless, from all the evidence, you have a reasonable doubt as to whether malice existed. You may, but are never obligated, to find malice from the reckless indifference to human life. A "deadly weapon" is any object or instrument that is likely to cause death or great bodily injury because of the manner in which it is used.

First-degree murder is the malicious, willful, deliberate, and premeditated killing of any person. For purposes of first-degree murder, "willful, deliberate, and premeditated" means that the government must prove beyond a reasonable doubt that the perpetrator adopted a specific intent to kill, at some point before the killing. But the specific intent to kill need not exist for any particular length of time.

As stated, if you find that the government has proven beyond a reasonable doubt that the defendant agreed that he, or another member of the conspiracy, would commit an act or acts involving murder, including the completed act of murder as well as conspiracy to commit murder or attempted murder, then you must find that the crime qualifies as a racketeering activity.

(b) Distribution, Possession with Intent to Distribute, and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances

The government alleges that the defendant agreed that he, or someone else in the RICO conspiracy, would distribute, or possess with intent to distribute, a controlled substance, or would conspire to do so. To prove distribution of a controlled substance, the government must prove that: (1) a person knowingly distributed controlled substances; and (2) the person knew that the substance distributed was some kind of controlled substance.

The government is required to prove that the substances involved in this case were, in fact, "controlled substances." Under federal law, marijuana is a controlled substance.

The word "distribute" means to deliver a controlled substance. "Deliver" is defined as the actual, constructive, or attempted transfer of a controlled substance. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, controlled substances.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs, may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

If you find that the defendant agreed that he, or another member of the conspiracy, would distribute a controlled substance, or would conspire to do so, then you must find that the crime qualifies as a racketeering activity.

(c) Witness Tampering

In order to sustain its burden of proof for the crime of witness tampering, the government must prove beyond a reasonable doubt: (1) the defendant used or attempted to

use intimidation, threats, or corrupt persuasion, or engaged in misleading conduct towards another person; (2) the defendant did so with the intent to influence, delay, or prevent the testimony of any person in an official proceedings; and (3) the defendant did so knowingly, that is, the defendant knew or had notice of the official proceeding, and that he intended or knew that his actions were likely to affect the official proceeding.

The official proceeding need not be pending or about to be instituted at the time of the offense.

(d) Obstruction of Justice

In order to sustain its burden of proof for the crime of obstruction of justice, the government must prove the following elements beyond a reasonable doubt: (1) there was a pending official proceeding; (2) the defendant had knowledge or notice of the pending proceeding; (3) the defendant, influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due administration of justice; and (4) the defendant did so corruptly, that is with the intent to influence, obstruct, or impede that proceeding in its due administration of justice, or by threats or force, or by threatening letter or communication.

An official proceeding means a proceeding before a judge or court of the United States, a United States magistrate judge, or a federal grand jury.

# COUNT 1: RICO—FINAL INSTRUCTIONS

In order to convict a defendant of the RICO conspiracy, your verdict must be unanimous as to which type or types of racketeering activity that the defendant agreed that he, or another member of the conspiracy, would commit. For example, you must find that the defendant agreed at least two acts of murder, attempted murder, distribution of controlled substances, possession with intent to distribute controlled substances, conspiracy to distribute and possess with intent to distribute controlled substances, witness tampering, obstruction of justice, or one of each, or any combination thereof, would be committed as part of the conspiracy.

The two acts may be of the same type of offense, but need not be so. Again, the government is not required to prove that any defendant personally committed any racketeering acts. Rather, it is sufficient if the government proves beyond a reasonable doubt that the defendant agreed that he or some other member of the conspiracy would commit at least two racketeering acts, whether or not those acts were actually committed.

If, after applying these instructions, you unanimously find the defendant guilty beyond a reasonable doubt of RICO Conspiracy as charged in Count One, you will indicate this finding by checking "guilty" as your answer to the question on the verdict form under Count One for the defendant. If, on the other hand, you find that the government failed to sustain its burden of proving beyond a reasonable doubt that the defendant committed RICO Conspiracy as charged in Count One, you will indicate this finding by checking "not guilty" as your answer to the question on the verdict form under Count One for the defendant.

