IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | ) Cr. No. 4:18-CR-00011 |
| | ) |
| MARCUS JAY DAVIS, | ) |
|     Defendant. | ) |

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGEMENT OF
ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL

Comes Now the Defendant, Marcus Jay Davis, and files this Memorandum in support of his motion for judgement of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure or in the alternative for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

**Statement of Pertinent Facts**

After fifteen days of testimony, the jury in this case convicted Marcus Davis on count One (RICO conspiracy), count Eleven (18 U.S.C. Section 924(j)), court Twelve (violent crime in aid of racketeering, attempted murder), and court Thirteen (18 U.S.C. Section 924(c)) of the first superseding indictment.

Among the instructions read to the jury was one entitled "Responsibility for Offenses." (ECF Document Number 1114 at pp 27-29). That instruction included

1

what is commonly known as a *Pinkerton* vicarious liability standard for all but count One, the conspiracy count. The *Pinkerton* portion of the instruction stated:

> ONE: The Defendant knowingly joined a conspiracy as alleged in Count One of the Indictment;
>
> TWO: Another member or members of the same conspiracy committed the crime charged in the particular substantive offense during the time that the Defendant was also a member of the conspiracy;
>
> THREE: The substantive offense was committed during the existence of and to advance the goals or objectives of this conspiracy; and,
>
> FOUR: It was reasonably foreseeable by the defendant. Marcus Davis that the other member or members of the conspiracy would commit the particular crime charged in order to advance the goals of the conspiracy. The Government is not required to prove that the defendant actually knew about the substantive crime or that the defendant actually realized that this type of crime would be committed as part of the conspiracy.
>
> The defendant is not responsible for the acts of others that go beyond the scope of the agreement as the defendant understood it.

*Id.* at 27-28.

This instruction was offered by the Defendant; however, it was offered without waiving his objection to the Court giving a *Pinkerton* instruction.

It is clear from the Jury's second question to the Court that they relied on the *Pinkerton* liability theory in convicting Marcus Davis. That question read: "Further explanation of Count 13 needed. Did Marcus Davis personally have to use, carry,

brandish, discharge or is this count covered under the collective or conspiracy like the other counts." (ECF Document 1120). This question by the jury gave the parties and the court a glimpse into the jury's deliberations and thought processes and indicates that the jury found Marcus Davis guilty based the jury's belief of his vicarious liability for the acts of his alleged co-conspirators – those who actually committed attempted murder and use of a firearm during that attempted murder and use of a firearm during the murder as charged in Count Ten.

## Argument and Authorities

### *Pinkerton Should Be Overruled*

The *Pinkerton* theory was judicially created by the Supreme Court in 1946. Walter and Daniel Pinkerton were brothers engaged in the illegal liquor business. They were charged with one count of conspiracy and ten substantive counts of violations of the Internal Revenue Code. A jury found them guilty of the conspiracy and several of the substantive counts. There was no evidence proving that Daniel participated in the commission of the substantive offenses. Rather, the evidence showed that Walter committed the offenses in furtherance of the conspiracy. Daniel challenged his convictions arguing that he could not be guilty of the substantive offenses unless he directly committed the crime or he aided and abetted in the commission of the crime. Justice Douglas, writing for the majority,

rejected Daniel's argument, and held that, when there are substantive counts in a conspiracy charge, all co-conspirators can be held liable for any of the substantive counts even if he or she did not directly participate in the commission of those crimes, but only if those substantive charges further advance the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 647 (1946). In the final paragraph of the opinion, Justice Douglas stated: "[a] different case would arise if the substantive offense committed by one of the conspirators was not in fact done in furtherance of the conspiracy, did not fall within the scope of the unlawful project, or was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement." *Id*. at 647-48. Thus, the *Pinkerton* theory of criminal vicarious liability was born.

While the theory has flourished in federal and some state courts, its validity has been called into question by important sources. *See e.g.* MODEL PENAL CODE Section 2.06 (1962); LaFave, Criminal Law, 5th Edition Section 13.3, at 722-24.

In *A Common Law Crime Analysis of Pinkerton v. United States: Sixty Years of Impermissible Judicially-Created Criminal Liability*, in the Montana Law Review, the author persuasively argues that *Pinkerton* impermissibly creates criminal liability when Congress has not done so and thus violates the prohibition

against federal common law crimes. Michael Manning, *A Common Law Crime Analysis of Pinkerton v. United States: Sixty Years of Impermissible Judicially-Created Criminal Liability,* 67 Montana L. Rev. (2006).

In 1812 the United States Supreme Court held that there can be no federal common law crimes. *United States v. Hudson & Goodwin*, 11 U.S. (7 Cranch) 32, 34 (1812). Thus, all federal crimes must be based on statutes enacted by Congress. This rule arose from Constitutional concerns. Criminal laws need to be certain and allowing judges to define criminal activity creates both due process and *ex post facto* concerns. Moreover, federal common law raises separation of powers problems by allowing judges to create the law, a province of the legislative branch. *Id. at 107.*

Nowhere in the federal criminal code is there a statute stating that a conspirator may be held criminally responsible for the substantive offenses of his or her co-conspirator. Yet, the *Pinkerton* doctrine does just that as a judicially created theory of criminal culpability. "In *Pinkerton*, the Court took the general conspiracy idea that an overt act can be supplied by the act of one conspirator and extended the rule to mean that acts in furtherance of the conspiracy can be attributed to all conspirators to hold them responsible for substantive offenses. The Court did not merely enforce a codified statute, it extended criminal liability far

beyond that prescribed by Congress." *Id.* at 115.

