IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No.: 4:18-cr-00011 |
| v. ) | |
| ) | |
| ) | |
| MARCUS JAY DAVIS, ) | |
| ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

### MEMORANDUM OPINION

This matter comes before the court on defendant Marcus Jay Davis's motion for judgment of acquittal or in the alternative for a new trial. ECF No. 1164. The government has responded, opposing the motion. ECF No. 1187.[1] For the reasons stated herein, the court will **DENY** Davis's motion for judgment of acquittal or in the alternative for a new trial.

I.

On November 12, 2019, following fifteen days of testimony, the jury in this case found Davis guilty of Counts One (RICO conspiracy), Eleven (possession/use of firearm during murder), Twelve (VICAR attempted murder), and Thirteen (possession/use of firearm during attempted murder) of the First Superseding Indictment. Davis then filed the current motion on December 17, 2019, for judgment of acquittal. In his motion, Davis also seeks dismissal of Counts Eleven and Thirteen because he claims the jury improperly based its verdict on the theory of liability established in Pinkerton v. United States, 328 U.S. 640 (1946), and because

---

[1] The court dispensed with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

there was insufficient evidence to meet the aiding and abetting standard under Rosemond v. United States, 572 U.S. 65 (2014). According to Davis, Pinkerton should be overruled. Further, Davis seeks a new trial as to Count Twelve at which the Pinkerton instruction would be eliminated. Finally, if the court does not dismiss Counts Eleven and Thirteen, Davis also seeks a new trial as to Counts Eleven and Thirteen, at which the Pinkerton instruction would be eliminated.

The government argues that Davis has not asserted a viable Rule 29 or Rule 33 motion because the defendant has not argued the sufficiency of the evidence. The government also argues that the use of the Pinkerton instruction is valid under binding Fourth Circuit law.

After careful review of the trial record and the pleadings, the court concludes that the Pinkerton instruction in this case did not constitute error, the government did not need to meet the heightened Rosemond standard, and Davis is not entitled to a new trial.

## II.

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Rule 29 further provides that a court can reserve decision on a motion for acquittal until after the jury returns a verdict or is otherwise discharged. Fed. R. Crim. P. 29(b). Here, the court reserved decision on the Rule 29 motion made at the close of the government's case, and, accordingly, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

2

"A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). Accordingly, a court must deny a defendant's motion if the evidence presented at trial, viewed in the light most favorable to the government, is sufficient for a rational juror to find each element of the offense beyond a reasonable doubt. United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Under Rule 29, the only question before the court is whether there was sufficient evidence to support the jury verdict. See United States v. Chujoy, 207 F. Supp. 3d 626, 659 (W.D. Va. 2016), aff'd sub nom. United States v. Edlind, 887 F.3d 166 (4th Cir. 2018), and aff'd 770 F. App'x 493 (4th Cir. 2019) (quoting 2A Charles A. Wright, Federal Practice and Procedure: §466, at 299 (3d ed. 2000); see also United States v. Ellis, 493 F. Supp. 1092, 1098 (M.D. Tenn. 1979), aff'd 617 F.2d 604 (Table) (6th Cir. 1980) (finding that the court's alleged error in the jury instructions "could not be, and are not, a cognizable ground for" a Rule 29 motion). Here, Davis does not argue that there was insufficient evidence for the jury to return

3

a guilty verdict in his Rule 29 motion. Instead, he only argues that the court erred in instructing the jury on Pinkerton liability. Because Davis does not argue sufficiency of the evidence, there are no grounds on which the court can grant his Rule 29 motion.

With respect to Davis's arguments relating to the jury instructions, the court finds that it did not err in instructing the jury on Pinkerton liability. "The Pinkerton doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Hare, 820 F.3d 93, 105 (4th Cir. 2016) (citing United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir. 2010). Davis makes two arguments: (i) that the Pinkerton instruction is invalid as to Counts Eleven and Thirteen in light of the Supreme Court's decision in Rosemond, and (ii) that a Pinkerton instruction is inappropriate in a RICO conspiracy case.

First, while the court recognizes that Rosemond changed the standard of proof for aiding and abetting liability, the Fourth Circuit instructs that it did not impact Pinkerton liability. See Hare, 820 F.3d at 105. In Hare, the Fourth Circuit affirmed a guilty verdict under Pinkerton liability even if the jury instruction on aiding and abetting violated Rosemond. Id. In that case, the Fourth Circuit held that because one of the defendants admitted to possessing a firearm, the guilty verdicts against the other co-conspirators could be sustained under Pinkerton, even though it did not meet the higher Rosemond standard. Id. (first citing United States v. Saunders, 605 F. App'x 285, 288–89 (5th Cir. 2015) (finding that Rosemond error in aiding and abetting instruction did not affect defendant's substantial rights "because the jury was given a correct Pinkerton instruction"); and then citing United States v. Young, 561 F. App'x 85, 92 (2d Cir. 2014) (explaining that even if there was an error under Rosemond, "it

4

was harmless because ample evidence supported [defendant's] liability under Pinkerton ")). Here, the court instructed the jury on Pinkerton liability with respect to the possession and use of a firearm in Counts Eleven and Thirteen.[2] Because the jury could have relied on the Pinkerton instruction, even if the court erred in making its aiding and abetting instruction under Rosemond, any such error would have been harmless. There was sufficient evidence to support a finding of guilt as to Counts Eleven and Thirteen under the Pinkerton theory. Therefore, the court finds that its instruction on Pinkerton liability did not violate Davis's due process rights.

