CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/18/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Case No. 4:18-cr-00011** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **MARCUS JAY DAVIS,** | ) | **By: Michael F. Urbanski** |
| | ) | **Senior United States District Judge** |
| **Petitioner** | ) | |

## MEMORANDUM OPINION

Pending before the court are Marcus Jay Davis's petition for relief filed pursuant to 28 U.S.C. § 2255, ECF No. 1588, and the government's motion to dismiss the petition, ECF No. 1600. For the reasons discussed below, the court **GRANTS** the government's motion to dismiss and **DISMISSES** Davis's petition.[1]

## I.

On November 12, 2019, a jury found Davis guilty of (1) participating in a racketeering conspiracy and agreeing that one of the racketeering acts that he or other members of the conspiracy would commit was the murder of Christopher Motley (Count 1); (2) using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence (Count 11); (3) violent crime in aid of racketeering: Attempted murder (Count 12); and (4) using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence (Count 13). Verdict Form, ECF No. 1126. Relevant to Davis's § 2255 motion, the conduct in Count

[1] The court also **DENIES** Davis's request to hold an evidentiary hearing, as there are no contested issues of fact and considering the record in the light most favorable to him, it is clear that he is not entitled to relief. 28 U.S.C. § 2255(b); Mann v. United States, 66 F.Supp.3d 728, 740 (E.D. Va. 2014).

11 violated 18 U.S.C. § 924(j) and the conduct in Count 13 violated 18 U.S.C. § 924(c)(1)(A)(iii).

On September 18, 2020, the court sentenced Davis to 324 months, or 27 years. Am. J., ECF No. 1452 at 3.[2] The sentence was comprised of 84 months on Count 1, to run concurrently with Count 12; 120 months on Count 11 to run consecutively to Count 13 and to all other counts; 84 months on Count 12, to run concurrently with Count 1; and 120 months on Count 13 to run consecutively to Count 11 and to all other counts. Id.

Davis filed a notice of appeal on September 30, 2020. ECF No. 1343. The Fourth Circuit Court of Appeals affirmed his conviction on April 23, 2024, ECF No. 1570, and the United States Supreme Court denied his petition for writ of certiorari on November 25, 2024. ECF No. 1580. This motion for habeas corpus relief followed on November 19, 2025.[3]

Davis argues that his appellate counsel provided ineffective assistance when he failed to bring to the attention of the Fourth Circuit that while his appeal was pending, the United States Supreme Court decided United States v. Lora, 599 U.S. 453 (2023). Davis asserts that if his counsel had raised an argument based on Lora, relief would have been granted and his case would have been remanded for resentencing. Davis asks the court to hold an evidentiary hearing and order appellate counsel to explain why he did not pursue relief for Davis pursuant to Lora. The government counters that Davis's appellate attorney's performance was not deficient, and that even if it were, Davis suffered no prejudice.

[2] The undersigned presided over Davis's trial and sentencing.

[3] Davis declared under penalty of perjury that he placed his motion in the prison mailing system on November 19, 2025, making it timely filed under the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

## II.

### A. 28 U.S.C. § 2255

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner collaterally attacking his conviction or sentence via a § 2255 petition bears the burden of showing by a preponderance of evidence that he is entitled to relief. White v. United States, 352 F.Supp.2d 684, 687 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546 (4th Cir. 1958), and Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12. The court may dismiss a § 2255 motion without a hearing when the motion, any attached exhibits, and the record of prior proceedings conclusively show that the moving party is not entitled to relief. United States v. Renrick, No. 6:11-CR-00338-JMC-16, 2019 WL 4140934, at *2 (D.S.C. Aug. 30, 2019) (citing 28 U.S.C. § 2255(b)).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). The court does not weigh the evidence but reviews the facts in the light most favorable to the petitioner and determines whether there is a genuine issue of fact. Lewis v. United States, No. 4:12-CR-00068-FL-2, 2015 WL 2401514,

at *3 (E.D.N.C. May 20, 2015) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "Permissible inferences must still be within the range of reasonable probability, ... and it is the duty of the court to [grant summary judgment] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Id. (citing Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted)).