## COUNT 12: VICAR ATTEMPTED MURDER—NATURE OF THE OFFENSE

Count Twelve of the First Superseding Indictment charges that, on or about August 20, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin' 60s Crips, an enterprise engaged in racketeering activity, the defendant Marcus Jay Davis did attempt to murder Justion Wilson, in violation of Virginia law.

# COUNT 12: VICAR ATTEMPTED MURDER—ELEMENTS

In order for you to find the defendant Marcus Jay Davis guilty of Count Twelve—the VICAR Attempted Murder of Justion Wilson—the government must prove beyond a reasonable doubt each of the following elements:

ONE: On or about August 20, 2016, the Rollin' 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce;

TWO: The enterprise engaged in racketeering activity;

THREE: The defendant had a position in or was associated with the enterprise;

FOUR: The defendant committed, or aided and abetted, the attempted murder of Justion Wilson, in violation of Virginia law; and

FIVE: The defendant's purpose in committing the attempted murder, or aiding and abetting the attempted murder, was to maintain, increase, or gain a position in the enterprise.

## COUNT 12: VICAR—FIRST ELEMENT

For VICAR Attempted Murder, the first element the government must prove beyond a reasonable doubt is that an "enterprise" existed as defined in the First Superseding Indictment and that enterprise engaged in, or its activities affected, interstate commerce. The government has charged the same enterprise for this count as in the racketeering conspiracy count, that is, the Rollin' 60s Crips, including its leadership, members, and associates. I have already instructed you on what is necessary for the government to prove that the Rollin' 60s Crips is an enterprise. Those same instructions apply to this Count.

## COUNT 12: VICAR—SECOND ELEMENT

For VICAR Attempted Murder, the next element the government must prove beyond a reasonable doubt is that the enterprise engaged in racketeering activity. As I have explained before, racketeering activity includes certain state and federal crimes. Specifically, the Rollin' 60s Crips are alleged to have engaged in the following types of racketeering activity: (1) acts involving murder and attempted murder in violation of Virginia law, (2) witness tampering indictable under federal law, (3) obstruction of justice indictable under federal law, and (4) conspiring to distribute controlled substances, distributing controlled substances, or possessing with intent to distribute controlled substances in violation of federal law. I have already instructed you regarding the elements of these racketeering acts.

To establish this element of the Violent Crime in Aid of Racketeering charge contained in Count Twelve of the First Superseding Indictment, the government must show that: (1) there was a present and ongoing threat that the enterprise would commit racketeering acts as defined in these instructions through its members; (2) this threat arose from one or more racketeering acts committed by a member of the enterprise on behalf of the enterprise; and (3) the threat existed at the time of the attempted murder.

It is for you to determine whether the enterprise "engaged in" the activity as charged. The element is satisfied by showing that members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise.

# COUNT 12: VICAR—THIRD ELEMENT

For VICAR Attempted Murder, the third element the government must prove beyond a reasonable doubt is that the defendant had a position in or was associated with the enterprise. The government need not prove both; the defendant can either have had a "position in" or have been "associated with" the enterprise to establish this element.

The term "position in" is not restricted to the traditional employment definition. Under this statute, "position in" also means had a role in or was engaged by the enterprise. A person with a "position in" an enterprise is someone who was a member of or was employed by the enterprise.

"Associated with" also should be given its plain meaning. To "associate" means to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion, or ally, or to join or connect with one another. Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that the defendant agree that any particular conspirator had a "position in" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that the defendant agreed that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that at some time during the existence of the enterprise, a conspirator was or had a "position in" or was "associated with" the enterprise

within the meaning of those terms as I have just explained and that he knew or would know of the general nature of the enterprise, and knew or would know that the enterprise extended beyond his own role in the enterprise.

## COUNT 12: VICAR—FOURTH ELEMENT

For VICAR Attempted Murder, the next element the government must establish beyond a reasonable doubt is that the defendant committed the alleged violent crime charged in Count Twelve of the First Superseding Indictment. Here, the violent crime is attempted murder.

When I instructed you on racketeering activity, I explained to you the definition and elements of attempted murder. Those same instructions apply here to Count Twelve for VICAR Attempted Murder.

Remember, the above instructions regarding the three ways in which the government may prove responsibility for an offense apply here.

## COUNT 12: VICAR—FIFTH ELEMENT

For VICAR Attempted Murder, the fifth element the United States must prove beyond a reasonable doubt is that the defendant's general purpose in committing attempted murder was to maintain or increase position in the enterprise. The United States is not required to prove that it was the defendant's sole or principal motive or purpose.