Furthermore, Congress has chosen not to create a statute making conspirators liable for the acts of their confederates. Neither 18 U.S.C. Section 371 nor 21 U.S.C. Section 846 provide that a person convicted of the conspiracy may be convicted for substantive offenses they did not commit. "As demonstrated by 18 U.S.C. Section 2, Congress realized that it has the authority to punish a person as a principal although the person did not actually commit the offense." *Id.* at 116. Still, Congress has not codified *Pinkerton* liability.

For these reasons, *Pinkerton* impermissibly created a common law theory of culpability that must be revisited.

Additionally, *Pinkerton* violates due process as defined in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. While Congress fixes a mens rea requirement in its statutes, *Pinkerton* re-fixes it by reducing it to negligence or less - whether a crime was reasonably foreseeable to a defendant. "Through *Pinkerton*, the court intrudes into the legislative realm by amending the statute, discounts the burden the prosecution is otherwise required to bear under the Constitution to prove all the elements of the crime charged, and strips the jury of its power to properly authorize the imposition of punishment. *Pinkerton* may have been around a long time, but it is irreconcilable with the modern rule of *Apprendi*." Bruce A.

Antkowiak, *The Pinkerton Problem*, 115 Penn. St. L. Rev. 607, 627 (2010).

### *Rosemond's Effect on Pinkerton in Counts Eleven and Thirteen*

Counts Eleven and Thirteen charge violations of 18 U.S.C. sections 924(j) and 924(c) respectively. *Pinkerton* liability on those counts is not compatible with *Rosemond v. United States*, 572 U.S. 65 (2014). In *Rosemond* the Supreme Court ruled that for Mr. Rosemond to have been convicted of aiding and abetting a 924(c) violation, the prosecution needed to prove that Mr. Rosemond had advance knowledge that "one of his cohorts would be armed." In order to aid and abet a crime, one must intend that the crime be committed, so the prosecution had to show that Mr. Rosemond intended (or, in other words, "intentionally facilitated and encouraged") the use of the gun. Hence, during Mr. Rosemond's trial, the judge should have told the jury to decide not just whether Mr. Rosemond knew a gun was used but also whether Mr. Rosemond "knowingly and actively participated" in the use of the gun, not just the drug deal. If this heightened standard for Section 924(c) cases is required for "aiding and abetting" liability, then clearly it is required for *Pinkerton* liability which has a lesser mens rea than aiding and abetting.

### *A Pinkerton Instruction is Inappropriate in a RICO Conspiracy case*

Unlike a "standard" conspiracy, a section 1962(d) conspiracy provides for

7

enhanced penalties based, at least in part, on involvement in the predicate crimes defining the conspiracy. "Thus, a RICO conspiracy is, in and of itself, a cumulative punishment device, allowing for penalties a quantum harsher than those for other conspiracies." *United States v. Neapolitan*, 791 F.2d 489, fn 7 (7th Cir. 1986).

Given that implicit within the compound nature of RICO is a concept of punishment for substantive offenses, the commission of which was agreed to by the defendant, to invoke a second cumulative punishment device in the form of *Pinkerton* culpability could violate the double jeopardy clause of the Fifth Amendment creating unwarranted extensions of criminal liability.

### *Current State of the Law*

As the United States has pointed out in ECF Document 1105 the Fourth Circuit has assumed that *Pinkerton* survived *Rosemond. See United States v. Hare,* 820 F.3d 93, 105 (4th Cir. 2016). Additionally, the Fourth Circuit is wedded to *Pinkerton* liability in general. *Id.* However, Mr. Davis urges the Court to consider his arguments and find that the fundamental fairness and validity of the *Pinkerton* theory of liability is questionable after the United States Supreme Court's decisions in *Apprendi* and *Rosemond*. The Jury in Mr. Davis's case was clearly confused by the application of Pinkerton principles to Mr. Davis's deteriment.

### *Relief Sought*

Marcus Davis seeks dismissal of Counts Eleven and Thirteen because it is likely that the jury convicted him improperly based on *Pinkerton* liability and there was insufficient evidence to meet the *Rosemond* standard.

Marcus Davis seeks a new trial as to Count Twelve, and in the alternative as to Counts Eleven and Thirteen, at which trial the *Pinkerton* instruction would be eliminated.

                Respectfully submitted,
                Marcus Jay Davis

                By: s/Anthony F. Anderson
                     Counsel for Defendant

                By: *s/ Beverly M. Davis*
                     Counsel for Defendant

Anthony F. Anderson, VSB #21345
Anderson & Friedman
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
(540) 982-1539
afa@afalaw.com
Counsel for Defendant

Beverly M. Davis, VSB # 33784
Davis, Davis & Davis, Attorneys
519 Second Street
Radford, Virginia 24141
 (540) 639-9095
(540) 369-9095
bevdavis@davisattys.com
 Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this 21st day of  December, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Anthony F. Anderson
Anthony F. Anderson
Anderson & Friedman
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
(540) 982-1539 (fax)
afa@afalaw.com