Second, Davis argues that relying on Pinkerton liability in a RICO conspiracy case amounts to a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. U.S. Const. amend. V. The court disagrees. The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." United States v. Arnoldt, 947 F.2d 1120, 1124 (4th Cir. 1991).

Davis does not argue that he, or any of his co-defendants, had been convicted for any of the predicate offenses charged in the First Superseding Indictment. Instead, Davis argues that trying him for the predicate offense and RICO in the same trial constitutes trying him for the same offense in violation of the Double Jeopardy Clause. The Fourth Circuit has held the opposite. In RICO cases, a prior conviction for a predicate act is an exception to the double

---

[2] The court also instructed the jury on Pinkerton as to Count Twelve. However, Davis does not argue that Count 12 should be dismissed.

5

jeopardy prohibition. See United States v. McHan, 966 F.2d 134, 140 (4th Cir. 1992) (citing Jeffers v. United States, 432 U.S. 137, 151 (1977)). In McHan, the Fourth Circuit found that "[i]n the circumstances where a person has been convicted of an offense which also constitutes an element of a factually larger and multilayered offense, we have held that the offenses are not the same and thereby prohibited by the Double Jeopardy Clause." 966 F.2d at 140; see also Arnoldt, 947 F.2d at 1127 (holding that a RICO prosecution is not barred by earlier convictions on some of the predicate acts). It follows that this exception applies to charges for predicate acts and RICO brought during the same trial. See United States v. West, 877 F.2d 281, 292 (4th Cir. 1989) (affirming consecutive sentences for RICO and RICO conspiracy convictions); see also United States v. Padgett, 78 F.3d 580 (Table), 1996 WL 88057, at *5 (4th Cir. Mar. 1, 1996) ("The prosecution and sentencing of a defendant to both RICO conspiracy and the predicate offenses does not violate double jeopardy."). Because Davis was charged and convicted at the same trial for both the predicate acts and the underlying RICO conspiracy, there is no violation of the Double Jeopardy Clause.

## III.

Davis also moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The district court "should exercise its discretion to grant a new trial sparingly, and it should do so only when the evidence weighs heavily against the verdict." United States v. Chong Lam, 677 F.3d 190, 203 (4th Cir. 2012) (internal citations and alterations omitted).

Because the court finds that it did not err in instructing the jury on Pinkerton liability and Davis does not argue the sufficiency of the evidence, the court will deny Davis's motion for a new trial. See United States v. Perry, 335 F.3d 316, 323 (4th Cir. 2003) ("Because we are unable to discern any incorrect statement of law in the [jury] instructions, the court did not abuse its discretion in declining to award a new trial on this basis.").[3]

## IV.

For the reasons stated herein, the court **DENIES** Davis's motion for judgment of acquittal or in the alternative for a new trial.[4] An appropriate Order will be entered.

Entered: 02/26/2020

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

---

[3] Davis contends that Pinkerton should be overruled because it impermissibly created a common law theory of culpability and that it violates due process under Apprendi v. New Jersey, 530 U.S. 466 (2000). First, Apprendi applies only to facts that constitute "elements" of a criminal conviction, Alleyne v. United States, 570 U.S. 99, 108 (2013), and a possible theory on which the jury may base liability is not such an element. United States v. Bozarth, 736 F. App'x 161, 162 (9th Cir. 2018). Accordingly, the court finds no conflict between Apprendi and Pinkerton. Second, 21 U.S.C. § 846 "is a conspiracy statute modeled under the framework of" Pinkerton. See Crowder v. United States, No. 4:17-cr-37, 2019 WL 943390, at *2 (E.D. Va. Feb. 26, 2019). Finally, as Davis's brief acknowledges, "the Fourth Circuit is wedded to Pinkerton liability in general." Def.'s Br. Supp. Mot., ECF No. 1165, at 8 (citing Hare, 820 F.3d at 105). Indeed, the Fourth Circuit and the Supreme Court have consistently affirmed the use of Pinkerton liability, and the court finds no reason to deviate from that precedent. See e.g., United States v. Franklin, 709 F. App'x 202, 203 (4th Cir. 2018) (per curiam) (recognizing Pinkerton liability); United States v. Thomas, 691 F. App'x 760, 761 (4th Cir. 2017) (per curiam) (same); Smith v. United States, 568 U.S. 106, 111 (2013) (noting that defendant "becomes responsible for the acts of his co-conspirators in pursuit of their common plot.").

[4] While the court need not address the sufficiency of the evidence because Davis failed to raise it in his motion, the court notes that in a light most favorable to the prosecution, there was sufficient evidence presented during the fifteen-day trial that supports the jury's verdict. The evidence presented at trial was of Davis's involvement with and furtherance of the conspiracy, including evidence of the use of a firearm during the underlying predicate acts for Counts Eleven and Thirteen. The evidence presented included testimony from witnesses, law enforcement, and co-conspirators, evidence of Facebook messages between co-conspirators related to the underlying criminal conduct, photographs and videos of co-conspirators engaged in relevant conduct, and other relevant evidence. Accordingly, even if Davis's Rule 29 and Rule 33 motion properly made a sufficiency of the evidence argument, the court would have denied the motion.