**B. Ineffective Assistance of Counsel**

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669.

When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008) (quoting Strickland, 466 U.S. at 688) ("The performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'") The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." Strickland, 466 U.S. at 689. "The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues." United States v. Carthorne, 878 F.3d 458, 465 (4th Cir. 2017) (citing Strickland, 466 U.S. at 687–90).

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

A court need not address the performance standard before addressing the prejudice standard. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

Regarding claims of ineffective assistance of counsel on appeal, courts typically find ineffective assistance only when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288 (2000) (internal citations and quotation omitted). Moreover, appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.3d 1226, 1235 (4th Cir. 1985). Rather, effective appellate advocates weed out weaker arguments to focus on more promising ones. Smith v. Murray, 477 U.S. 527, 536 (1986). A decision made by an attorney with respect to an appeal is entitled to the same presumption that protects sound trial strategy. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). The petitioner also bears the burden of showing prejudice, which in the context of an appeal, means that he must show a reasonable probability that but for his counsel's unreasonable decision, he would have prevailed on his appeal. Robbins, 528 U.S. at 185.

**C. Effect of Lora**

On Count 11, Davis was convicted of violating 18 U.S.C. § 924(j), which reads as follows:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—
> (1) if the killing is a murder (as defined in section 1111), be punished by death or imprisonment for any term of years or for life[.]

Subsection (c) sets forth the punishment for use of a firearm during and in relation to a crime of violence or a drug-trafficking crime, with sentences varying based on the type of firearm and whether the firearm was used, brandished, or discharged. 18 U.S.C. § 924(c)(1). Subsection (c) further provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

Prior to the Supreme Court decision in Lora, many courts, including courts in the Fourth Circuit, read the two statutes together to mean that any sentence imposed for violation of § 924(j) had to run consecutively to any other term of imprisonment imposed. See, e.g., United States v. Bran, 776 F.3d 276, 280–82 (4th Cir. 2015) (holding that imposition of consecutive sentences for violation of § 924(j) was mandatory under the statute). At Davis's sentencing, the parties and the court operated on this understanding. See Final Amended Pre-Sentence Investigation Report (PSR), ECF No. 1340 ¶¶ 207, 208; Sent. H'r'g Tr., ECF No. 1433 at 8, 14–15, 16–17, 26.

However, this reading of the statute was not unanimous among the circuits and in Lora, the Court resolved the circuit split and held that the consecutive-sentence mandate in § 924(c)(1)(D)(ii) does not apply to § 924(j) sentences. Lora, 599 U.S. at 463–64. Rather, the

district court has discretion to impose a sentence under § 924(j) concurrently with another sentence. Id. at 464.

### III.

After Davis was sentenced, his appellate attorney, Anthony Anderson, raised two issues in his opening brief on appeal.[4] First, he argued that the Pinkerton doctrine violated Davis's due process rights, and, as a corollary, argued that the Pinkerton doctrine should be abrogated after Rosemond v. United States, 572 U.S. 65 (2014), and Apprendi v. New Jersey, 530 U.S. 466 (2000).[5] Second, he argued that the district court erred in denying Davis's request for a withdrawal instruction regarding the conspiracy alleged in the indictment. Corrected Br., ECF No. 53 in United States v. Marcus Davis, No. 20-4504 (4th Cir. filed Oct. 5, 2020).

On December 27, 2022, Davis filed a pro se letter with Fourth Circuit pursuant to Fed. R. App. P 28(j), in which he argued that the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022), decided on June 21, 2022, required that his convictions on 18 U.S.C. §§ 924(c) and 924(j) be vacated. Letter of Suppl. Authorities, ECF No. 67 in Davis, No. 20-4504.[6] On September 6, 2023, the court ordered supplemental briefing on the issue raised by Taylor, i.e., whether Davis's conviction for use of a firearm during a violent crime, attempted murder, must be reversed after Taylor. The parties filed supplemental briefs. Id. at

---

[4] Anderson also represented Davis at trial, along with another attorney.