In determining whether the defendant's purpose in committing the alleged act was to maintain or increase position in the enterprise, you should give the words "maintain" or "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination. For example, you may consider evidence that the crime, if proved, was intended to or served to maintain a position in the enterprise or maintain discipline within the enterprise. If the defendant conspired, committed, or attempted to commit the crime because he knew it was expected of him by reason of his membership in the enterprise, because he thought it would enhance his position or prestige within the enterprise, or because he thought it was necessary to maintain the position he already held, this element would be established. These examples are only meant by way of illustration. They are not exhaustive.

## COUNT 11: 924(j) GUN CHARGE—NATURE OF THE OFFENSE

Count Eleven of the First Superseding Indictment charges that on or about August 20, 2016, in the Western District of Virginia, the defendant Marcus Jay Davis did knowingly use, carry, brandish, or discharge a firearm during and in relation to a crime of violence resulting in death. This crime of violence that resulted in death was VICAR Murder, with which the defendant is not charged. However, the government still must prove all elements of VICAR Murder beyond a reasonable doubt in order to prove that Marcus Davis committed the offense alleged in Count Eleven.

The government alleges that on or about August 20, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin' 60s Crips, an enterprise engaged in racketeering activity, the defendant Marcus Jay Davis did murder Christopher Lamont Motley, in violation of Virginia law.

The elements of VICAR Murder that the government must prove beyond a reasonable doubt are as follows:

ONE: On or about August 20, 2016, the Rollin' 60s Crips existed as an "enterprise" which engaged in, or its activities affected, interstate commerce;

TWO: The enterprise engaged in racketeering activity;

THREE: The defendant had a position in or was associated with the enterprise;

FOUR: The defendant committed, or aided and abetted, the murder of Christopher Lamont Motley, in violation of Virginia law; and

FIVE: The defendant's purpose in committing the murder, or aiding and abetting the murder, was to maintain or increase position in the enterprise.

All instructions given regarding the elements of VICAR Attempted Murder apply equally here, with the exception that the fourth and fifth elements require the government prove that Marcus Davis committed, aided and abetted, or was responsible as a co-conspirator for the murder of Christopher Motley, rather than the attempted murder of Justion Wilson. I have previously instructed you on the elements of murder under Virginia law.

## COUNT 11: 924(j) GUN CHARGE—ELEMENTS

In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a crime of violence resulting in death, the government must prove the following three elements beyond a reasonable doubt:

ONE: The defendant committed the crime of murder, or aided and abetted the crime of murder;

TWO: During and in relation to the commission of that crime, the defendant knowingly used or carried a firearm; and

THREE: The defendant's use or carrying of that firearm was during and in relation to the murder of Christopher Motley.

I have previously instructed you on the elements of the underlying crime of VICAR Murder. It is not necessary for the government to show that the weapon was fired. It is sufficient if the proof establishes that the firearm furthered the commission of the murder or was an integral part of the underlying crime being committed.

## COUNT 13: 924(c) GUN CHARGE—NATURE OF THE OFFENSE

Count Thirteen of the First Superseding Indictment charges that on or about August 20, 2016, in the Western District of Virginia, the defendant Marcus Jay Davis did knowingly use, carry, brandish, or discharge a firearm during and in relation to a crime of violence, as set forth in Count Twelve. This crime of violence was VICAR Attempted Murder.

## COUNT 13: 924(c) GUN CHARGE—ELEMENTS

In order to sustain its burden of proof for the crime of using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence, as charged in Count Thirteen of the First Superseding Indictment, the government must prove the following two elements beyond a reasonable doubt:

ONE: The defendant used or carried or brandished or discharged a firearm;

TWO: The defendant did so during and in relation to the commission of the crimes of violence as alleged in Count Twelve, which may be prosecuted in federal court.

I hereby instruct you as a matter of law that the crime of VICAR Attempted Murder is a crime of violence for purposes of Count Thirteen.

I have previously instructed you on the essential elements of VICAR Attempted Murder.

## COUNTS 11 AND 13: FIREARM DEFINED

The term "firearm" means any weapon (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the frame or receiver of any such weapon.

You need not find that the firearm was loaded or that it was operable at the time of the offense.