[5] In Pinkerton v. United States, 328 U.S. 640 (1946), the Supreme Court held that members of a conspiracy are liable for acts of their co-conspirators when the co-conspirators act in furtherance of the unlawful project.

[6] Rule 28(j) provides the following: Citation of Supplemental Authorities. If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited.

ECF Nos. 75, 76. On November 7, 2023, the court placed the case in abeyance, pending the decision in United States v. Lassiter, No. 22-4147, which had been orally argued on October 25, 2023. Id. at ECF No. 77. On April 23, 2024, the court issued its unpublished, per curiam opinion affirming Davis's conviction. Id. at ECF No. 79.

Davis contends that Anderson provided ineffective assistance because he did not file a Rule 28(j) letter with the Fourth Circuit after Lora was decided to argue that Davis's conviction under 18 U.S.C. § 924(j) was not required to be served consecutively to any other sentence. As an initial matter, the fact that Anderson did not raise the issue in his opening brief for Davis did not preclude him from raising it in a supplemental brief after Lora was decided. "'[W]hen an intervening decision of this Court or the Supreme Court affects precedent relevant to a case pending on direct appeal, an appellant may timely raise a new argument, case theory, or claim based on that decision while his appeal is pending without triggering the abandonment rule.'" United States v. Smithers, 92 F.4th 237, 247, 2024 WL 390104 (4th Cir. 2024) (quoting United States v. White, 836 F.3d 437, 443–44 (4th Cir. 2016) abrogated on other grounds by United States v. Stitt, 586 U.S. 27, 29 (2018)). However, because Davis did not raise the issue at trial, it would have been subject to plain error review rather than harmless error review. Greer v. United States, 593 U.S. 503, 507 (2021); Puckett v. United States, 556 U.S. 129, 135 (2009).

As set forth above, the court need not determine whether Anderson's decision to not pursue a claim based on Lora fell below an objective standard of reasonableness if the record shows that Davis did not suffer prejudice as a result of the alleged deficient performance. Strickland, 466 U.S. at 697. To show that the decision not to raise Lora on appeal caused him

prejudice, Davis must show a reasonable probability that but for counsel's unreasonable decision, Davis would have prevailed on appeal. Robbins, 528 U.S. at 185. Davis cannot make that showing here.

The 27-year sentence imposed in this case was not driven by the court's belief that the sentence for violating § 924(j) had to be imposed consecutively to any other sentence. The court made clear at sentencing that it found a sentence of 27 years to be sufficient, but not greater than necessary, under the 18 U.S.C. § 3553(a) factors. Sent. H'r'g Tr., ECF No. 1433 at 97–112. The court commented that it thought "a sentence of 27 years in this case, 324 months, is sufficient but not greater than necessary," id. at 111, and "[b]ased on everything I've learned about this case, all the facts as articulated by the government, as articulated by the defendants, I believe a total sentence of 324 months is sufficient but not greater than necessary in this case[.]" Id. at 112. The court explained how it was structuring the sentence:

> This is what I'm going to do, then: 27-year sentence. I'm imposing seven years on Count One. I am imposing ten years on Count Eleven, to run consecutive to Count One. I am imposing seven years on Count Twelve, to run concurrent with all other sentences on all other counts. And I'm imposing ten years on Count Thirteen, to run consecutive to all other counts. So seven on One; seven on Twelve, concurrent; ten year consecutive on Eleven; ten year consecutive on Thirteen, to run -- so for a total of 324 months, 27 years.

Sent. H'r'g Tr., ECF No. 1433, at 113.

In addition, the court was aware that unlike § 924(c), § 924(j) carried no mandatory minimum sentence. Id. at 112–13. Thus, when the court sentenced Davis on Count 11, it had the option of sentencing him to "imprisonment for any term of years or for life" under § 924(j), with the understanding that the term had to be served consecutively to any other term.

The court sentenced Davis to 10 years on Count 11, but could have sentenced him to a shorter sentence, still imposed consecutively, had it chosen to do so, which is further indication that the 27-year sentence was not driven by the consecutive nature of the sentence imposed on the § 924(j) conviction.