## COUNTS 11 AND 13: "USES OR CARRIES A FIREARM" DEFINED

To "use" a firearm means more than mere possession of a firearm or having it available during the crime of violence as alleged in the First Superseding Indictment. The government must prove that the defendant actively employed the firearm in the alleged crime of violence. "Active employment" may include brandishing, displaying, bartering, striking with, firing, or attempting to fire the firearm. It may also include the mere mention or disclosure of a firearm's presence in a manner intended to intimidate or influence others.

To "carry" a firearm means that the defendant carried the firearm in the ordinary meaning of the word "carry," such as by transporting a firearm on the person or in a vehicle. The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the crime of violence. The firearm need not be readily accessible.

In determining whether the defendant used or carried a firearm during and in relation to a crime of violence as charged, you may consider all of the factors received in evidence in the case, including the nature of the underlying crime or crimes of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

## COUNTS 11 AND 13: "BRANDISHES A FIREARM" DEFINED

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

## COUNTS 11 AND 13: "POSSESS" DEFINED

The word "possess" means to own or to exert control over an item or property voluntarily and intentionally. The law recognizes two kinds of "possession"—actual possession and constructive possession. Actual possession is knowingly having direct physical control or authority over a thing at a given time. Constructive possession is when a person has the power or intention to exercise dominion or control over a thing, either directly or through another person or persons. Constructive possession requires that the person had knowledge of the presence of the item.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## COUNTS 11 AND 13: "DURING AND IN RELATION TO" A CRIME OF VIOLENCE DEFINED

The government must prove beyond a reasonable doubt that the firearm had some relation to or some connection to the underlying crimes of violence.

A firearm is used, carried, possessed, brandished or discharged "in relation to" a crime of violence if it has some purpose or effect with respect to the crime of violence and if its presence was not the result of an accident or coincidence. The firearm must have facilitated, or potentially facilitated the crime of violence. For example, if a firearm is possessed for protection or intimidation, it is possessed "in relation to" the crime of violence offense within the meaning of the statute.

In determining whether the firearm assisted or facilitated the commission of the crime, you may consider all of the factors received in evidence in the case, including the nature of the underlying crime of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

## COUNTS 11 AND 13: ADVANCE KNOWLEDGE REQUIRED TO FIND "AIDING AND ABETTING"

The above instructions regarding responsibility for substantive offenses apply to the charges set forth in Counts Eleven and Thirteen. In the context of the crime of using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence, the third element of aiding and abetting a substantive charge requiring the government prove the requisite intent of the defendant, is satisfied when the government proves beyond a reasonable doubt that the defendant had advance knowledge that the firearm would be used, carried, brandished, or discharged in relation to the underlying crime of violence at a time when the defendant had a reasonable opportunity to quit his involvement in the crime.

## ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT

## NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY;

## VERDICT FORM

In just a few moments, it will be time for you to retire to the jury room to begin your deliberations. In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your Foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Your sole task is to determine whether the government has proved the defendant guilty beyond a reasonable doubt.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media to communicate to anyone any information about this case or to conduct any research about this

case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.

That is because you must decide this case based solely on the evidence presented here in court. Information from others or available on the Internet or through social media might be wrong, incomplete or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. It is essential that you are not influenced by anything or anyone outside of this courtroom.

Third, if a defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict—whether guilty or not guilty—must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be— that is entirely for you to decide.

Finally, the verdict form is simply written notice of a decision that you reach in this case. You will take the form to the jury room, and when each of you has agreed on the verdicts, your Foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

If one of you needs to step out of the jury room for any reason, the deliberations must cease. Deliberations must take place while all jurors are present.

Do not reveal your verdict until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical vote on the count.

After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise.

I will provide you with a copy of these instructions and the verdict form. The exhibits are available for your review on the JERS Evidence Screen.

The law only permits twelve of you to deliberate and decide the case. Four of you were selected to serve as alternates. Without alternates, the inability of a single juror to complete his or her service due to illness or any other reason would require a mistrial or a re-trial with another jury. Thus, service as an alternate is as essential as service as a regular juror.

The individuals selected as the alternates will have to continue to follow the court's instructions in the event that one of the remaining twelve jurors becomes ill and an alternate must take his or her place.

The alternates are excused at this time.

I ask the court security officer to escort the jurors to the jury room to begin their deliberations.