Had the Fourth Circuit assessed on appeal a claim that Davis's sentence would have been different after Lora, it would have done so under the plain error standard. To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements: (1) there was an error; (2) the error was plain; and (3) the error affected substantial rights. Greer, 593 U.S. at 507. To show the error affected substantial rights, a defendant generally must show there is a reasonable probability that but for the error, the outcome of the proceeding would have been different. Rosales-Mireles v. United States, 585 U.S. 129, 134–35 (2018) (citations omitted). If the first three conditions are met, the appellate court then must determine whether the error had a serious effect on the fairness, integrity, or public reputation of the judicial proceedings. Greer, 507–08 (citations omitted).

Given the record in this case, the options this court had before it notwithstanding its pre-Lora interpretation of § 924(j), and the court's unequivocal comments that it found a 27-year sentence to be appropriate in the case, Davis cannot show that the appellate court would have found that any error affected his substantial rights as he could not show that but for the error based on Lora, the outcome of the proceeding would have been different. Nor could Davis have shown that the purported error had a serious effect on the fairness, integrity, or public reputation of the judicial proceeding. Rather, the record supports the conclusion that the court would have imposed a 27-year sentence even if had not believed that it was required

to impose the sentence on the § 924(j) conviction consecutively to the other sentences. Therefore, Davis cannot show that Anderson's decision not to pursue the Lora claim resulted in prejudice to him. As he cannot make a showing of prejudice under Strickland, his motion must be **DENIED.**[7]

## IV.

Based on the foregoing, the court **DENIES** Davis's petition for relief under § 2255, ECF No. 1588, and **GRANTS** the government's motion to dismiss, ECF No. 1600. The court also **DENIES** Davis's request for an evidentiary hearing. Because Davis has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

An appropriate Order will be entered.

It is so **ORDERED**.

---

[7] Following Lora, other courts have reached the same conclusion, whether considering the issue in the context of a § 2255 petition or a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. Polanco, No. 16 Cr. 826 (PAE), 2025 WL 562590, *7 (S.D. N.Y. Feb. 20, 2025)("The sentencing record leaves no doubt that the aggregate sentence would have been the same had the Court chosen not to run the § 924(j) sentence consecutively, i.e., the Court would have imposed that aggregate sentence by a different combination of sentences on particular counts."); United States v. Chambliss, No. 09-CR-274-2 (CS), 2026 WL 2137767, *3 (S.D. N.Y. July 24, 2026)("[T]he record is clear that Defendant would have gotten the same sentence regardless of the Lora error, as the total sentence of 45 years was not driven by the belief that a 25-year consecutive sentence on Count Eleven was mandatory. . . . In other words, I determined that 45 years was sufficient but not greater than necessary, and constructed an interdependent sentencing package to reach that result."); United States v. Temple, No. 4:15-CR-00230-JAR-1, 2024 WL 462018, *2 (E.D. Mo. Nov. 5, 2024)("Even were the Court to reconsider the offenses without the [pre-Lora] stacking mandate, the Court would nonetheless impose the same sentence based on the relevant factors."); United States v. Battle, No. 2:15-CR-124-PPS-JEM, 2024 WL 4589670, *3 (N.D. Ind. Oct. 28, 2024)("But it's enough to say that I remain entirely comfortable with the sentence I imposed . . . ."); United States v. Draper, No. 3:12-cr-00004-MMD-CSD, 2024 WL 4007198, *2 (D. Nev. Aug. 30, 2024)("But as the government correctly points out, even if the Court had discretion to impose a concurrent sentence, the Court would not have imposed a different sentence."); United States v. Young, No. 17-CR-364-21 (CS), 2024 WL 3184977, *2 (S.D. N.Y. June 26, 2024)("I thus may consider the Lora decision in determining the extent of a reduction, pursuant to U.S.S.G. § 1B1.13(c), but it does not influence that decision here, both because I find that the § 3553(a) factors militate against any reduction, as discussed below, and because I would have given Defendant a total of fifteen years (the agreed-upon sentence) whether or not the firearms sentence had to be consecutive.").

Entered: 09/18/2026

Michael F. Urbanski
Senior United States District Judge